UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:26-cv-10842-JEK |
| ) | |
| FEDEX OFFICE AND PRINT SERVICES, ) | |
| INC., FEDEX CORPORATION, and ) | |
| ERIC DOE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S AND DEFENDANT FEDEX CORPORATION'S MOTION TO DISMISS**

By accompanying Motion, Defendants FedEx Office and Print Services, Inc. ("FedEx Office") and FedEx Corporation ("FedEx Corp.") seek an order dismissing Plaintiff Andre Bisasor's Complaint and Demand for Jury Trial (the "Complaint").[1] Specifically, FedEx Corp. seeks dismissal of the Complaint with respect to FedEx Corp. pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, because the Court lacks personal jurisdiction over FedEx Corp., and both Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(6), because Bisasor has failed in the Complaint to state a claim on which relief can be granted.

As explained below, FedEx Corp. is the corporate parent of Federal Express Corporation ("FedEx Express"), which in turn is the corporate parent of FedEx Office. FedEx Corp. is a Delaware corporation with its headquarters in Tennessee. Accordingly, this Court lacks personal jurisdiction over FedEx Corp. in this action, including because (1) the only federal statue under which Plaintiff sues, 42 U.S.C. § 1981, does not provide for nationwide service of process; and

---

[1] FedEx Office and FedEx Corp. are referred to collectively below as "Defendants." The third named Defendant ("Eric 'Doe'") has not been served with process in the action. *See* ECF No. 1-4 (Exh. 4 to Defendant's Notice of Removal).

(2) FedEx Corp. does not have contacts with Massachusetts sufficient for general or specific jurisdiction, or jurisdiction under the Massachusetts "long arm" statute.

Further, based on the allegations of the Complaint, all of the purported causes of action that Mr. Bisasor (who is proceeding *pro se* in this action) has attempted to assert in the Complaint are barred by the applicable statutes of limitations. In addition, with respect to several of the purported causes of action asserted—specifically, the claims for breach of contract and breach of the implied covenant of good faith and fair dealing in Counts 2 and 4—Mr. Bisasor has failed to allege facts sufficient to state a claim for relief. Accordingly, the Court should enter an order dismissing the Complaint for failure to state a claim on which relief can be granted.

## Factual Background[2]

On an unspecified date, Plaintiff Andre Bisasor and his wife "were induced by FedEx" to register for personal and business accounts, "including entering into contracts." *See* Complaint (ECF Doc. No. 1-1) at ¶ 56. In the alleged "contract, FedEx promised that '***your account number gives you convenient access to the quality services you need. Use your account number for purchases online or at more than 1,900 FedEx Office locations, including hundreds that operate 24 hours a day, 7 days a week***." *See id.* (emphasis in Complaint). According to the Complaint, "FedEx also promised further added benefits" such as, "**registering preferences and contact information, saving documents to FedEx online platform, tracking orders and re-orders, opting to receive further promotions/updates, earn MyFedEx Rewards.**" *See id.* at ¶ 57 (emphasis in Complaint).

---

[2] In an effort to provide the Court with the factual background for Defendants' Motion, certain allegations made in the Complaint are recited here and below. For purposes of this Motion only, Defendants assume the truth of those allegations. The recitation of those allegations here is not, however, a concession or admission that Plaintiff's allegations are true or meritorious, and it should not be understood as an acceptance of their veracity for any other purpose.

On or about February 4, 2019, Bisasor allegedly visited a FedEx Office store located at 187 Dartmouth St., Boston, MA 02116, to purchase printing, copying, and shipping services. *See* Complaint (ECF Doc. No. 1-1) at ¶¶ 58, 60. Bisasor was one of two customers present in the store at the time; the other customer was, according to the Complaint, a white male. *See id.* at ¶ 62. While Bisasor completed his copying project, an employee of the FedEx Office store (referred to in the Complaint as "Eric 'Doe,'" and referred to below as "Doe") asked the white customer whether he needed assistance. *See id.* at ¶ 63. Doe then approached Bisasor and told him that he was not allowed to loiter in the store and, therefore, had to leave. *See id.* at ¶¶ 64-65. Bisasor explained to Doe that he was not homeless, that he was working on a large project, and that he was there to purchase printing, copying, and shipping services in connection with that project. *See id.* at ¶¶ 65-66. Bisasor then "raised concerns to Doe directly, that Doe was discriminating against [Bisasor] because of his race. *See id.* at ¶ 68. Doe, according to the Complaint, "was non-responsive to [Bisasor]'s concerns, and visibly became upset and agitated, and then walked off." *See id.* Thereafter, Bisasor alleges, Doe "engaged in a series of retaliatory and hostile acts intended to drive the plaintiff out of the store." *See id.* at ¶ 69.

Bisasor returned to the same FedEx Office store on February 5, 2019 (in the evening) and stayed there through the early morning of February 6, 2019 "to complete the large printing and copying project that [he] had been working on." *See* Complaint (ECF Doc. No. 1-1) at ¶ 70. While Bisasor was in the FedEx Office store on February 5 and 6, 2019, Doe allegedly (1) turned the temperature down in the store, (2) ran the vacuum cleaner and left it unattended near Bisasor, and (3) cleaned the cubicle area near where Bisasor and his wife (who had joined him) "were working on their printing/copying project." *See id.* at ¶¶ 72-74. In addition, Doe allegedly refused to assist Bisasor and his wife with the copying machine. *Id.* at ¶ 76. Finally, as Bisasor

3

was leaving the FedEx Office store with his files, Doe allegedly "hurled hostile expletives at [Bisasor] and also called Bisasor extremely offensive derogatory slurs and discriminatory epithets,"[3] and then (once Bisasor had left) locked the door, thus "preventing [Bisasor] from re-entering the store while [he] was loading his vehicle and while in the process of leaving." *See id*. at ¶¶ 80-81, 85. Subsequently, Bisasor allegedly contacted "FedEx's corporate office" and "the local FedEx store" to complain about Doe's alleged conduct; "on information and belief," however "the FedEx corporate office," the store, and the store manager took no action and did not impose discipline on Doe. *See id.* at ¶¶ 94-96.

### Facts Relevant to the Court's Jurisdiction Over FedEx Corp.

Bisasor alleges, in a boilerplate manner and on "information and belief," that FedEx Corp. owns and operates retail locations in Massachusetts. *See* Complaint (ECF Doc. No. 1-1) at ¶ 17. Plaintiff also alleges that FedEx Corp. is registered with the Massachusetts secretary of state and has appointed an agent for service of process in Massachusetts. *See id* at ¶¶ 13-14. However, as the Complaint acknowledges, FedEx Corp. is a Delaware Corporation with its principal place of business in Tennessee. *See id* at ¶ 12. Plaintiff alleges that both specific and general personal jurisdiction exist on account of FedEx Corp.'s alleged business activities in Massachusetts. *See id.* at ¶¶ 37-39.

FedEx Corp. is indeed incorporated in the State of Delaware, and has its corporate headquarters, from which FedEx Corp.'s officers direct, control, and coordinate its activities and business operations, in Memphis, Tennessee. *See* Declaration of Brandon Waits filed and served herewith, ("Waits Dec.") ¶¶ 4-5. FedEx Corp is the parent corporation (and owner of 100% of

---

[3] Bisasor omits the substance of Doe's alleged statements from his Complaint. *See* Complaint (ECF Doc. No. 1-1) at ¶¶ 80-81, 85.

4

the stock of) Federal Express Corporation, which in turn is the corporate parent (and owner of 100% of the stock of) FedEx Office. *See* Waits Dec. ¶ 6.

FedEx Corp. does not have, and has not at any time since January 1, 2013 to the present, had any offices or operations in Massachusetts. *See* Waits Dec., ¶ 7. Nor has FedEx Corp. or its personnel had any involvement in the operation of FedEx Office's retail locations in Massachusetts, in the supervision of employees working at such retail locations, or in the provision of services to customers at such locations. *See* Waits Dec., ¶¶ 8-9.

At all times since January 1, 2013 to the present, FedEx Office has maintained its own policies and procedures regarding customer services in Massachusetts, including those relating to anti-discrimination laws and other legal requirements. *See* Waits Dec., ¶ 10. At all such times, FedEx Corporation has provided no services to, or taken any direct payments from, customers in the Commonwealth of Massachusetts. *See id.*, ¶ 11.

## **Procedural Background**

On or about May 19, 2023, Bisasor filed this action in the Superior Court of Massachusetts, County of Suffolk. *See* Complaint (ECF No. 1-1). In his Complaint, Bisasor asserted eight purported causes of action against FedEx Office, FedEx Corporation and Doe, as follows: violation of 42 U.S.C., § 1981 (Count 1); breach of contract (Count 2); breach of implied contract (Count 3); breach of the covenant of good faith and fair dealing (Count 4); unjust enrichment (Count 5) intentional infliction of emotional distress (Count 6); violation of the Massachusetts Equal Rights Act (Count 7); and violation of the Massachusetts Public Accommodation Law (Count 8). *See id.* at ¶¶ 143-298. On January 23, 2026—after an initial dismissal (later vacated) for failure to timely serve process on the Defendants or Doe, and several extensions of the Superior Court's deadline for completing service of process, Bisasor caused

process to be served on FedEx Office through its agent for service of process. On February 12, 2026, FedEx Office removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), and 1446.[4] *See* Notice of Removal (ECF Doc. No. 1) at 1-2.

## **Legal Standard**

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Argueta v. City of Revere*, Civil Action No. 09-10268-RGS, 2009 WL 2462622, at *1 (D. Mass Aug 11, 2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 557, 559 (2007)); *see Morales-Cruz v. University of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012) ("Plausibility is the touchstone by which the sufficiency of the complaint is gauged."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint does not "suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombley*, 550 U.S. at 555, 557).

When applying the plausibility standard, the Court "first must separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz*, 676 F.3d at 224. The factual allegations that remain "must be enough to raise a right of relief above the speculative level"—and if those allegations are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Twombly*, 550 U.S. at 555, *Morales-Cruz*, 676 F.3d at 224 (quoting *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)). A motion to dismiss under rule 12(b)(6) is an appropriate vehicle for raising a statute of limitations defense. *See, e.g.*, *Ora Catering, Inc. v. Northland Ins. Co.*, 57 F.

---

[4] FedEx Corp. has consented to removal. *See* Notice of Removal (ECF Doc. No. 1) at ¶ 20.

Supp. 3d 102, 107; *see also Holder v. Boston Police Dep't*, Civil Action No. 20-10656-RGS, 2020 WL 2747855, at *1 n.2 (D. Mass. May 27, 2020) (holding that "[t]he statute of limitations is an affirmative defense and not a jurisdictional bar, hence it is properly analyzed under Rule 12(b)(6) and not Rule 12(b)(1)"); *accord Epstein v. Seigel*, 396 Mass. 278, 279 (1985).

With respect to the jurisdictional issue, Bisasor (as the Plaintiff) bears the burden of proving that this Court has jurisdiction over FedEx Corp., including personal jurisdiction. *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). Bisasor must proffer evidence sufficient to support findings of "all facts essential to personal jurisdiciton" and may not rely on allegations in the Complaint. *Id*.

## Argument

I. **The Court does not have jurisdiction over FedEx Corp.**

  A. **The presence of a federal claim (42 U.S.C. § 1981) does not establish personal jurisdiction over FedEx Corp.**

In a case involving a federal claim, nationwide jurisdiction can be established based on a defendant's contacts with the United States of America as a whole, if consistent with the due process clause of the Fifth Amendment to the United States Constitution, but only if the federal statute at issue contains a nationwide service of process provision. Fed. R. Civ. P. Rule 4(k)(1)(C). *K.O. v. Sessions,* 436 F.Supp.3d 442, 448 (D. Mass. 2020). There is no such provision in 42 U.S.C. § 1981. *See* 42 U.S.C. § 1981. Accordingly, any exercise of personal jurisdiction in this action must be based on state law, namely the Massachusetts "long arm" statute, and only if consistent with the due process requirements of the Fourteenth Amendment to the United States Constitution as they are applied to the exercise, where general jurisdiction is absent, of specific personal jurisdiction. *K.O., supra*, 436 F.Supp.3d at 448; *A Corp., supra* 812 F.3d at 58.

**B.     This Court has no general jurisdiction over FedEx Corp.**

Exercise of personal jurisdiction by a Court must be either general, or specific. *See International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). General jurisdiction, when present, allows a U.S. District Court to hear any and all claims against a defendant regardless of where those claims arise from. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Such jurisdiction is restricted to cases where the defendant is incorporated in the forum state, has its principal place of business there, or where it's contacts with the forum state are so "continuous and systematic" that it is effectively "at home" in that state. *Id* at 127. The forum state contacts of a corporation's subsidiary may *not* be attributed to that corporation in determining whether such jurisdiction exists, unless there is "clear evidence" that the subsidiary is so dominated by the parent as to essentially be its *alter ego*. *Id* at 134-135; *Hadjuk v. Amada Co.*, No. 12-11272, 2013 U.S. Dist. LEXIS 202470, at *14-*15 (D. Mass. Oct. 11, 2013). Under Massachusetts law, the separateness of a parent and subsidiary may additionally only be disregarded when there is (a) "pervasive control" as well as "some fraudulent or injurious consequence of the intercorporate relationship" or (b) "there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting." *Hadjuk*, 2013 U.S. Dist. LEXIS 202470, at *15, citing *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614 (Mass. 1968).

Here, FedEx Corp., the corporate parent of FedEx Office, is not domiciled in Massachusetts, but rather is domiciled in Tennessee and in Delaware. Waits Dec., ¶¶ 4-5. To wit, FedEx Corp. is incorporated in Delaware, and has its corporate headquarters, where its high-level executives control its activities, in Tennessee. *Id*. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80

(2010) (interpreting "principal place of business" to mean "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities").

And, there is no evidence, indeed not even an allegation, that FedEx Corp. exercises such control over FedEx Office that the companies are effectively "alter egos" of each other. *See Hadjuk*, 2013 U.S. Dist. LEXIS 202470, at *14-*16. Additionally, FedEx Corp. is not even the direct parent of FedEx Office, rather FedEx Office's corporate parent is Federal Express Corporation, whose corporate parent is FedEx Corp. Waits Decl., ¶ 6.

**C.     There is no basis for specific personal jurisdiction over FedEx Corp.**

Because general jurisdiction is not present here, this Court may only exercise jurisdiction over FedEx Corp. if there is a basis for "specific" personal jurisdiction, which requires a determination that such jurisdiction is permissible under *both* the Massachusetts "long arm" statute *and* the due process clause of the Fourteenth Amendment to the United States Constitution. *K.O., supra*, 436 F.Supp.3d at 448-449, citing *Bluetarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 79-80 (1st Cir. 2013).

> *1.     The Massachusetts Long-Arm Statute does not allow personal jurisdiction over FedEx Corp.*

Massachusetts' long-arm statute provides as follows, in pertinent part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in the commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

9

Mass. Gen. L. ch. 223A § 3(a)-(d)[5]. As is set forth above, such statute provides no basis for personal jurisdiction over FedEx Corp., which has no operations in Massachusetts, receives no payments from customers in Massachusetts, and does not provide or contract to provide goods or services in Massachusetts. *See* Waits Dec., ¶¶ 7-11. By contrast, to the extent Plaintiff's claims "arise from" customer services at a FedEx Office location in Massachusetts, such services were provided by FedEx Office, not by FedEx Corp. *See id*.

        2.    *The Fourteenth Amendment bars personal jurisdiction over FedEx Corp.*

Exercise of personal jurisdiction must not violate the due process clause of the Fourteenth Amendment to the U.S. Constitution, which means that "[t]his Court may exercise personal jurisdiction over nonresident defendants only when doing so will not offend traditional notions of fair play and substantial justice." *K.O., supra*, 436 F.Supp.3d at 448-9 (internal quotations and citations omitted). Accordingly, the Court may only exercise such jurisdiction over FedEx Corp. if the following three requirements are satisfied: (1) the claim must arise from FedEx Corp.'s in-state activities ("relatedness"); (2) FedEx Corp. must have purposefully availed itself of the benefits and protections of the forum state's laws ("purposeful availment") in a manner such that FedEx Corp. "could reasonably anticipate being hailed into court" there; and (3) the exercise of specific personal jurisdiction must be reasonable under the circumstances. *K.O., supra*, 436 F.Supp.3d at 450-451. In determining the last element of reasonableness, the Court should consider FedEx Corp.'s burden of appearing, Massachusetts' interest in adjudicating the dispute, the Plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest

---

[5] The statute's provisions regarding real property, insurance contracts, and family law matters are unrelated to the subject matter of this action. *See* Mass. Gen. L. ch. 223A § 3(e)-(h).

in obtaining the most effective resolution of the controversy, and the "common interests of all sovereigns in promoting substantive social policies." *Id.* at 451-452.

None of these three elements are present. Plaintiff's claim arises from the alleged forum-state activities of FedEx Office, not of FedEx Corp.; namely, it is FedEx Office, not FedEx Corp., that engages with customers in Massachusetts and operates retail locations there. Waits Dec., ¶¶ 7-11. FedEx Corp. has no operations in Massachusetts, receives no payments from customers in Massachusetts, and does not provide or contract to provide goods or services in Massachusetts. Waits Dec., ¶¶ 7-8. Accordingly, in no sense could it be said that FedEx Corp. reasonably anticipated being sued in Massachusetts, or that it would be reasonable to exercise jurisdiction over FedEx Corp. in a dispute involving alleged services provided by FedEx Office to one of its customers there. *See K.O., supra*, 436 F.Supp.3d at 450-451.

Further, as to the factors governing reasonableness, two simple facts dominate the analysis and dictate the outcome: (1) FedEx Corp. is headquartered in Tennessee and has no operations in Massachusetts, and accordingly litigating a case in Massachusetts will necessarily involve undue burden and expense; and (2) there is already another defendant in this case, FedEx Office, which Plaintiff actually had an alleged customer relationship with and who has appeared in the action. There is simply no reasonable justification for allowing Plaintiff to pursue his claims against FedEx Corp. in this Court. *See K.O., supra*, 436 F.Supp.3d at 452.

And, as with general jurisdiction, specific jurisdiction may not be imputed to FedEx Corp. based merely on the fact that it is the parent corporation of FedEx Office. *See Hadjuk*, 2013 U.S. Dist. LEXIS 202470, at *14-*16. Plaintiff has provided no proof, let alone the required "clear evidence" to overcome the presumption that FedEx Corp. and FedEx Office are separate entities for purposes of jurisdiction. *See id.*

**II.     All of the claims for relief that Bisasor has asserted in his Complaint are barred by the applicable statutes of limitations.**

As noted above, Bisasor asserts eight alleged causes of action against Defendants (and their un-served co-defendant, "Eric 'Doe'") in the Complaint. He has failed to state a claim on which relief can be granted with respect to any of those causes of action, however, because he has failed to assert them within the time required by the applicable statutes of limitations. Accordingly, all eight causes of action must be dismissed pursuant to Rule 12(b)(6).

**A.     Bisasor's federal and state statutory claims, in Counts 1, 7, and 8 of the Complaint, are untimely.**

Each of Bisasor's statutory claims are time-barred under the applicable statute of limitations. For example, Bisasor's claim in Count I of the Complaint for discrimination and retaliation in violation of 42 U.S.C. § 1981 is subject to a four-year limitations period. *See* 28 U.S.C. § 1658(a). Based on the allegations of the Complaint, that cause of action accrued on or about February 6, 2019—when the alleged unlawful act crystallized and had a tangible effect on Bisasor, and Bisasor had notice of both the act and its "invidious etiology." *See Das v. Lowell Five Cent Sav. Bank*, 801 F. Supp. 3d 45, 54 (D. Mass. 2025). Thus, the limitations period expired on February 6, 2023—more than three months before Bisasor filed this action (on May 19, 2023) in the Superior Court—and the cause of action is untimely.

Bisasor's claims under the Massachusetts Equal Rights Act and Massachusetts Public Accommodation Law are similarly stale. Those claims were subject to a three-year limitations period, which began running on February 6, 2019, and expired on February 6, 2022—more than a year before Bisasor filed this action. *See* Mass. G.L. c. 260, § 5B. Because Bisasor filed his Complaint well outside of the applicable limitations periods that apply to his state and federal statutory claims, those claims (in Counts 1, 7, and 8 of the Complaint) must be dismissed for failure to state a claim upon which relief can be granted.

**B.     Bisasor's breach of contract, breach of the covenant of good faith and fair dealing, and related equitable claims in Counts 2-5 of the Complaint are also untimely.**

Bisasor's claims for breach of contract (Count 2); breach of implied contract (Count 3); breach of the covenant of good faith and fair dealing (Count 4); and unjust enrichment (Count 5) are similarly time-barred. In Massachusetts, "[a]ctions of contract, other than those to recover for personal injuries" are generally governed by a six-year statute of limitations. M.G.L. c. 260, § 2. However, the shorter three-year statutory period for tort claims applies to contract claims, such as Bisasor's, where the gravamen of the complaint is that the defendant caused the plaintiff a personal injury. *Seifer v. Government Employees Ins. Co.*, 530 F. Supp. 3d 123, 126 (D. Mass 2021) (citing *Callahan v. Wells Fargo & Co.*, 747 F. Supp. 2d 247, 252 (D. Mass. 2010)), *aff'd*, No. 21-1371, 2022 WL 1538276 (1st Cir. May 13, 2022). Claims for unjust enrichment are similarly subject to either the six-year contract or three-year tort statute of limitations, depending on whether the "essential nature" of the claim lies in contract or in tort. *See Sentinel Prods. Corp. v. Mobile Chem. Co.,* No. CIV. A. 98-11782-PBS, 2001 WL 92272, at *23 (D. Mass. Jan. 17, 2001) (*citing Desmond v. Moffie,* 375 F.2d 742, 743 (1st Cir.1967).

To determine whether the three-year or six-year limitations period applies, courts look to the "essential nature" of the plaintiff's claim. *See id*. In this case, Bisasor's allegations and alleged damages focus on alleged harm related to emotional distress, and other physical damages such as stress, loss of sleep, emotional upset, and anxiety purportedly caused by Defendants' alleged conduct. These clearly are personal injuries within the meaning of G.L. c. 260, § 2A, and the three-year limitations period therefore applies. *See Ingalls v. Adams Cmty. Bank*, No. CV 19-30006-MGM, 2020 WL 3722317, at *9 (D. Mass. Mar. 25, 2020) (applying three-year limitations period to plaintiff's breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment claims where plaintiff sought compensatory damages for the

13

humiliation, emotional distress, damage to reputation and other damages caused by the defendants' conduct); *see also Seifer*, 530 F. Supp. 3d at 126. (applying three-year statute of limitations to breach of contract claim where plaintiff's alleged damages focused on pain, suffering and inability to pursue her profession because of said suffering). In addition, where (as here) the plaintiff's claims sounding variously in tort and contract are premised on a common factual nucleus, courts have made clear that limitation statutes should apply equally to similar facts regardless of the form of the proceeding. *Ingalls v. Adams Cmty. Bank*, No. CV 19-30006-MGM, 2020 WL 3722317, at *9 (D. Mass. Mar. 25, 2020).

Accordingly, the limitations period on Bisasor's claims for breach of contract (Count 2), breach of implied contract (Count 3), breach of the covenant of good faith and fair dealing (Count 4), and unjust enrichment (Count 5) expired on February 6, 2022, more than one year prior to his filing of the instant action, and must be dismissed.

    **C.**    **Bisasor's claim in Count 6 for Intentional Infliction of Emotional Distress is untimely and must be dismissed.**

Finally, Bisasor's claim for intentional infliction of emotional distress must be dismissed as untimely. Under Massachusetts law, claims for intentional infliction of emotional distress are subject to the three-year statute of limitations for tort claims set forth under Mass. Gen. Laws ch. 260, § 2A. *See, e.g.*, *Shepardson v. American Family Life Assurance Co. of Columbus*, 525 F. Supp. 3d 210, 215 (D. Mass. 2021) (citing Mass. G.L. c. 260, § 2A and *Pagliuca v. City of Boston*, 35 Mass. App. Ct. 820, 824 (1994)). According to the Complaint, Bisasor's claim for intentional infliction of emotional distress is based on alleged "injuries" that "were the direct and proximate result" of Doe's allegedly "extreme" and outrageous conduct towards him during the period from February 4-6, 2019. *See* Complaint (ECF Doc. No. 1-1) at ¶¶ 261-264; *see also Shepardson*, 525 F. Supp. 3d at 215-16 (holding that intentional infliction of emotional distress

14

claim accrues "'[w]hen an injury becomes manifest'") (quoting *Pagliuca*, 35 Mass. App. Ct. at 824). Thus, as with his contract and state statutory claims, Bisasor filed his May 19, 2023 Complaint more than a year after the limitations period had expired.

**III.  Bisasor has failed to allege facts sufficient to state a claim on which relief can be granted for breach of contract, and for breach of the covenant of good faith and fair dealing. Thus, even if those claims were not barred by the statute of limitations, they would be subject to dismissal under Rule 12(b)(6).**

To prevail on his claim for breach of contract against Defendants, Bisasor must demonstrate (1) the existence of a valid, binding contract; (2) the terms of which Defendants breached; (3) which breach caused Bisasor to suffer damages. *Haglund v. Estee Lauder Companies, Inc.*, 466 F. Supp. 3d 292, 298 (D. Mass. 2020). To survive a motion to dismiss, he must do more than allege, in a conclusory manner, that Defendants breached a contractual duty. *Id.* Instead, he must describe with "substantial certainty," the specific contractual promise that Defendants breached. *Id.* Bisasor is unable to meet this burden.

Bisasor appears to allege that Defendants breached the terms of "contracts" for personal and business accounts, pointing to language allegedly contained in "such contract[s]" stating that "your account number gives you convenient access to the quality services you need. Use your account number for purchases online or at more than 1,900 FedEx Office locations, including hundreds that operate 24 hours a day, 7 days a week," and promising "added benefits" such as "registering preferences and contact information, saving documents to FedEx online platform, tracking orders and re-orders, opting to receive further promotions/updates, earn MyFedEx Rewards." *See* Complaint (ECF Doc. No. 1-1) at ¶¶ 56-57 (emphasis omitted); *see also id.* at ¶¶ 111-112. However, Bisasor does not specifically identify the party to the alleged contract or plead any facts suggesting that Defendants breached any of the terms of such a contract. *See id.* at ¶¶ 1-306. He does not, nor can he, claim that Defendants prevented him from using his

15

account number as provided for in the language he cites. Nor does he allege that Defendants prevented him from registering his preferences, saving his documents, tracking orders, receiving promotions, or earning MyFedEx Rewards. *See id.* Quite simply, Bisasor has not alleged any facts suggesting that FedEx Office deprived him any of the benefits provided for in the language he cites to.

Apparently recognizing this failing, Bisasor seeks to manufacture facts to demonstrate a breach of a contractual promise by asserting that Defendants failed to comply with a series of written policies maintained on a website allegedly associated with one or both of the Defendants. *See* Complaint (ECF Doc. No. 1-1) at ¶¶ 98, 100-105. As a preliminary matter, Bisasor does not allege that the policies he cites to, such as the "Equal opportunity and anti-harassment policy," even applied to him as a customer. Even if they did, however, Bisasor alleges no facts indicating that any of those policies were in fact a "contract" between the parties. Specifically, he has made "no presentation of the terms of the contract, its duration," what obligations the contract imposed on each of the parties, "or even when it was formed." *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996) (affirming the district court's order dismissing plaintiff's breach of contract claim for failure to "state the nature of the contract with any specificity"); *see also Wood v. Bank of Am., N.A.*, Civil Action No. 24-cv-11430-DJC, 2025 WL 894650, at *5-6 (D. Mass. March 24, 2025) (allowing defendant's motion to dismiss plaintiff's claim for breach of a financing agreement where plaintiff had failed to attach a copy of the alleged contract to the complaint or to provide a description of its terms, duration, the obligations is imposed on each of the parties, "'or even when it was formed'") (quoting *Doyle*, 103 F.3d at 195)).

Further, Bisasor does not allege any facts suggesting that the personal or business accounts contained any promises or guarantees concerning the application or enforcement of

those policies or otherwise sought to incorporate the policies he cites into the four corners of any alleged contract between either Defendant and Bisasor. *See* Complaint (ECF Doc. No. 1-1) at ¶¶ 1-306. Instead, Bisasor simply asserts that "FedEx knows that the written policies do not enforce themselves. FedEx and FedEx Office's policies promised to protect the plaintiff and his wife from discrimination and retaliation…. FedEx and FedEx Office breached its promise to protect plaintiff and his wife from discrimination and retaliation." *See id.* at ¶ 106.

In sum, Bisasor's failure to plead any facts suggesting that Defendants breached the terms of any alleged contract associated with his personal or business accounts is fatal to his breach of contract claim and cannot be resuscitated by his bare assertions that select policies are contracts. Accordingly, Bisasor's breach of contract claim must also be dismissed for failure to plead facts suggesting a plausible entitlement to relief. *See Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 55 (D. Mass. 2015), *aff'd*, 865 F.3d 1 (1st Cir. 2017) (dismissing claim for breach of contract where the complaint did not actually allege that the contract was breached or that plaintiff had not received the benefit of the bargain).

For similar reasons, Bisasor's claim for breach of the covenant of good faith and fair dealing must also be dismissed. A covenant of good faith and fair dealing is implied in every contract. *Shaulis v. Nordstrom, Inc.*, 120 F. Supp. 3d 40, 54 (D. Mass. 2015). To state a claim for breach of the covenant of good faith and fair dealing, a complaint need not allege the breach of an express contract term. *See Speakman v. Allmerica Financial Life Ins.*, 367 F. Supp. 2d 122, 132 (D. Mass. 2005). It must, however, allege facts showing that the defendant acted in bad faith to unfairly leverage contract terms for undue economic advantage. *Blake v. Pro. Coin Grading Serv.*, 898 F. Supp. 2d 365, 389 (D. Mass. 2012). The scope of the covenant is limited, furthermore, and it may not be invoked to create rights or benefits not contemplated by a contract

17

or contractual relationship. *See Shaulis*, 120 F. Supp. 3d at 54. And under Massachusetts law, a claim for breach of the implied covenant of good faith and fair dealing can lie only where there exists a binding contract. *Haglund v. Estee Lauder Companies, Inc.*, 466 F. Supp. 3d 292, 300 (D. Mass. 2020) (dismissing claim of breach of covenant of good faith and fair dealing where no contract existed between the parties); *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005) (holding that if "no contract exists, there can be no derivative implied covenant of good faith and fair dealing"); *see also Doyle*, 103 F.3d at 195 (holding that "[c]onclusory statements that 'Hasbro and its executives failed to meet their contractual requirement,' are insufficient to satisfy the pleading requirements."). Here, there is no allegation that Defendants acted in bad faith to unfairly leverage contract terms for undue economic advantage, and the claim is predicated upon Defendants' purported failure to abide by the alleged policies to which Bisasor refers in his Complaint. Accordingly, Bisasor's claim that Defendants breached the covenant of good faith and fair dealing must also be dismissed for failure to state a claim on which relief can be granted.

## Conclusion

For all of the foregoing reasons, the Court lacks jurisdiction over Defendant FedEx Corporation, and Plaintiff Andre Bisasor has failed in his Complaint to state a claim on which relief can be granted against either Defendant. Accordingly, the Complaint and this action should be dismissed, with prejudice, as to Defendant FedEx Corporation pursuant to Fed. R. Civ. P. 12(b)(2), and as to all Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted,

        **FEDEX OFFICE AND PRINT SERVICES, INC. and FEDEX CORPORATION**

        By their attorneys,

        */s/ Patrick M. Curran, Jr.*
        Patrick M. Curran, Jr. (BBO #659322)
        Mariah K. Micca (BBO #711437)
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        One Boston Place, Suite 3500
        Boston, MA 02108
        Telephone: (617) 994-5700
        patrick.curran@ogletreedeakins.com
        mariah.micca@ogletreedeakins.com

Dated: February 19, 2026

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent by email and by first-class mail, postage prepaid, to those indicated as non-registered participants on February 19, 2026.

                                               */s/ Patrick M. Curran, Jr.*
                                               Patrick M. Curran, Jr.

31896251.1