UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

## PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

1. Plaintiff Andre Bisasor respectfully moves this Court on an emergency basis[1], pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and Local Rule 7.1, for an order extending the time within which Plaintiff is to file a response to Defendants' 2-19-26 Motion to Dismiss.
2. Plaintiff requests the deadline to respond be extended by 45 days to and including 4-20-26, which represents a reasonable extension from the current deadline of 3-5-26 under the following circumstances.

### II. STATEMENT OF FACTS

3. This action was originally filed in the Suffolk Superior Court on 5-19-23.
4. Defendants removed the case to this Court on 2-12-26.
5. Plaintiff did not receive notice of this removal, until he first learned of the removal 7 days later on 2-19-26, when Defendants' counsel transmitted a Motion to Dismiss by email to Plaintiff. Defendants' counsel did not email the Notice of Removal to Plaintiff, nor did counsel inform the Plaintiff of the removal by email.
6. When Plaintiff raised the question of the lack of notice of the removal, Defendants' counsel stated that he mailed the Notice of Removal to Plaintiff's former address in Attleboro, Massachusetts, despite the fact that the Summons served upon Defendants clearly directed responsive papers to Plaintiff's current Burlington, Massachusetts address.
7. Consequently, Plaintiff never received the Notice of Removal by mail and had no notice that his case had been removed to federal court until seven days after the removal was effected.
8. In addition, as a pro se litigant, Plaintiff was not given automatic access to CM/ECF filing and currently does not currently have access to the CM/ECF electronic filing system in this Court. Plaintiff recently filed a Motion for Permission for Electronic Filing, which has just been granted but it still requires account activation, which may take some time.
9. Further, Defendants' Motion to Dismiss raises complex legal issues spanning personal jurisdiction under Rule 12(b)(2), statute of limitations defenses, and sufficiency of pleading under Rule 12(b)(6), in a 20-page memorandum, a corporate disclosure statement, and an evidentiary declaration. These issues require careful analysis, legal research and thorough written response.

### III. ARGUMENT

10. Good cause exists for the requested extension under Fed.R.Civ.P. 6(b)(1)(A).
11. First, Plaintiff is pro se and is entitled to the solicitude that federal courts afford to self-represented litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).
12. Second, Plaintiff received no notice of the removal until the same day the Motion to Dismiss was served, effectively compressing critical deadlines into a single abbreviated timeframe.
13. Third, Plaintiff lacks CM/ECF access and is awaiting account activation.
14. Fourth, the complexity and breadth of the Motion to Dismiss, which addresses personal jurisdiction, 8 separate statute of limitations arguments, and pleading sufficiency, warrants additional time.
15. No party will be prejudiced by this brief extension.
16. Furthermore, Plaintiff will prepare an amended complaint[2] to be filed as a matter of course under Fed.R.Civ.P.15(a)(1)(B), and the extension will permit Plaintiff to properly determine the scope and content of such amended pleading, potentially narrowing or eliminating the issues before the Court.
17. Lastly, an extension of time is further warranted because Plaintiff needs to obtain limited discovery from the FedEx corporate defendants for the sole purpose of identifying the true surname and last known address of

---

[1] The deadline expiring in 2-days supports the emergency basis.

[2] NB: An amended complaint will supersede the original complaint in its entirety, because the pending motion to dismiss, which is directed at the original complaint, will be rendered moot. However, until an amended complaint is filed, Plaintiff needs to preserve the right to oppose the current motion to dismiss without the chance of being prejudice by missing the current deadline.

1

Defendant Eric "Doe," a former or current employee of FedEx Office at its retail location at 187 Dartmouth Street, Boston, Massachusetts 02116, so that Plaintiff may serve him with process and prosecute his claims against Doe. The facts supporting this point are as follows:

a. On 8-28-25, the Suffolk Superior Court entered an order on Plaintiff's Motion for Extension of Time to Serve All Defendants, which stated in pertinent part: *"In order to pursue his claim against Doe, Plaintiff must determine his identity and serve him properly, which he may do through discovery, once the complaint is properly served on the corporate defendants."*
b. That order expressly contemplated and authorized discovery directed at the corporate defendants for the purpose of identifying Eric Doe.
c. The corporate defendants were thereafter properly served with process on 1-23-26.
d. On 2-20-26, Plaintiff asked Defendants' counsel to voluntarily provide the full legal name and last known address of the individual identified as "Eric" in the Complaint.
e. Counsel declined to do so, stating that the *""Rules of Civil Procedure" provide the mechanism for obtaining such information and that "email correspondence" is not one of them. Notably, at no point did counsel deny that his clients know the identity of this individual."*.
f. On 2-27-26, Counsel further stated that "*Finally, I have confirmed that my clients, having no obligation at this time (under the Rules or otherwise) to provide you with information concerning whether they know the name or address of the person referred to in your Complaint as "Eric Doe," will not agree to do so.*"
g. So, although the Suffolk Superior Court recognized that Plaintiff would need to identify Doe through discovery directed at the corporate defendants (and thus authorizing such discovery), and although that authorization survives removal under 28 U.S.C. §1450 ("All injunctions, orders, and other proceedings had in [the state] court prior to removal...shall remain in full force and effect until dissolved or modified by the district court."), defendants' refusal to voluntarily provide the information, leaves Plaintiff with no alternative but to seek judicial intervention, and makes formal discovery necessary.
h. Plaintiff will thus be filing a motion for discovery with the court and time is needed so that all defendants can be properly served and brought before this court.
i. Moreover, the identity of Doe is critical to determining citizenship which goes to some of the jurisdiction defenses raised by the defendants in their motion to dismiss as well as to whether diversity exists in this case. Without this information, plaintiff will be impeded in his ability to defend against the motion to dismiss or to effectively prosecute this case.
j. Further, the motion to dismiss cannot be properly heard without defendant Eric Doe, which is the chief perpetrator of the wrongs outlined in the complaint. Plaintiff needs time to obtain this information via discovery, then serve the defendant and bring him into the case, so that all defendants can be properly before the court.

## IV. ASSENT SOUGHT FROM DEFENDANTS

18. Plaintiff contacted Defendants by email on 3-3-26 at 10.45am, requesting assent and urgent response, but has not heard back as yet, as of 4 hours later this afternoon (2pm), other than a brief interim reply stating that counsel is checking with their clients regarding assent. Given the urgency of the matter, with 2 days before the deadline, plaintiff asks the court for expedited ruling as soon as possible, prior to the deadline expiration.

## V. RELIEF REQUESTED

19. WHEREFORE, Plaintiff requests this Court enter an order extending the deadline by 45 days for Plaintiff to respond to Defendants' Motion to Dismiss to and including 4-20-26 or, in the alternative, if the Court prefers, at least a 30 days extension (though 45 days is more conducive in light of the above issues).

Respectfully submitted,
/s/ Andre Bisasor
Date: March 3, 2026                                                                                    ANDRE BISASOR

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.
/s/ Andre Bisasor
Andre Bisasor

2