**SUFFOLK COUNTY CIVIL**
**Docket Report**

### 2384CV01189 Bisasor, Andre vs. Fedex Office And Print Services, Inc. et al

| | |
|---|---|
| **CASE TYPE:** Administrative Civil Actions | **FILE DATE:** 05/19/2023 |
| **ACTION CODE:** E17 | **CASE TRACK:** A - Average |
| **DESCRIPTION:** Civil Rights Act, G.L. c. 12 § 11H | |
| **CASE DISPOSITION DATE:** 02/18/2026 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 02/18/2026 |
| **CASE JUDGE:** | **CASE SESSION:** Civil D |

## PARTIES

**Plaintiff**
Bisasor, Andre
101 Turnpike
#270
Burlington, MA 01803

**Attorney**                                    **PROPER**
Pro Se
Massachusetts Bar
Added Date: 05/22/2023

**Defendant**
"doe", Eric
155 Federal St. Suite 700
Boston, MA 02110

**Defendant**
Fedex Corporation
155 Federal St. Suite 700
Boston, MA 02110

**Defendant**
Fedex Office And Print Services, Inc.
155 Federal St. Suite 700
Boston, MA 02110

**Attorney**                                    **659322**
Patrick M Curran
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.
One Boston Place
Suite 3500
Boston, MA 02108
Work Phone (617) 994-5700
Added Date: 02/13/2026

**Attorney**                                    **711437**
Mariah K Micca
Ogletree Deakins Nash Smoak and Stewart
Ogletree Deakins Nash Smoak and Stewart
One Boston Place
Suite 3500
Boston, MA 02108
Work Phone (617) 994-5713
Added Date: 02/13/2026

**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | FINANCIAL DETAILS | | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 05/23/2023 | Civil Filing Fee (per Plaintiff)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 05/24/2023<br>Dismissed Amount: 240.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLIANG | 240.00 | 0.00 | 240.00 | 0.00 |
| 05/23/2023 | Civil Security Fee (G.L. c. 262, § 4A)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 05/24/2023<br>Dismissed Amount: 20.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLIANG | 20.00 | 0.00 | 20.00 | 0.00 |
| 05/23/2023 | Civil Surcharge (G.L. c. 262, § 4C)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 05/24/2023<br>Dismissed Amount: 15.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLIANG | 15.00 | 0.00 | 15.00 | 0.00 |
| | **Total** | **275.00** | **0.00** | **275.00** | **0.00** |

| | | **INFORMATIONAL DOCKET ENTRIES** | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 05/19/2023 | 1 | Complaint electronically filed. | |
| 05/19/2023 | 2 | Civil action cover sheet filed. | |
| 05/23/2023 | 3 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed with Supplemental affidavit<br>Allowed Service & Filing Fees. ONLY | |
| 05/23/2023 | | Case assigned to:<br>DCM Track A - Average was added on 05/23/2023 | |
| 05/23/2023 | | EDocument sent:   SUMMONS<br>A Tracking Order was generated and sent to:<br>Plaintiff, | |
| 08/17/2023 | 4 | RESTRICTED INFORMATION - Plaintiff Andre Bisasor's Submission of Affidavit of Indigency and Waiver of Costs | |
| 04/17/2025 | 5 | JUDGMENT OF DISMISSAL (1-88) entered, service not completed for any party by deadline review.<br><br>Applies To: Fedex Office And Print Services, Inc. (Defendant); Fedex Corporation (Defendant); "doe", Eric (Defendant) | |
| 04/17/2025 | | Disp for statistical purposes | |
| 05/20/2025 | | Endorsement on Submission of Affidavit of Indigency and Waiver of Costs (#4.0): Other action taken<br>Treating this as a motion to vacate Judgment of the dismissal entered on 4/17/25, it is allowed. The Clerk's Office shall issue the plaintiff a copy of the complaint and a summons for each defendant. Normal filing and service fees are waived. Plaintiff shall have until August 19, 2025 to make service. (dated 5/19/25) Notice of endorsement, 3 summonses and copy of Complaint mailed to Plaintiff on 05/21/25 | Cowin |
| 08/19/2025 | 6 | Plaintiff Andre Bisasor's Motion for<br>Extension Of Time To Serve All Defendants | |
| 09/03/2025 | | Endorsement on Motion for Extension Of Time To Serve All Defendants  (#6.0): ALLOWED<br>As follows: plaintiff shall have until October 19 to serve the complaint. Given the age of the case. There shall be no further extensions, in order to pursue his claim against Doe. Plaintiff must determine his identity and serve him properly, which he may do through discovery, once the complaint is properly served on the corporate defendants.<br>dated (8/28/25)<br>Notice sent 9/5/25 | Cowin |
| 10/20/2025 | 7 | Plaintiff Andre Bisasor's EMERGENCY Motion for<br>Clarification of Court-Ordered Deadline and a Final Brief Extension of time to serve Process Defendant's | |

**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | | |
|---|---|---|---|
| 10/27/2025 | | Event Result:: Motion Hearing scheduled on: 10/27/2025 02:00 PM Has been: Held via Video/Phone Hon. David A Deakin, Presiding Staff: Paul Kenneally, Assistant Clerk | Deakin |
| 10/27/2025 | | Endorsement on Motion for Clarification of Court-Ordered Deadline and a Final Brief Extension of time to serve Process Defendant's (#7.0): ALLOWED After ex parte Zoom hearing, the motion is allowed. Service shall be effectuated by January 23, 2026. The plaintiff has been advised that it is his obligation to update the clerk's office with his current address. the plaintiff was further advised that no further extensions of the deadlines to effectuate service. (dated 10/27/25) Notice sent 10/30/25 | Deakin |
| 01/26/2026 | 8 | Plaintiff Andre Bisasor's Notice of Service of Summons and Complaint | |
| 02/11/2026 | 9 | Service Returned for Fedex Corporation | |
| | | Applies To: Fedex Corporation (Defendant) | |
| 02/11/2026 | 10 | Service Returned for Fedex Office and Print Services, Inc. | |
| | | Applies To: Fedex Office And Print Services, Inc. (Defendant) | |
| 02/11/2026 | 11 | Plaintiff Andre Bisasor's Submission of Notice Regarding Service as to Defendant Eric Doe | |
| 02/13/2026 | 12 | Plaintiff Andre Bisasor's Request for Entry of Default (Pursuant to Mass. R. Civ. P. 55(a)) | |
| 02/13/2026 | 13 | Defendants Fedex Office And Print Services, Inc.'s Notice to State Court of Filing Notice of Removal (US Dist.#26-cv-10842) Filed 2/12/2026 | |
| 02/13/2026 | | Attorney appearance On this date Patrick M Curran, Jr., Esq. added for Defendant Fedex Office And Print Services, Inc. | |
| 02/13/2026 | | Attorney appearance On this date Mariah K Micca, Esq. added for Defendant Fedex Office And Print Services, Inc. | |
| 02/18/2026 | | REMOVED to the U.S. District Court of Massachusetts | |
| 02/18/2026 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON March 2, 2026 , THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

ANDRE BISASOR,
Plaintiff

v.

$\partial 3 - 1189$

FEDEX OFFICE AND PRINT SERVICES, INC.;
FEDEX CORPORATION;
ERIC DOE;
Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiff, in the above captioned case, hereby brings this complaint against the above-named defendants, FedEx Office and Print Services, Inc. (hereinafter "FedEx Office"), FedEx Corporation (hereinafter "FedEx") (hereinafter all these FedEx branded entities together to be referred to as the "FedEx defendants") and Eric "Doe" (hereinafter "Mr. Doe" or "Doe"), (hereinafter all together collectively referred to as the "defendants"), in connection with the defendants' violation of federal civil rights law (section 1981), breach of contract, breach of implied contract, breach of the covenant of good faith and fair dealing, unjust enrichment, intentional infliction of emotional distress, violation of the Massachusetts Equal Rights Act (MERA), and violation of the Massachusetts public accommodation law.

## I. PRELIMINARY STATEMENT

2. This is an action for damages brought against the Defendants regarding the above, as outlined below and is intended to seek relief and remedy for such breaches including the defendants' violation of federal civil rights law (section 1981), breach of contract, breach of implied contract, breach of the covenant of good faith and fair dealing, unjust enrichment and intentional infliction of emotional distress, violation of the Massachusetts Equal Rights Act (MERA), and violation of the Massachusetts public accommodation law.

## II. PARTIES

### A. Plaintiff

3. The plaintiff is an individual located in the state of Massachusetts. He is an African American male. He is a Massachusetts citizen.

### B. Defendant FedEx Office

4. Defendant FedEx Office and Print Services, Inc. ("FedEx Office") is a corporation organized under the laws of Texas having a principal place of business at 7900 Legacy Drive, Plano, TX 75024.
5. FedEx Office is registered, as a foreign corporation, with the Massachusetts secretary of state, to do business in the state of Massachusetts.
6. FedEx Office has appointed CT Corporation System located at 155 Federal St. Suite 700, Boston, MA 02110 USA, as its registered agent for service of process in Massachusetts.
7. FedEx Office is in the business of providing customers with retail access to shipping services, packing services, and copy and print services.
8. FedEx Office is a wholly owned subsidiary of FedEx Corporation.
9. Based on its operations, FedEx Office is "at home" in the state of Massachusetts.
10. FedEx Office has numerous offices in Massachusetts including in Suffolk, Middlesex, Essex, Worcester, and Bristol counties, among others, in Massachusetts.

1

11. FedEx Office operates the FedEx office location at 187 Dartmouth St, Boston, MA 02116, which is in Suffolk County and is where the principal events in this case took place.

### C. Defendant FedEx Corporation ("FedEx")

12. Defendant FedEx Corporation ("FedEx") is a Delaware corporation with its principal place of business in Memphis, Tennessee.
13. FedEx is registered, as a foreign corporation, with the Massachusetts secretary of state, to do business in the state of Massachusetts.
14. FedEx has appointed CT Corporation System located at 155 Federal St. Suite 700, Boston, MA 02110 USA, as its registered agent for service of process in Massachusetts.
15. FedEx Corporation is the parent company for various FedEx-branded businesses including FedEx Office.
16. FedEx branded businesses are engaged in activities affecting federal interstate commerce and are entities capable of holding a legal or beneficial interest in property.
17. Upon information and belief, FedEx owns and operates approximately 1800 stores throughout the United States – including but not limited to 50 or more stores in Massachusetts – that provide, among other things, printing, duplication, and binding services to the public.
18. FedEx is the world's largest express transportation company.
19. FedEx delivers shipments to businesses, government offices and residences.
20. FedEx delivers for its U.S. domestic customers, on average, over 2 million packages per day.
21. FedEx generates over $10 billion in revenue from its U.S. domestic deliveries.
22. FedEx is in the business of logistics, transportation, e-commerce, and business services and solutions.
23. FedEx also routinely enters into contracts with customers for services.

### D. Defendant Eric "Doe"

24. Eric "Doe" is an individual who works for FedEx Office. NB: Eric is the first name of this employee. Plaintiff does not know the full name of this employee.
25. On information and belief, Doe is a nighttime employee/manager of the FedEx Office located at 187 Dartmouth St, Boston, MA 02116.
26. On information and belief, Doe resides in the state of Massachusetts.
27. FedEx and/or FedEx Office is responsible for the conduct of its employee Doe.
28. FedEx and/or FedEx Office oversees and supervises the work of its employee Doe.
29. FedEx and/or FedEx Office is also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.
30. The acts of Doe are essentially the acts of FedEx and/or FedEx Office.
31. Doe, on behalf and for FedEx and/or FedEx Office, not only engaged in unfair and deceptive acts or practices but breached the contract with the plaintiff, as further delineated below.

---

## III. JURISDICTION AND VENUE

---

32. Plaintiff is a resident of Massachusetts, and venue in this Court is proper.
33. FedEx is a Texas corporation that does substantial business in the Commonwealth of Massachusetts.
34. The conduct on which this lawsuit is based occurred in Massachusetts where Defendant sells services.
35. The Massachusetts Superior Court has jurisdiction over this action pursuant to its laws and the amount in controversy exceeds $50,000, exclusive of interest and costs, in an amount to be determined at trial.
36. Because the matter in controversy exceeds $50,000 exclusive of interests and costs, the amount in controversy exceeds the minimal jurisdictional amounts of this Court, and jurisdiction in this Court is otherwise proper.

37. This court has both general and specific personal jurisdiction over the defendants because the defendants have conducted and continues to conduct substantial business in the state of Massachusetts or otherwise have substantial contacts with the state of Massachusetts to render the exercise of jurisdiction by this court reasonable.

38. This court has specific personal jurisdiction arising from the defendants' decision to conduct business in Massachusetts.

39. The defendants have sufficient minimum contacts with this state and sufficiently avails themselves of the markets and protections of this state to render the exercise of jurisdiction by this court reasonable.

40. Defendants are thus subject to the personal jurisdiction of this Court.

41. Venue is proper in this court because the defendants conduct business within this state, and substantial contacts with this state.

42. This Court has subject matter jurisdiction over this action. Venue is proper in this district.

43. This Court has personal jurisdiction over FedEx because, among other things, FedEx has committed, aided, abetted, contributed to, and/or participated in acts outlined in this complaint.

44. This Court also has personal jurisdiction over the FedEx defendants because, among other things, the FedEx defendants have established minimum contacts within the forum such that the exercise of jurisdiction over the FedEx defendants will not offend traditional notions of fair play and substantial justice.

45. FedEx Corporation operates around 50 FedEx Offices in the State of Massachusetts, which centers provide services on behalf of FedEx.

46. Based on its operations, FedEx Office is "at home" in the state of Massachusetts.

47. FedEx Office has several offices in Massachusetts including in Suffolk, Middlesex, Essex, Bristol, Worcester, and Norfolk counties, among others, in Massachusetts.

48. FedEx has no principal place of business in Massachusetts but has over 50 FedEx office locations throughout Massachusetts.

49. FedEx Office operates an office location at 187 Dartmouth St, Boston, MA 02116.

50. In addition, FedEx has used, sold, advertised, marketed, and distributed products and services in this state.

51. FedEx derives substantial revenue from the sale of services within this state, and/or expects or should reasonably expect its actions to have consequences within this state and derive substantial revenue from interstate commerce.

52. Venue is proper in this judicial division pursuant to applicable law, because the FedEx defendants operate their businesses in Suffolk county, in which the plaintiff has conducted business, and are thus subject to personal jurisdiction in this state and county.

## IV. FACTS AND CLAIMS

53. Plaintiff reavers, realleges and incorporates by reference the allegations contained in the above paragraphs as if each had been separately set forth herein.

54. FedEx meets the definition of public accommodation as a commercial establishment and retail service store. See Massachusetts attorney general website (https://www.mass.gov/service-details/public-accommodation-civil-rights-protections) defining public accommodations to include: *Sales and rental establishments, including stores, shopping centers, automobile rental agencies, and other retail establishments.* See also public accommodations defined by Mass. Gen. Laws ch. 272, § 92A ("A place of public accommodation, resort or amusement within the meaning hereof shall be defined as and shall be deemed to include any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public...").

55. The plaintiff and his wife are long time loyal repeat customers of FedEx and has spent thousands of dollars with FedEx. The plaintiff and his wife has visited and done business at numerous FedEx store

3

Date Filed 5/19/2023 11:59 PM
Superior Court - Suffolk
Docket Number

locations throughout various counties throughout Massachusetts, including but not limited to Suffolk, Middlesex, Worcester, Bristol, Norfolk, Essex counties, etc., as well as in other several other states, for example, during travel for business or otherwise, etc. FedEx has been the preferred go-to business, for the plaintiff and his wife, in this industry, versus other competitors.

56. The plaintiff and his wife were induced by FedEx into registering for accounts, including entering into contracts, for both personal accounts and for business accounts with FedEx. In such contract, FedEx promised that *"your account number gives you convenient access to the quality services you need. Use your account number for purchases online or at more than 1,900 FedEx Office locations, including hundreds that operate 24 hours a day, 7 days a week."*

57. FedEx also promised further added benefits that included: **registering preferences and contact information, saving documents to FedEx online platform, tracking orders and re-orders, opting to receive further promotions/updates, earn My FedEx Rewards.**

58. On or about February 4, 2019, through February 6, 2019, the plaintiff visited the FedEx Office store at 187 Dartmouth St, Boston, MA 02116 (hereinafter "the local FedEx store", "the FedEx Office store" or simply "the store").

59. This store was one of only a handful of stores, in all of Massachusetts, that was open 24 hours a day, 7 days a week, including all night, at that time period.

60. On or about February 4, 2019, the plaintiff set out to purchase printing, copying, and shipping services at this FedEx Office store located at 187 Dartmouth St, Boston, MA 02116. NB: The time of the plaintiff's arrival at the store was in the night-time towards the late part of the night, which on the information and belief, and/or the plaintiff's best recollection, was in or around the time between 9pm and 11pm, on or about February 4, 2019.

61. The plaintiff took a seat at a cubicle area, of which there were several, and set down his files/documents. The plaintiff went to work on a large project that involved preparing copies of materials for an important project, at the time. NB: The plaintiff had spent thousands of dollars with FedEx Office.

62. There was only one other customer in the store at the time. That customer was a white male, who also had taken a seat at a cubicle area near to where the plaintiff was seated.

63. Shortly thereafter, Eric "Doe" (as only his first name is known), who was the only employee in the store at the time, came over to the cubicle seating area and proceeded to ask the white customer whether he needed any assistance, to which the white customer indicated that he did not.

64. Then Doe made his way over to where the plaintiff was seated and looked at the plaintiff in a scoffing manner. Then Doe told the plaintiff that he was not allowed in the store. Doe stated that the plaintiff was not allowed to loiter in the store and thus the plaintiff had to leave the store.

65. Doe treated the plaintiff as if he was a homeless person seeking shelter in the store. The plaintiff told Doe that he was not a homeless person seeking shelter in the store, and asked Doe why did he think the plaintiff was a homeless person seeking shelter in the store. NB: The plaintiff was dressed as a normal customer, no different in general than the other white male customer.

66. The plaintiff indicated to Doe that he was there to purchase several services from the store including printing, copying and shipping services and was working on a large project related thereto.

67. The only difference between the way in which Doe treated the plaintiff and how Doe treated the other white male customer, was that the plaintiff was black, and the other customer was white. Both the plaintiff and the other white male customer were similarly situated and were doing similar activities, in being seated at a cubicle seating area and preparing files to be copied, etc., Doe's racially inspired, disparate judgment of the plaintiff was almost instantaneous, based only on Plaintiff's race.

68. The plaintiff then raised concerns to Doe directly, that Doe was discriminating against the plaintiff because of his race. Doe was non-responsive to the plaintiff's concerns, and visibly became upset and agitated, and then walked off.

69. Doe thereafter engaged in a series of retaliatory and hostile acts intended to drive the plaintiff out of the store.

4

70. These acts occurred repeatedly starting on or about February 4, 2019, and continued also the next day (after the plaintiff went home and returned to the store the next day), on evening of February 5, 2019, and further continued into the early morning of February 6, 2019 (shortly after midnight), to complete the large printing and copying project that the plaintiff had been working on.

71. It should be noted that the plaintiff was also subsequently joined by the plaintiff's wife (who is also African American), and the plaintiff's wife also became the target of these retaliatory acts.

72. Only after the white customer left the store (and when the plaintiff and his wife were the only remaining customers in the store at that time of night), Doe decreased the temperature of the store to an extremely uncomfortable level. It was so uncomfortably cold that the plaintiff and his wife could not concentrate and felt like leaving the store. [NB: This time period was during the middle of the cold winter season in February, so it was unwarranted to decrease the temperature so low]. It was so cold in the store, that plaintiff and his wife had to put on their winter coats and were still shivering from the decreased temperatures lowered by Doe.

73. Doe began running a loud vacuum cleaner next to where the plaintiff was seated and did so for over 2 hours, in order to disturb the plaintiff and his wife, and make it unbearable for the plaintiff and his wife. Doe also left the vacuum running unattended next to where the plaintiff and his wife were seated, again to continue his harassing conduct.

74. Doe also intruded into the plaintiff and his wife's desk area, cleaning and wiping the cubicle area, between and around the plaintiff and his wife, in an antagonistic manner, and moving the belongings of the plaintiff and his wife in a way to create a nuisance, all while the plaintiff and his wife were working on their printing/copying project.

75. Doe did this several times back-to-back with the clear intent to annoy and harass the plaintiff and his wife.

76. Later on, during these occurrences, Doe further refused to assist the plaintiff and his wife with the copying machine, when the machine was not working properly and was also causing misprints.

77. Doe engaged in other uncooperative passive aggressive behavior towards the plaintiff and his wife.

78. Does made the experience so unbearable, forcing the plaintiff and his wife to leave the store early, before they had completed all of their expected printing/copying/shipping work and business with the store.

79. Finally, as the plaintiff was leaving the store with his files, Doe hurled hostile expletives at the plaintiff and also called the plaintiff extremely offensive derogatory slurs and discriminatory epithets, which were disgusting and nasty slurs, and which were motivated by race discrimination/retaliation.

80. Doe was angry and speaking loudly when hurling derogatory, disparaging, offensive and discriminatory slurs motived by discrimination and retaliation.

81. Doe acted in an intimidating and threatening manner towards the plaintiff, while using extremely derogatory, disgusting, nasty, discriminatory slurs against the plaintiff. NB: These slurs were so disgusting and nasty that the plaintiff does not feel comfortable stating them in this complaint but will state them at subsequent stages of this litigation, such as during discovery or at trial, or otherwise if or when necessary.

82. Plaintiff and his wife felt very threatened by Doe's words, actions and demeanor at the end as they were leaving.

83. Plaintiff's wife felt very scared and nervous for the plaintiff and herself, because of Doe's open hostility towards the plaintiff.

84. Doe evidently wanted the plaintiff to know that he was never to come back to that store again.

85. NB: Doe also locked the plaintiff out of the store preventing the plaintiff from re-entering the store while the plaintiff was loading his vehicle and while in the process of leaving.

86. Doe exhibited a deep-seated animosity and hate towards the plaintiff, based on race.

87. Doe engaged in blatant overt racism against the plaintiff.

88. Doe engaged in overt hostile aggression towards the plaintiff based on race.

89. Doe was angry also that the plaintiff had raised concerns about race discrimination and then engaged in a systematic campaign of retaliatory acts designed to irritate, annoy, disturb, harass, and punish the plaintiff,

5

and sought to interfere with the plaintiff's full enjoyment of the public accommodations offered to the public by the FedEx defendants.

90. Doe's conduct was outrageous, shocking, and beyond the pale.

91. The plaintiff and his wife were shocked and traumatized by this level of outrageous conduct.

92. Doe's conduct worked to make the plaintiff and his wife feel extremely unwelcome and had the effect of icing out the plaintiff and his wife from ever using the store for services again. NB: Neither the plaintiff nor his wife has returned to the store since the above events.

93. The incidents above greatly affected the plaintiff (and his wife). The plaintiff and/or his wife frequently are reminded of the emotional distress and traumatic shock felt at the time.

94. Subsequent to the above events, the plaintiff contacted FedEx's corporate office, on two occasions, to make complaints about the matter with Eric Doe, but they did not take any action on the complaint. FedEx's corporate office said they would note the complaint and advised that the plaintiff contact the local FedEx store. On information and belief, the FedEx corporate office took no action on the complaint.

95. The plaintiff also thereafter called the local FedEx store, on two occasions, and reported the complaint about Eric Doe to a store employee. The plaintiff also asked to speak to the store manager of the local FedEx store, who was not available, and was transferred to the store manager's voicemail on which the plaintiff left a message summarizing his complaint about employee Eric Doe. The plaintiff did not receive a return call. On information and belief, neither the store nor its manager did anything to follow-up on the complaint and did not discipline the offending employee Doe.

96. On information and belief, none of the FedEx defendants did anything to address the plaintiff's complaint made to the FedEx corporate office or to the store, or to provide any remedy related to.

97. On information and belief, the FedEx defendants violated federal law by hiring staff who were not trained to uphold anti-discrimination policies and failed to adequately train its managers to follow laws prohibiting discrimination and retaliation and failed to supervise its managers to ensure they complied with laws prohibiting discrimination and retaliation.

98. Through its advertisements and public promises, FedEx and/or FedEx Office represented and promised that it would properly treat the plaintiff as a customer.

99. Based on FedEx and/or FedEx Office's promises and representations, the plaintiff agreed to purchase services from FedEx Office and to be a loyal rewards member with FedEx.

100. Such promises include FedEx's "purple" promise which is stated as follows:

> Every action matters: At FedEx we are committed to the **Purple Promise: I will make every FedEx experience outstanding. This commitment sets the bar for excellence, helping us earn the trust and loyalty of our team members, customers and communities and making FedEx one of the most admired companies in the world and a great place to work.** Complying with the law and acting ethically are essential parts of delivering the **Purple Promise**. Some types of laws affect everyone, such as those concerning health and safety. Other laws primarily affect team members and third parties in particular roles, such as those concerning the operation of our transportation networks, financial reporting or **customer service**. In the Code, we break down key laws and ethical standards into the principles of integrity and business conduct that apply to our actions every day. If you have questions about the principles described in the Code, ask your manager, your operating company's human resources, security or legal department, or the Corporate Integrity & Compliance Department at integrity@FedEx.com. **When it comes to integrity and business conduct — EVERY ACTION MATTERS!**

101. See also screenshot below of FedEx's website and code of conduct guide:

6



## Every action matters

At FedEx we are committed to the Purple Promise: I will make every FedEx experience outstanding. This commitment sets the bar for excellence, helping us earn the trust and loyalty of our team members, customers and communities and making FedEx one of the most admired companies in the world and a great place to work.

Complying with the law and acting ethically are essential parts of delivering the Purple Promise. Some types of laws affect everyone, such as those concerning health and safety. Other laws primarily affect team members and third parties in particular roles, such as those concerning the operation of our transportation networks, financial reporting or customer service. In the Code, we break down key laws and ethical standards into the principles of integrity and business conduct that apply to our actions every day.

If you have questions about the principles described in the Code, ask your manager, your operating company's human resources, security or legal department, or the Corporate Integrity & Compliance Department at integrity@fedex.com.

**When it comes to integrity and business conduct — EVERY ACTION MATTERS!**

102.   FedEx and FedEx Office also have written policies created for the purpose of following laws against discrimination and retaliation. For example, FedEx's non-retaliation policy states:

> "Non-retaliation: We are all encouraged to speak up and report violations of law, this Code, FedEx policy or procedure, financial fraud or any questionable accounting, internal controls or auditing related to FedEx. FedEx prohibits retaliation against anyone who reports a known or suspected violation in good faith. Good faith is raising a question or concern that you honestly believe to be true. FedEx also prohibits retaliation against anyone who assists in an investigation. Anyone who is found to have retaliated against a person who has reported a violation in good faith, or assisted in an investigation, will be subject to discipline, up to and including termination."

103.   See also screenshot below of FedEx's website and code of conduct guide:



104.   FedEx further has written in its policies and conduct guide the following:

> Equal opportunity and anti-harassment: Our greatest asset at FedEx is our people. We are committed to equal opportunity, fairness, respect and inclusion and do not tolerate discrimination or harassment based on race, color, ethnicity, national origin, religion, sex, age, genetic information, citizenship, disability, marital status, pregnancy, sexual orientation, gender identity, gender expression, veteran status or any other characteristic protected under national, state or local laws. We recruit, hire, contract, evaluate, compensate and promote based on job-related qualifications and performance. We will reasonably accommodate team members and third parties with physical and mental disabilities unless such accommodation imposes an undue hardship on our business. We prohibit sexual harassment. Sexual harassment may take many forms, including unwelcome sexual advances, requests for sexual favors, threats and unwanted physical contact. Sexual harassment may also occur through

7

words or actions such as inappropriate comments or gestures, unwelcome email or text messages, or pictures or comments posted on social media.

105. See also screenshot below of FedEx's website and code of conduct guide:



## Equal opportunity and anti-harassment

Our greatest asset at FedEx is our people. We are committed to equal opportunity, fairness, respect and inclusion and do not tolerate discrimination or harassment based on race, color, ethnicity, national origin, religion, sex, age, genetic information, citizenship, disability, marital status, pregnancy, sexual orientation, gender identity, gender expression, veteran status or any other characteristic protected under national, state or local laws.

We recruit, hire, contract, evaluate, compensate and promote based on job-related qualifications and performance. We will reasonably accommodate team members and third parties with physical and mental disabilities unless such accommodation imposes an undue hardship on our business.

We prohibit sexual harassment. Sexual harassment may take many forms, including unwelcome sexual advances, requests for sexual favors, threats and unwanted physical contact. Sexual harassment may also occur through words or actions such as inappropriate comments or gestures, unwelcome email or text messages, or pictures or comments posted on social media.

106. FedEx knows that the written policies do not enforce themselves. FedEx and FedEx Office's policies promised to protect the plaintiff and his wife from discrimination and retaliation. FedEx and FedEx Office violated its own policies by discriminating and retaliating against plaintiff and his wife. FedEx and FedEx Office breached its promise to protect plaintiff and his wife from discrimination and retaliation.

107. FedEx and FedEx Office not only engaged in unfair and deceptive acts or practices in its discriminatory and retaliatory acts as described above but also in breaching its contract with the plaintiff.

108. FedEx and FedEx Office thus breached its agreement with plaintiff.

109. Plaintiff has been damaged by that breach.

110. It should also be noted again that the plaintiff/his wife have accounts with FedEx and FedEx Office for FedEx services, which were created pursuant to an agreement with the FedEx defendants. With such agreement, there was an obligation on the part of the FedEx defendants to not mistreat the customer, to treat the customer fairly and with respect and dignity, to operate in good faith and there was also an implied covenant of good faith and fair dealing.

111. The plaintiff and his wife were induced by FedEx into registering for accounts, including entering into contracts, for both personal accounts and for business accounts with FedEx. In such contract, FedEx promised that "your account number gives you convenient access to the quality services you need. Use your account number for purchases online or at more than 1,900 FedEx Office locations, including hundreds that operate 24 hours a day, 7 days a week." FedEx further promised further added benefits that included: registering preferences and contact information, saving documents to FedEx online platform, tracking orders and re-orders, opting to receive further promotions/updates, earn My FedEx Rewards.

112. FedEx and FedEx Office thus had a contract with the plaintiff and then breached its contract with the plaintiff.

113. Because Doe is/was the night-time employee of the FedEx Office store located at 187 Dartmouth St, Boston, MA 02116, then Doe, on behalf and for FedEx Office, not only engaged in unfair and deceptive acts or practices but engaged in breaching the contract with the plaintiff and his wife.

114. FedEx and/or FedEx Office is responsible for the conduct of its employee Doe.

115. FedEx and/or FedEx Office oversees and supervises the work of its employee Doe.

116. FedEx and/or FedEx Office is also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## V. COUNTS/CAUSES OF ACTION

### Summary of Relevant Discrimination Law

117.   Discrimination in public accommodations include refusals to provide African Americans service, or the harassment of African American customers, or providing inferior service to African Americans.

118.   This country has had a dark history throughout the country, including throughout the south where the Civil Rights Movement of the 1960s was symbolized by challenges to segregation in places of public accommodations and gaining equal access to hotels, restaurants, lunch counters, and stores for African Americans.

119.   The right of African American customers to be free from discrimination in public accommodations have been upheld in landmark cases such as: Gilliam v. HBE Corp. (d/b/a Adam's Mark Hotel), a challenge to discriminatory treatment of African American guests at the Adam's Mark Hotel during the 1999 Black College Reunion in Daytona Beach that settled for $2.1 million; and the series of cases challenging the pervasive discrimination against African Americans during the annual Black Bike Week in Myrtle Beach, South Carolina. NB: More recently, FedEx itself was held accountable for race discrimination and retaliation with a whopping judgment of $366 million in Harris v. FedEx Corporation, 4:21-cv-01651, (S.D. Tex.)

120.   Moreover, retaliation for opposing discrimination is against public policy because it creates a chilling effect on the society's goal of encouraging citizens to oppose, report and speak up about discriminatory practices wherever they occur.

121.   The public has a right to be free from unlawful discrimination. See 42 U.S.C. § 2000a (prohibiting discrimination based on race, color, national origin).

122.   Discrimination "threatens not only the rights and proper privileges of [state] inhabitants but menaces the institutions and foundation of a free democratic state".

123.   The plaintiff has the right to "full enjoyment" of any place of public accommodation, including the right to purchase any service or commodity sold by any place of public accommodation "without acts directly or indirectly causing persons of [a protected class] to be treated as not welcome, accepted, desired, or solicited."

124.   Federal law prohibits any "act which directly or indirectly results in any distinction, restriction, or discrimination" based on a person's membership in a protected class.

125.   To "make out a prima facie case," the plaintiff must show: (1) the plaintiff is a member of a protected class, (2) the defendant is a place of public accommodation, (3) the defendant discriminated against the plaintiff, whether directly or indirectly, and (4) that the discrimination occurred "because of" the plaintiff's status or, in other words, that the protected status was a substantial factor causing discrimination.

126.   The public accommodation laws prohibit any act which "directly or indirectly" causes any person "to be treated as not welcome, accepted, desired, or solicited" based on race, or "directly or indirectly results in any distinction, restriction, or discrimination" based on race.

127.   Federal law expressly prohibits "employees" from committing any "act that directly or indirectly results in any distinction, restriction, or discrimination" on the basis of a protected class.

128.   A single interaction may violate the prohibition against discrimination in a public accommodation because of the often abbreviated nature of the contact between a customer and a business. See King v. Greyhound Lines, Inc., 656 P.2d 349, 350-51 (Or. Ct. App. 1982) (holding bus company liable for an employee's use of two racial slurs toward a customer).

129.   Courts often find liability for harmful and degrading conduct in the public sphere, even if the interaction is brief. See, e.g., Kirt v. Fashion Bug #3253, Inc., 479 F. Supp. 2d 938, 966 (N.D. Iowa 2007) (store clerk accused African American customer of shoplifting); La Reine Boutique v. Mass. Comm'n Against Discrimination, No. 08-P-621, 2009 WL 648888, at *1 (Mass. App. Ct. Mar. 16,

9

2009)(unpublished) (hair dresser subjected customers to "racially derogatory statements"); Craig v. New Crystal Rest., No. 92-PA-40, 1995 WL 907560, *8 (Chi. Comm'n on Human Relations Oct. 18, 1995) (waitress called customer a "damn faggot"); Miller v. Drain Experts, No. 97-PA-29, 1998 WL 307868, at *3 (Chi. Comm'n on Human Relations Apr. 15, 1998) (customer service representative twice-called customer a "nigger" over the phone).

130. Given the short-lived nature of interactions between customers and store personnel, requiring a pattern of pervasive abuse would render the discrimination laws meaningless. Hence, there is no "pervasiveness" requirement in the public accommodation context. Cf. Barbot v. Yellow Cab Co., No. 97-SPA-0973, 2001 WL 1805186, at *2 (Mass. Comm'n Against Discrimination Nov. 27, 2001) (requiring that a plaintiff challenging a taxi cab driver's remark that he was a "faggot" need only show he was "denied access to, restricted in the use of, or treated differently" in a place of public accommodation to prove "any distinction, discrimination or restriction" in any place of public accommodation) (applying Mass. Gen. Laws ch. 272, § 98).

131. Recognizing that the context of public accommodation discrimination is important, several courts have not required "severe" and "pervasive" conduct when analyzing harassment claims in the public sphere. See, e.g., City of Minneapolis v. Richardson, 239 N.W.2d 197, 202 (Minn. 1976); Fashion Bug, 479 F. Supp. 2d at 963.

132. In the Fashion Bug case, the court considered a store clerk's racially charged allegations of shoplifting and held a prima facie case of racial discrimination in a public accommodation under Iowa law required plaintiff prove she was discriminated against by "being subjected to markedly hostile conduct that a reasonable person would find objectively unreasonable under circumstances giving rise to an inference of discrimination." 479 F. Supp. 2d at 963.

133. When federal courts apply federal public accommodation statutes covering race, color, or nation origin discrimination, the test requires that a plaintiff show (1) membership in a protected class, (2) attempt to make or enforce a contract for services ordinarily provided by defendant, (3) denial of the right to enter into or enjoy the benefits of the contractual relationship, and (4) treatment less favorable than similarly situated persons outside the protected class). See, e.g., Fall v. L.A. Fitness, 161 F. Supp. 3d 601, 606 (S.D. Ohio 2016); McCoy v. Homestead Studio Suites Hotels, 390 F. Supp. 2d 577, 584 (S.D. Tex. 2005).

134. Federal law explicitly provides for liability if a public accommodation's "agent or employee" commits discrimination. King, 656 P.2d at 350 n.3 (finding liability even though the "racial slurs were not authorized, approved or ratified by the defendant" and where the defendant was "opposed to such conduct"). Cf. Johnston v. Apple Inc., No. 11 Civ. 3321(JSR), 2011 WL 4916305, at *6 (S.D.N.Y. Oct. 14, 2011) (holding New York City's provision against public accommodation discrimination did not require an employer know or condone the discrimination in order for the employer to be liable for the discriminatory conduct of its employee); Henderson v. Steak N Shake, Inc., No. S-9735, 1999 WL 33252627, at *10 (Ill. Human Rights Comm'n Mar. 24, 1999) (refusing to "graft a 'notification' requirement onto [the] Complainant's burden of proof in a public accommodations case").

135. See also Arguello v. Conoco, Inc., 207 F.3d 803, 810 (5th Cir. 2000) (noting that "in a public accommodation case…, a rule that only actions by supervisors are imputed to the employer would result, in most cases, in a no liability rule"); Floeting, 200 Wn. App. at 771 ("The first act of discrimination would be without liability—a 'one free bite' rule directly at odds with the goal of this antidiscrimination enactment.").

136. An employee who harasses a customer because of the person's membership in a protected class acts as an agent of the public accommodation. See Callwood v. Dave & Buster's, Inc., 98 F. Supp. 2d 694, 706 (D. Md. 2000) (noting in the public accommodation context, "the interactions of a highly mobile public with [staff] are necessarily ad hoc and transient, [and] are almost never with higher-ranking personnel of the enterprise").

137. Placing the burden on the public accommodation incentivizes the owner of the public accommodation to take the strongest possible affirmative measures to prevent the hiring and retention of

10

employees who engage in discriminatory acts. See Totem Taxi, Inc. v. N.Y. Human Rights Appeal Bd., 65 N.Y.2d 300, 308 (1985).

138. Thus, in places of public accommodation, federal law does not require a place of public accommodation authorize or know of its employee's discriminatory conduct before the business may be liable.

139. In prohibiting any "employee" from discriminating in a public accommodation, the law requires the public accommodation, rather than the innocent victim of discrimination, to bear the costs of its employee's discrimination.

140. Discrimination and retaliation are foreseeable because companies know that discrimination and retaliation are prevalent in the United States. Foreseeability is important because the law is meant to be preventative. The federal anti-discrimination laws' primary objectives are prophylactic, chiefly aimed not to provide redress but to avoid harm. The right to expect that corporations will adequately train managers to follow discrimination and retaliation law, that corporations will supervise managers to follow discrimination and retaliation law and that corporations will prevent any form of discrimination or retaliate against persons who report discrimination are essential to our society.

141. Companies may be liable for punitive damages who do not make good faith efforts to prevent discrimination to accomplish the objective of motivating companies to detect and deter discrimination violations.

142. The facts alleged in this complaint raises important questions of federal law, among other, as it implicates federal concerns pertaining to the eradication or prevention of race discrimination in public accommodations. It also implicates the issues of the right to make and enforce contracts without regard to race and the equal protection under the law.

## COUNT I - VIOLATION OF SECTION 1981/DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE

143. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

144. Section 1981 provides: *All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981(a). The statute also states that "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).*

145. Section 1981 guarantees freedom from racial discrimination in the making, enforcement performance, modification, and termination of contracts.

146. Section 1981 also guarantees enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

147. To state a prima facie case of discrimination, the plaintiff is to show that: (1) they belonged to a protected class; (2) they sought to make a contract for services ordinarily provided by the defendant; and (3) they were denied the right to enter into a contract for such services while similarly situated persons outside the protected class were not, or they were treated in such a hostile manner that a reasonable person would find it objectively discriminatory.

148. In this case, the plaintiff has clearly met this burden for a prima facie case of discrimination, as follows:

149. The plaintiff is African American and belong to a protected class. It is undisputable that Plaintiff is a member of a protected class on the basis of race as he is an African American man.

150. Plaintiff sought to make and enforce a contract for services ordinarily provided by the defendants. This is undisputable.

151. Plaintiff was denied the right to enter/enforce a contract for such services simply because he opposed discrimination.

11

152. Plaintiff was treated in a manner that was unfavorable compared to other customers outside the protected class, only because the defendants were in receipt of the plaintiff's protected activity, and the plaintiff was treated in such a hostile manner that a reasonable person would find it objectively retaliatory/discriminatory.

153. Plaintiff's use of the Defendant's services thus falls under section 1981 protection.

154. Defendants have (1) intentionally discriminated against Plaintiff with respect to the terms and conditions and privileges of a place of public accommodations, because of Plaintiff's race; and (2) limited and classified or stereotyped Plaintiff in ways that adversely affected his status as a customer, because of his race. As a direct and proximate result of Defendant's intentional, deliberate, and willful discriminatory acts and omissions, Plaintiff has suffered damages.

155. The Defendants interfered with the making and enforcement of a contract.

156. The Defendants discriminated against plaintiff, as described above, including but not limited to harassing him, subjecting him to a hostile environment based on race.

157. The Defendants' actions against Plaintiff have been malicious and oppressive, and conducted in a callous disregard of the rights of the Plaintiff.

158. The Defendants also retaliated against Plaintiff as described above.

159. Defendants, suddenly and without explanation, began to treat the plaintiff and his wife differently and in an unfavorable manner, and thus engaged in intentional conduct in violation of laws against discrimination and retaliation with malice and reckless indifference with respect to plaintiffs' protected rights.

160. Furthermore, the acts/pattern of discrimination and retaliation also occurred relative to how plaintiff was treated in general as a customer.

161. Hence, the Defendants engaged in retaliation because he raised concerns about racial discrimination.

162. The defendants engaged in conduct adverse to the plaintiff, beginning moments after the plaintiff raised concerns about race discrimination against Doe.

163. These adverse acts continued for almost the entire time that the plaintiff sought to use the services of FedEx store.

164. NB: There is a temporal proximity and a 'causal connection' or 'causal link' between the protected activity and the adverse action i.e., defendants took adverse action because plaintiff engaged in protected activity. It is very rare that there will be direct evidence of retaliatory motive. Instead, most retaliation cases are proven by circumstantial evidence of the retaliatory motive. However, in this case, there is both direct as well as circumstantial evidence of retaliation].

165. Such conduct was willful, wanton, and malicious.

166. Defendants thus have also violated 42 U.S.C. § 1981.

167. Through such unlawful conduct, Defendants engaged in illegal conduct in violation of section 1981.

168. The Defendants' actions were taken with a willful and wanton disregard of plaintiff's rights under Section 1981.

169. The Defendants denied plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that they extend to other similarly situated customers.

170. The Defendants breached their contract with plaintiff and retaliated/discriminated against plaintiff in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the state code.

171. As a direct and proximate result of said unlawful practices and in disregard of plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, and other consequential damages.

172. The plaintiff has suffered damages as a result of the foregoing.

173. The FedEx defendants are responsible for the conduct of its employee Doe.

174. The FedEx defendants oversee and supervise the work of its employee Doe.

12

175. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 2 - BREACH OF CONTRACT
### (as to all defendants)

176. Plaintiff re-allege and incorporate all paragraphs above as if fully set forth herein.

177. The Defendants have published materials containing policies, terms, guidelines, representations and promises which created an implied contract with plaintiff.

178. The FedEx defendants have a contractual agreement with customers, as represented by its policies and promises made public. This agreement is in effect whenever a customer patronizes their stores, and in this case when the plaintiff engaged in the use of services of the FedEx store on 187 Dartmouth Street in Boston.

179. Plaintiff relied on the terms and conditions of the published policies, terms, guidelines, representations and promises of Defendants in seeking to avail himself of the benefits, access, resources, and privileges available to him as promised by Defendants.

180. Defendants breached this contract by refusing to follow their own policies, by treating the plaintiff in an unfair, deceptive, and disparate manner and by retaliating against plaintiff when plaintiff raised concerns about race discrimination.

181. Plaintiff and the defendants had a contractual relationship both expressed as well as implied.

182. Such contract was formed on the one hand by the agreement entered into when a FedEx account was created with plaintiff/his wife but also by the advertisement and inducements offered by the defendants to customers with the terms contained in materials on its websites and other places.

183. Plaintiff had a reasonable expectation that the defendants would adhere to the terms of such contract.

184. Plaintiff further had a reasonable expectation that Defendants would comply with the requirement under Title II regulations, section 1981 and other federal regulations to provide equal treatment and equitable process to all customers including black customers. The public has a right to know if the defendants will stand behind their policies of non-discrimination and non-retaliation. If plaintiff had known upfront that the defendants would have engaged in such discriminatory and retaliatory practices, plaintiff would likely have elected to go elsewhere, investing his time and money other than at a FedEx store.

185. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.

186. As a result of those actions, plaintiff has suffered and will continue to suffer damages.

187. Plaintiff and Defendants had entered into a contractual relationship.

188. Plaintiff and the defendants had a contractual relationship both expressed as well as implied.

189. Plaintiff had a reasonable expectation that the defendants would adhere to the terms of such contract.

190. Plaintiffs relied on the terms and conditions of the contract, and the terms, representations and promises of Defendants.

191. There existed a contract with defendants and plaintiff. The defendants breached the contract they had with the plaintiff.

192. The Defendants breached this contract by refusing to follow through on their own promises as indicated in the contract, and by treating the plaintiff in an unfair and deceptive manner.

193. The Defendants failed to keep their promises to the Plaintiff.

194. The Defendants engaged in a breach of contract resulting in a violation of plaintiff's rights.

195. Through its actions and inactions, Defendants breached its contract with the plaintiff, and did knowingly injure or otherwise harm plaintiff's rights and interests.

196. By the above-described conduct, inter alia, the defendants knowingly, improperly, malevolently, and intentionally breached its contract with the plaintiff.

197. By the conduct alleged herein, Defendants breached the contract and caused harm to plaintiff.

198. As a result, the plaintiff have suffered damages including emotional damages and other harm.

13

199. As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.

200. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.

201. As a result of those actions, plaintiff has suffered and will continue to suffer damages.

202. The FedEx defendants are responsible for the conduct of its employee Doe.

203. The FedEx defendants oversee and supervise the work of its employee Doe.

204. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 3 - BREACH OF IMPLIED CONTRACT
### (as to all defendants)

205. Plaintiff re-allege and incorporate all paragraphs above as if fully set forth herein.

206. Plaintiff and Defendants had entered into another contract or an implied contract with the plaintiff.

207. The Defendants breached their implied contract with Plaintiff when they failed to do what they promised to do.

208. The Defendants failed to keep their promises to the Plaintiff.

209. As the result of the Defendants' breach, the plaintiff suffered damages as stated herein.

210. The Defendants were willful in their disregard for the welfare of the Plaintiff and caused damages to Plaintiff.

211. Through its actions and inactions, Defendants breached its implied contract with the plaintiff, and did knowingly injure or otherwise harm plaintiff's rights and interests.

212. By the conduct alleged herein, Defendants breached the implied contract and caused harm to plaintiff.

213. By the above-described conduct, inter alia, the defendants knowingly, improperly, malevolently, and intentionally breached its implied contract with the plaintiff.

214. As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.

215. The Defendants also caused or created emotional distress for Plaintiff.

216. The Defendants knew or should have known that their actions would cause injury to Plaintiff.

217. The Defendants have caused harm to plaintiff, including stress, loss of sleep, emotional upset, anxiety, etc.

218. As the result of the Defendants' actions, Plaintiff suffered and continues to suffer emotionally.

219. As a result thereof, the plaintiff has been and continued to be injured and suffer damages.

220. The FedEx defendants are responsible for the conduct of its employee Doe.

221. The FedEx defendants oversee and supervise the work of its employee Doe.

222. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 4 - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (as to all defendants)

223. Plaintiff re-allege and incorporate all paragraphs above as if fully set forth herein.

224. Plaintiff and Defendants entered into a contractual relationship.

225. In Massachusetts, every contract "imposes an obligation of good faith and fair dealing in its performance and enforcement," and this covenant is that "neither party shall do anything that will have the effect of destroying or injuring the rights of the other to receive the fruits of the contract." Lechoslaw v. Bank of v. N.A., 575 F. Supp. 2d 286, 296–97 (D. Mass. 2008).

226. This covenant is intended to ensure "that the parties remain faithful to the intended and agreed expectations of the contract" and that neither party will do anything that will prevent the other party from receiving the benefits of the contract. See Liss v. Studeny, 879 N.E.2d 676, 680 (Mass. 2008).

227. Therefore, Massachusetts law implies a covenant of good faith and fair dealing in all contracts between parties, whether either expressed or implied.

14

228. The Defendants therefore owed to Plaintiff a duty of utmost good faith and fair dealing and thereby was obligated to consider the welfare of Plaintiff, to refrain from acting for purely selfish motives or private gain, and to desist from destroying or injuring the right of the Plaintiff to receive the fruits of the contract.

229. The Defendants violated the implied covenant of good faith and fair dealing when the defendants breached the terms of the contract.

230. The Defendants failed to keep their promises to the Plaintiff.

231. The Defendants were willful in their disregard for the welfare of the Plaintiff and caused damages to Plaintiff.

232. By breaching the contract, and by doing so in a particularly bad faith, deceptive and harmful way, the defendants breached this contract and the attendant covenant of good faith and fair dealing.

233. By the above-described conduct, inter alia, the defendants knowingly, improperly, malevolently, and intentionally breached its implied covenant with the plaintiff.

234. Through its actions and inactions, Defendants breached its duty of good faith and fair dealing to plaintiff, intentionally engaged in wrongful conduct, and did knowingly injure or otherwise harm Plaintiff's rights and interests.

235. By the conduct alleged herein, the defendants have breached the implied covenant of good faith and fair dealing and caused harm to plaintiff.

236. As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.

237. As a result thereof, the plaintiff has been and continued to be injured and suffer damages.

238. As a result, Plaintiff has suffered damages.

239. The FedEx defendants are responsible for the conduct of its employee Doe.

240. The FedEx defendants oversee and supervise the work of its employee Doe.

241. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 5 - UNJUST ENRICHMENT
### (as to all defendants)

242. Plaintiff repeats and realleges the above paragraphs as though more fully stated herein.

243. In the alternative, Plaintiff also allege Unjust Enrichment.

244. The defendants have received a substantial monetary benefit, in the form of services paid for by Plaintiff.

245. As set forth above, due to gross and numerous violations of its own procedures and its policies, plaintiff and his wife have suffered prejudice and was subjected to mistreatment, disparate treatment, discrimination, retaliation, and unfair practices.

246. Defendants have therefore been unjustly enriched by monies paid for services to the Defendants that have been inferior, sub-par, poor and markedly hostile.

247. Plaintiffs are entitled to a refund for said paid services based on the Defendants' customer satisfaction guarantee.

248. By its wrongful acts and omissions, Defendants have been unjustly enriched at Plaintiff's expense, and, conversely, Plaintiff has been unjustly deprived.

249. As a result, plaintiff has been caused significant harm.

250. For the reasons set forth herein, under the circumstances it would be inequitable for the defendants to retain all of the monies that they have received from plaintiff.

251. As the result of the Defendant's afore-mentioned actions, Defendants were unjustly enriched.

252. The FedEx defendants are responsible for the conduct of its employee Doe.

253. The FedEx defendants oversee and supervise the work of its employee Doe.

15

254. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 6 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to all defendants)

255. Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

256. To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show "(1) that the defendants] intended to cause, or should have known that [their] conduct would cause, emotional distress; (2) that the defendants'] conduct was extreme and outrageous; (3) that the defendants'] conduct caused [her] distress; and (4) that [he] suffered severe distress.

257. To be considered extreme and outrageous, the defendants' conduct must "be beyond all bounds of decency and... utterly intolerable in a civilized community." See Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 596 (2001).

258. Intentional infliction of emotional distress requires "extreme and outrageous conduct intentionally or recklessly cause[d] severe distress to another."

259. The Defendants' actions transcended all bounds of decency by human standards.

260. The Defendants' actions were intentional, reckless and malicious.

261. The Defendants' actions were outrageous and extreme. It is without question that, on top of the continuous hostile environment that the plaintiff and his wife was subjected to, the use of the nasty and disgusting derogatory and discriminatory slurs by Doe towards the plaintiff, was shocking, stunning and extreme.

262. Doe was on an extreme power trip and was bent on exerting oppressive dominance over the plaintiff to teach the plaintiff a lesson, to put the plaintiff in his place, to subjugate the plaintiff to extreme hostility, and to so assault the dignity of the plaintiff as to break and injure the plaintiff's spirit.

263. The Defendants' treatment of plaintiff caused the plaintiff's injuries.

264. Said injuries were the direct and proximate result of the Defendants' actions.

265. The Defendants knew or should have known that their actions would cause injury to plaintiff.

266. As the result of the Defendants' actions, the plaintiff was traumatized and suffered emotionally.

267. The Defendants caused harm to plaintiff, including stress, sleep loss, emotional upset, anxiety, etc.

268. The Defendants caused or created emotional distress for plaintiff.

269. The Defendants knew that by making the insulting, derogatory and demeaning statements to and about the plaintiff (as African American man), it would cause emotional distress for the plaintiff.

270. This is intolerable in a civil society and is beyond outrageous and extreme conduct.

271. The Defendants intentionally inflicted emotional distress on plaintiff, as a direct and proximate result of Defendants' actions and inactions.

272. The plaintiff was caused to suffer severe emotional distress as the result of which a reasonable person in plaintiff's position would have suffered similar emotional distress under like circumstances.

273. The plaintiff sustained damages as a result of Defendants' intentional infliction of emotional distress on him.

274. As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.

275. As a result thereof, the plaintiff has been and continued to be injured and suffer damages.

276. The FedEx defendants are responsible for the conduct of its employee Doe.

277. The FedEx defendants oversee and supervise the work of its employee Doe.

278. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

16

## COUNT 7 - VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS ACTS (MERA)
### (as to all defendants)

279.  Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

280.  The Massachusetts Equal Rights Act ("MERA") guarantees "[a]ll persons within the commonwealth" the "same rights enjoyed by white male citizens" to "make and enforce contracts" and "to the full and equal benefit of all laws and proceedings for the security of persons and property." Mass. Gen. Laws ch. 93, § 102. This is the state counterpart to federal law embodied in Section 1981.

281.  The plaintiff is an African American male which is recognized as a protected class under Mass. Const. amend. CXIV and under the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a).

282.  The defendants denied plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that they extend to other similarly situated customers.

283.  The defendants have subjected the plaintiff to discrimination under Mass. Const. amend. CXIV and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a).

284.  As alleged previously, the FedEx defendants had a contract with plaintiff, that carried certain obligations, that included providing services free from race discrimination and retaliation, among other things.

285.  The defendants deprived the plaintiff of the benefits of the contract with FedEx and the full and equal benefit of state and federal law, based on his race.

286.  In doing so, the defendants acted knowingly and with reckless indifference to the plaintiff's rights.

287.  The FedEx defendants are vicariously liable for the actions of its employee, Eric Doe, in violation of the MERA because Eric Doe took those actions within the scope of his employment.

288.  The plaintiff is therefore entitled to all legal and equitable remedies available under the MERA, including compensatory and punitive damages, injunctive relief, attorneys' fees and costs, and other appropriate relief.

## COUNT 8 - VIOLATION OF THE MASSACHUSETTS PUBLIC ACCOMMODATION LAW
### (as to all defendants)

289.  Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

290.  The Massachusetts Public Accommodation Law prohibits, among other things, making any distinction, discrimination, or restriction in admission to or treatment in a place of public accommodation based on race...

291.  Massachusetts General Law - Part IV, Title I, Chapter 272, Section 98 states (in Section 98 - Discrimination in admission to, or treatment in, place of public accommodation; punishment; forfeiture; civil right):

> Whoever makes any distinction, discrimination or restriction on account of race... relative to the admission of any person to, or his treatment in any place of public accommodation, resort or amusement, as defined in section ninety-two A, or whoever aids or incites such distinction, discrimination or restriction, shall be punished by a fine of not more than twenty-five hundred dollars or by imprisonment for not more than one year, or both, and shall be liable to any person aggrieved thereby for such damages as are enumerated in section five of chapter one hundred and fifty-one B; provided, however, that such civil forfeiture shall be of an amount not less than three hundred dollars; but such person so aggrieved shall not recover against more than one person by reason of any one act of distinction, discrimination or restriction. All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right.

292.  The FedEx defendants operate and control, and operates within, a place of public accommodation as defined by Mass. Gen. Laws ch. 272, § 92A ("A place of public accommodation, resort or amusement

17

within the meaning hereof shall be defined as and shall be deemed to include any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public...").

293. The FedEx defendants, in violation of Mass. Gen. Laws ch. 272, §98, have discriminated and retaliated against the plaintiff in a public accommodation.

294. As alleged previously, the FedEx defendants had a contract with plaintiff, that carried with it certain obligations, that included providing services free from race discrimination and retaliation, among other things.

295. The FedEx defendants deprived the plaintiff of the benefits of their contracts with FedEx and the full and equal benefit of state and federal law, based on his race.

296. In doing so, the defendants acted knowingly and with reckless indifference to the plaintiff's rights.

297. The FedEx defendants are vicariously liable for the actions of its employee, Eric Doe.

298. The plaintiff is therefore entitled to all legal and equitable remedies available.

## VI. EXEMPLARY OR PUNITIVE DAMAGES

299. Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

300. Plaintiff is also entitled to receive punitive damages because the FedEx defendants engaged in a discriminatory or retaliatory practice or in discriminatory or retaliatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

301. The FedEx defendants have also engaged in this type of behavior before and still continue to do so to this day, demonstrating that they do not take or treat these issues seriously enough to ensure managers and employees are properly trained and competent in non-discrimination and non-retaliation policies and law.

302. The FedEx defendants failed to respond the plaintiff's complaint about Eric Doe. The Fedex Defendants demonstrated a deliberate indifference to the discrimination and retaliation that the plaintiff experienced.

303. Evidently, punitive damages are the only way that the FedEx defendants will be incentivized to change their culture, actions and practices.

## VII. CONCLUSION

304. The plaintiff asks the court to grant a liberal construction to these pro se/non-lawyer words in a light most favorable to the plaintiff, in accordance with the best practices of modern jurisprudence and in compliance with the US supreme court's directive to all lower courts and tribunals, in Haines v Kerner, 404 U.S. 519 (1972).

305. The plaintiff requests that this court tries its best to understand what it is that the plaintiff is trying to articulate to the court, and to interpret it in the best way and best light possible, in order to provide appropriate justice as is necessary and required.

306. The plaintiff hereby demand a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the plaintiff, respectfully prays that the Court grant the following relief:

(1) Enter judgment in plaintiff's favor and against Defendants for: any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at

18

the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, and such other and further relief as the plaintiff may be entitled to by bringing this action.

(2) Award plaintiff damages within the jurisdictional limits of this court.

(3) Award punitive damages, as appropriate, in the amount to be established at trial.

(4) Award plaintiff costs, attorneys' fees, and non-taxable expenses in this action.

(5) Grant a pro se liberal construction to this pleading as required or necessary.

(6) Order such other relief as this Court deems just, equitable or appropriate.

Respectfully Submitted,

_andre Brown_

_____

PLAINTIFF
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

Dated: May 19, 2023

I HEREBY ATTEST AND CERTIFY ON
March 2, 2026_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
        John E. Powers, III
        Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
        Assistant Clerk

| **CIVIL ACTION COVER SHEET** | **DOCKET NUMBER** 23-1189 | **Trial Court of Massachusetts The Superior Court** |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| **Plaintiff**  Andre Bisasor | **Defendant:**  Fedex Office And Print Services, Inc. |
|---|---|
| ADDRESS:    679 Washington Street, #8-206, Attleboro, MA 02703 | ADDRESS:    155 Federal St. Suite 700, Boston, MA 02110 USA |
| | |
| **Plaintiff Attorney:** | **Defendant:**    Fedex Corporation |
| ADDRESS: | ADDRESS:    155 Federal St. Suite 700, Boston, MA 02110 USA |
| | |
| BBO: | |
| **Plaintiff Attorney:** | **Defendant:**    Eric "Doe" (last name is unknown at this time) |
| ADDRESS: | ADDRESS:    Resides in Massachusetts (address is unknown at this time) |
| | |
| BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO.  E17 | TYPE OF ACTION (specify)  Civil Rights Violations, Breach of Contract, etc. | TRACK  A | HAS A JURY CLAIM BEEN MADE?  ☒ YES    ☐ NO |
|---|---|---|---|

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?                    Is there a class action under Mass. R. Civ. P. 23?
☐ YES    ☒ NO                                          ☐ YES    ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

# See attached complaint. Damages exceeds $50,000.

F. Other documented items of damages (describe below)

Total Damages exceed $50,000. See attached complaint.

TOTAL (A-F):                    $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Total Damages exceed $50,000. See attached complaint.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of Contract.  See attached complaint. | |
| 2. | Breach of Covenant of Good Faith & Fair Dealing.  See attached complaint. | |
| 3. | Unjust Enrichment.  See attached complaint. | |
| | See attached complaint. Damages exceeds $50,000.            Total | |

| Signature of Attorney/Self-Represented Plaintiff: X _ade Brown_ | Date: | 5/19/23 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X _____ | Date: _____ |
|---|---|

I HEREBY ATTEST AND CERTIFY ON
__March 2, 2026__    , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
    John E. Powers, III
    Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
    Assistant Clerk

5

| JUDGMENT OF DISMISSAL UNDER STANDING ORDER 1-88 | DOCKET NUMBER 2384CV01189 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME Bisasor, Andre vs. Fedex Office And Print Services, Inc. et al | John E Powers, III Suffolk County Civil |
|---|---|

| TO: Andre Bisasor 679 Washington Street, #8-206 Attleboro, MA 02703 | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

This action came on before the Court, pursuant to Standing Order 1-88, and it appearing that service of process has not been completed upon the defendant(s) named below, it is **ORDERED and ADJUDGED** that the complaint is hereby dismissed, without prejudice, with respect to said defendant(s).

**Defendant(s):**   **Fedex Office And Print Services, Inc.**
**Fedex Corporation**
**Eric "doe"**

I HEREBY ATTEST AND CERTIFY ON
March 2, 2026 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk

| DATE ISSUED 04/17/2025 | CLERK OF COURTS John E Powers, III | ASSISTANT CLERK X | SESSION PHONE# (617)788-8110 |
|---|---|---|---|

Date/Time Printed: 04-17-2025 09:32:23

SCV12A 11/2014

Date Filed 8/19/2025 11:58 PM
Superior Court - Suffolk
Docket Number 2384CV01189

ML

8/22

6

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK SUPERIOR COURT**

Civil Action No. 2384CV01189 D

*Notice Sent*
*9/5/25*
*BA(1)*

ANDRE BISASOR,
Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.;
FEDEX CORPORATION;
ERIC DOE;
Defendants.

## MOTION FOR EXTENSION OF TIME TO SERVE ALL DEFENDANTS

1. Plaintiff Andre Bisasor respectfully moves this Court for an extension of time to serve process on all defendants in this action, of 60 days, and in support thereof states as follows.

2. On May 19, 2023, plaintiff filed this civil rights action against defendants FedEx Office and Print Services, Inc., FedEx Corporation, and Eric "Doe."

3. On May 20, 2025, this Court issued an endorsement stating the deadline for service of process on defendants is August 19, 2025.

4. Plaintiff is and has been actively seeking qualified legal counsel for this complex federal civil rights action involving multiple claims under 42 U.S.C. § 1981, Massachusetts Equal Rights Act, and Massachusetts public accommodation law. The plaintiff is in the process of securing counsel and just needs a little more time to accomplish this. Note: As an African-American indigent plaintiff it requires a little more time to secure counsel to take the case on affordable or contingency terms.

5. Massachusetts courts recognize that pro se litigants seeking representation in complex civil rights cases require additional time to secure competent counsel.

6. This case involves sophisticated federal and state civil rights claims requiring specialized legal knowledge:
   a. Federal Section 1981 discrimination and retaliation claims
   b. Massachusetts Equal Rights Act (MERA) violations
   c. Massachusetts public accommodation law violations
   d. Multiple contract-based claims
   e. Intentional infliction of emotional distress claims
   f. Claims for punitive damages

7. The complexity of these interrelated claims demonstrates the need for professional legal representation and justifies additional time to secure counsel.

8. Defendant Eric "Doe" cannot be served without first obtaining this information from the corporate defendants regarding his full identity and current address.

9. Plaintiff has diligently sought to uncover the identity of the doe defendant including contacting the Fedex local office where he works but have been unsuccessful. The Doe defendant's identity remains unknown.

10. Plaintiff seeks an accommodation by this court to serve the Doe defendant at his local work office rather than at his home address as required by the rules, or to serve the Doe defendant by other means that the court deems reasonable.

11. An extension of time is needed to coordinate service of process on all defendants. This serves judicial efficiency and avoids piecemeal litigation. This necessitates additional time beyond the current deadline.

12. Massachusetts Rule 6(b) permits extension "for good cause shown". Under Massachusetts Rule 6(b), good cause exists for extension.[1]

---

[1] Also, although the plaintiff received copy of the complaint, and the summons, the necessary paperwork needed by the Sheriff was not received.

1

*[Handwritten margin annotation, left side:]* 8/28/25. Allowed as follows: Plaintiff shall have until October 19 to serve the complaint. Given the age of the case, there shall be no further extensions. In order to pursue his claim against Doe, plaintiff must determine his identity and serve him properly, which he may do through discovery on the complaint is properly served on the corporate defendants. Corwin(?)

Date Filed 8/19/2025 11:58 PM
Superior Court - Suffolk
Docket Number 2384CV01189

13. Courts routinely grant extensions to pro se litigants seeking counsel in complex civil rights cases, recognizing the importance of adequate representation in such matters.
14. This is the final request for extension of service of process and will not seek further extension if granted.
15. WHEREFORE, plaintiff respectfully requests that this Honorable Court:
   a. GRANT this Motion for Extension of Time to Serve All Defendants;
   b. EXTEND the deadline for service of process on all defendants by sixty (60) days until October 18, 2025;
   c. GRANT such other relief as this Court deems just and proper; and
   d. GRANT a pro se liberal construction to this motion as required by law.

Respectfully submitted,
/s/andre bisasor
ANDRE BISASOR
Pro Se Plaintiff
679 Washington Street, Suite #8-206
Attleboro, MA 02703

Dated: August 19, 2025

I HEREBY ATTEST AND CERTIFY ON
__March 2, 2026__ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk

2

Date Filed 10/20/2025 11:52 AM
Superior Court - Suffolk
Docket Number 2384CV01169

*10/22*

**7**

COMMONWEALTH OF MASSACHUSETTS - SUFFOLK SUPERIOR COURT

*Notice sent*
*10/30/25*
*BA (1)*

SR

Civil Action No. 2384CV01189 D

ANDRE BISASOR, Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.; FEDEX CORPORATION; ERIC DOE; Defendants.

**EMERGENCY MOTION FOR CLARIFICATION OF COURT-ORDERED DEADLINE AND A FINAL BRIEF EXTENSION OF TIME TO SERVE PROCESS DEFENDANTS**

1. Plaintiff Andre Bisasor respectfully moves this Court for clarification of the court-ordered deadline for service of process on defendants and for a final brief extension of time to serve process on defendants in this action, of 30 days, and in support thereof states as follows.

2. On 9-3-25, the Court ordered that the plaintiff's service deadline be extended to 10-19-25. However, this deadline falls on a Sunday. Plaintiff is not sure if this was an oversight and is uncertain whether the actual effective deadline was 10-19-25 or is 10-20-25. This confusion arises from the following factors. First, MGL Chapter 136, Section 8 seems to explicitly prohibit service of civil process on Sunday and declares any such service void. Furthermore, the sheriff's office is closed on Sundays. These factors seem to create a legal impossibility of service of process on a Sunday, as service evidently cannot legally be performed on that day[1]. Second, M.G.L. Chapter 4, Section 9 and Massachusetts Rules of Civil Procedure Rule 6(a) provide that when a deadline falls on a Sunday, "the act may be performed on the next succeeding business day."

3. Also, the Suffolk county sheriff's office told plaintiff that any rushed service (within 2 or 3 business days of required service date) would cost an additional $55 per defendant and this is not covered by the customary cost waivers for service from the court. This is the policy of the Suffolk county sheriff department, which plaintiff did not know of before. Therefore, plaintiff would have had to bear the added out-of-pocket expense to serve process by today's date. The plaintiff intended to serve process today presuming that the deadline bumped over to today but did not anticipate this obstacle. Further, Plaintiff only discovered these issues recently and was only able to seek to address these issues via this motion today[2].

4. Lastly, and most critically, in reviewing the requirements for service and preparing for service today, the plaintiff discovered that neither the determination of costs paperwork for the sheriff nor the official summons have been received from the court[3]. Therefore, the plaintiff is impeded in being able to complete service by today either way.

5. Thus, Plaintiff urgently needs a brief final extension to arrange for coordination with sheriff's office to avoid the additional service fees or to otherwise file and obtain an additional waiver of cost from the court to cover the additional fees, and to obtain the determination of costs paperwork that the sheriff needs to effect service. Furthermore the plaintiff needs to await a response from the court to this motion.

6. Also, plaintiff would like to clarify/confirm that plaintiff may serve the corporate defendants at their local registered agent address (at 155 Federal Street, Boston MA), via local sheriff, and not at their business address in other states [i.e., not at the addresses listed as their company addresses in this lawsuit] under the long arm statute via certified mailing. If the latter is required, then alternative arrangements for service will need to be made for out of state service (and plaintiff may require assistance from the clerk's office towards that end in that instance).

7. In light of the above, Plaintiff requests a final brief 30-day extension beyond 10-20-25 to complete service on defendants, or otherwise whatever the court deems an appropriate extension under the circumstances.

WHEREFORE, Plaintiff respectfully requests that this Court grant clarification and a final brief extension of time to serve process on defendants, or grant any other relief the court deems just. Please rule on this motion urgently.

Respectfully submitted,
/s/andre bisasor
ANDRE BISASOR

Dated: October 20, 2025

---

[1] Plaintiff presumes that Massachusetts Rule 6(a) resolves this conflict by automatically extending deadlines that fall on Sundays to the next business day. Hence, plaintiff reasonably understands the effective deadline to be Monday, 10-20-25. Nevertheless, because the Court's endorsement stated a specific date of 10-19-25, plaintiff seeks clarification to ensure he has the correct understanding. Note: Plaintiff also tried reaching out to a clerk for clarification but haven't received a reply as yet. Given that time is of the essence, this motion is now being filed

[2] NB: It should be noted that Plaintiff has been dealing with certain ADA/medical issues and could not effectuate service prior to today.

[3] Plaintiff is not certain if these service documents were not sent at all by the court, or whether they were sent by the court but to a previous address (as plaintiff's current address is at 101 Turnpike, #270, Burlington MA 01803, and no longer at the Attleboro MA address). Either way, plaintiff asks that the documents now be sent to this correct address).

1

I HEREBY ATTEST AND CERTIFY ON __March 2, 2026__, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk

Date Filed 1/26/2026 12:00 AM    BC
Superior Court - Suffolk
Docket Number 2384CV01189

8

TRIAL COURT OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

CIVIL DOCKET NO.: 23-1189 D

ANDRE BISASOR,
Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.,
FEDEX CORPORATION, and
ERIC "DOE"
Defendants

## NOTICE OF SERVICE OF SUMMONS AND COMPLAINT

· Plaintiff, ANDRE BISASOR, hereby notifies the Court that service of the Summons and Complaint has been executed upon the corporate defendants in the above-captioned action as follows:

**1. SERVICE UPON FEDEX OFFICE AND PRINT SERVICES, INC.**

On January 23, 2026, a summons and copy of the Complaint were served upon FedEx Office and Print Services, Inc. through its registered agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110, by the office of the Sheriff of Suffolk County.

**2. SERVICE UPON FEDEX CORPORATION**

On January 23, 2026, a summons and copy of the Complaint were served upon FedEx Corporation through its registered agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110, by the office of the Sheriff of Suffolk County.

**3. PENDING RETURN OF SERVICE**

The formal Return of Service documents evidencing such service are currently in the possession of the Sheriff's office and will be filed with this Court upon receipt. This notice informs the court that service has been made and is pending the official return of service documentation from the sheriff's office.

Please see attached photo in the interim.

Respectfully submitted,
/s/Andre Bisasor
Andre Bisasor
Plaintiff (Pro Se)

Date: January 23, 2026

I HEREBY ATTEST AND CERTIFY ON
March 2, 2026 _____ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk



Date Filed 1/26/2026 12:00 AM
Superior Court - Suffolk
Docket Number 2384CV01189

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

9

CN

### COMMONWEALTH OF MASSACHUSETTS
### SUFFOLK SUPERIOR COURT
### CIVIL ACTION NO. 2384CV01189   D

ANDRE BISASOR,
Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.;
FEDEX CORPORATION; and
ERIC "DOE,"
Defendants

---

#### NOTICE OF FILING OF RETURN OF SERVICE
#### AS TO DEFENDANT FEDEX CORPORATION

---

1. Plaintiff Andre Bisasor, proceeding pro se, hereby files with this Honorable Court the Return of Service executed by the Suffolk County Sheriff's Department as proof that service of process has been duly completed upon **Defendant FedEx Corporation**, in compliance with Mass. R. Civ. P. 4(d)(2) and 4(f), and in accordance with the Court's Order of October 27, 2025, which directed that service be effectuated by January 23, 2026.
2. As set forth in the attached Return of Service, on January 23, 2026, at 2:07 PM, Deputy Sheriff Edward J. Pina of the Suffolk County Sheriff's Department served a true and attested copy of the Summons, Complaint, and Civil Action Cover Sheet upon **Defendant FedEx Corporation** by delivering such documents in hand to Sequiera Lavender, an agent and person in charge at the time of service, at the office of **FedEx Corporation's** registered agent for service of process, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.
3. Service was thus effectuated by in-hand delivery upon **FedEx Corporation's** statutory registered agent in full conformity with the requirements of Mass. R. Civ. P. 4(d)(2), which authorizes service upon a corporation by delivering copies of the summons and complaint to any agent authorized by appointment or by law to receive service of process.
4. The original Return of Service, executed by Deputy Sheriff Edward J. Pina and dated February 6, 2026, is attached hereto as Exhibit A and incorporated herein by reference.

Respectfully submitted,
/s/ Andre Bisasor
**ANDRE BISASOR**
Plaintiff, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01803
Email: quickquantum@aol.com

Date: February 11, 2026

#### CERTIFICATE OF SERVICE
I hereby certify that a copy of this filing was served upon each party entitled to notice.

/s/ Andre Bisasor
Andre Bisasor

I HEREBY ATTEST AND CERTIFY ON
March 2, 2026            , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
       John E. Powers, III
       Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: 
       Assistant Clerk

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

**EXHIBIT A**

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

| Summons | CIVIL DOCKET NO<br>23 - 1159 D | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>ANDRE BISASOR | | John E. Powers, III,    Acting<br>Clerk of Courts<br>Suffolk Superior Civil.    County |
| vs.<br>FEDEX OFFICE + PRINT SERVICES, INC<br>FEDEX CORPORATION<br>ERIC DOE    Plaintiff(s)<br>Defendant(s) | | COURT NAME & ADDRESS<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO ___FEDEX CORPORATION___ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original response** with the Clerk's Office for Civil Business,  Suffolk Superior Court
    (address), by mail, in person, or electronically through
    the web portal www.eFileMA.com if the Complaint was e-filed through that portal. **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address:
    101 Middlesex Turnpike, #2R, Burlington, MA 0,803

**3. What to include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01169

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at.

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on _____ . 20____ . (Seal)

Acting Clerk

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

---



Suffolk County Sheriff's Department · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

February 6, 2026

I hereby certify and return that on 1/23/2026 at 2.07 PM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to Sequiera Lavender, agent and person in charge at the time of service for FedEx Corporation at c/o CT Corporation System, 155 Federal Street, Suite 700 Boston, MA 02110. In this service hereof it was necessary and I actually used a motor vehicle 1 miles.   Attest/Copies ($5.00) Conveyance ($1.20) Postage and Handling ($1.00) Travel ($1.00) CPCS Service Fee ($20.00) Total: $28.20

Deputy Sheriff Edward Pina

Edward G. Pina

Deputy Sheriff

rev 1/2022

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

10

CN

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK SUPERIOR COURT**
**CIVIL ACTION NO. 2384CV01189** D

ANDRE BISASOR, Plaintiff
v.
**FEDEX OFFICE AND PRINT SERVICES, INC.; FEDEX CORPORATION; and**
**ERIC "DOE," Defendants**

---

**NOTICE OF FILING OF RETURN OF SERVICE**
**AS TO DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.**

---

1. Plaintiff Andre Bisasor, proceeding pro se, hereby files with this Honorable Court the Return of Service executed by the Suffolk County Sheriff's Department as proof that service of process has been duly completed upon **Defendant FedEx Office and Print Services, Inc.**, in compliance with Mass. R. Civ. P. 4(d)(2) and 4(f), and in accordance with the Court's Order of October 27, 2025, which directed that service be effectuated by January 23, 2026.

2. As set forth in the attached Return of Service, on January 23, 2026, at 2:07 PM, Deputy Sheriff Edward J. Pina of the Suffolk County Sheriff's Department served a true and attested copy of the Summons, Complaint, and Civil Action Cover Sheet upon **Defendant FedEx Office and Print Services, Inc.** by delivering such documents in hand to Sequiera Lavender, an agent and person in charge at the time of service, at the office **of FedEx Office and Print Services, Inc.'s** registered agent for service of process, C.T. Corporation System, located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

3. Service was thus effectuated by in-hand delivery upon **FedEx Office and Print Services, Inc.'s** statutory registered agent in full conformity with the requirements of Mass. R. Civ. P. 4(d)(2), which authorizes service upon a corporation by delivering copies of the summons and complaint to any agent authorized by appointment or by law to receive service of process.

4. The original Return of Service, executed by Deputy Sheriff Edward J. Pina and dated February 6, 2026, is attached hereto as Exhibit A and incorporated herein by reference.

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
Plaintiff, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01803
Email: quickquantum@aol.com

Date: February 11, 2026

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of this filing was served upon each party entitled to notice.

/s/ Andre Bisasor
Andre Bisasor

I HEREBY ATTEST AND CERTIFY ON
March 2, 2026 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

Assistant Clerk

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

**EXHIBIT A**

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

| Summons | CIVIL DOCKET NO.<br>23 - 1189 D | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>ANDRE BISASOR<br><br>vs.<br>FEDEX OFFICE + PRINT SERVICES, INC.<br>FEDEX CORPORATION<br>ERIC DOE | Plaintiff(s)<br><br><br><br>Defendant(s) | John E. Powers, III, · Acting Clerk of Courts<br>Suffolk Superior Civil, County<br>COURT NAME & ADDRESS:<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO ___ Fedex Office and Print Services ___ (Defendant's name).

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the ____ Court.
YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

**1. You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**
To respond to this lawsuit, you must file a written response with the Court and mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, AND

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address:
101 Middlesex Turnpike, #270, Burlington, MA 01807

**3. What to include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

Date Filed 2/11/2026 9:06 AM
Superior Court - Suffolk
Docket Number 2384CV01189

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss." If you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ . Chief Justice on _____ . 20____ . (Seal)

Acting Clerk _____

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

---

I ..... certify that ..... I served a copy of this Summons together with a copy of the Complaint

**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

February 6, 2026

I hereby certify and return that on 1/23/2026 at 2:07 PM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to Sequiera Lavender, , agent and person in charge at the time of service for Fedex Office and Print Services, Inc. at c/o C.T. Corporation System 155 Federal Street, Suite 700, Boston, MA 02110 . In this service hereof it was necessary and I actually used a motor vehicle 1 miles.   Attest/Copies ($5.00) Conveyance ($1.20) Postage and Handling ($1.00) Travel ($1.00) CPCS Service Fee ($20.00) Total: $28.20

Deputy Sheriff  Edward Pini

*Edward G. Pini*

*Deputy Sheriff*

rev 1/2022

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01169

11

CN     COMMONWEALTH OF MASSACHUSETTS - SUFFOLK SUPERIOR COURT
CIVIL ACTION NO. 2384CV01189  D

ANDRE BISASOR, Plaintiff
v.
FEDEX OFFICE AND PRINT SERVICES, INC.; FEDEX CORPORATION; and
ERIC "DOE," Defendants

### NOTICE REGARDING SERVICE
### AS TO DEFENDANT ERIC DOE

1. Plaintiff Andre Bisasor submits this Notice to inform the Court of the status of service upon Defendant Eric "Doe" in the above-captioned action.
2. Service of process has not yet been effectuated upon Defendant Eric "Doe" because Plaintiff has been unable to ascertain his full legal identity, which is necessary to properly serve him in accordance with Massachusetts Rules of Civil Procedure.
3. This Court expressly contemplated and addressed this circumstance in its Endorsement dated 8-28-25, on Plaintiff's Motion for Extension of Time to Serve All Defendants (Docket #6), wherein the Court stated: "**Plaintiff must determine his identity and serve him properly, which he may do through discovery, once the complaint is properly served on the corporate defendants.**" See Exhibit A.
4. The Court's Order thus recognized that identification and service of Defendant Doe would necessarily follow service upon corporate defendants and would be accomplished through the discovery process.
5. As set forth in the Returns of Service filed contemporaneously herewith, the Plaintiff has now completed service upon both corporate defendants, FedEx Corporation and FedEx Office and Print Services, Inc., by in-hand delivery through the Suffolk County Sheriff's Department on January 23, 2026, within the deadline established by the Court's Order of October 27, 2025.
6. Having satisfied the prerequisite identified by the Court, and once the corporate defendants appear, the Plaintiff will seek discovery from the corporate defendants to determine the full legal name and identity of Defendant Eric "Doe," and will thereafter effectuate service upon him in accordance with the applicable rules.
7. The Plaintiff respectfully requests the Court take notice of the foregoing and permit Plaintiff a reasonable period of time following identification of Defendant Doe's full legal name through discovery, to effectuate proper service upon him, consistent with the Court's 8-28-25 Endorsement.

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
Plaintiff, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01803
Email: quickquantum@aol.com

Date: February 11, 2026

### CERTIFICATE OF SERVICE
I hereby certify that a copy of this filing was served upon each party entitled to notice.

/s/ Andre Bisasor
Andre Bisasor

I HEREBY ATTEST AND CERTIFY ON
March 2, 2026_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Number 2384CV01189

## EXHIBIT A

Date Filed 2/11/2026 9:08 AM
Superior Court - Suffolk
Docket Filed 8/18/2025, 1:58 PM
Superior Court - Suffolk
Docket Number 2384CV01189

8/22                                                                          6

ML                          COMMONWEALTH OF MASSACHUSETTS
                                 SUFFOLK SUPERIOR COURT

                              Civil Action No. 2384CV01189 D          MOTIFY

                                       ANDRE BISASOR,
                                          Plaintiff

                                             v.

                            FEDEX OFFICE AND PRINT SERVICES, INC.;
                                     FEDEX CORPORATION;
                                          ERIC DOE;
                                          Defendants.

                  MOTION FOR EXTENSION OF TIME TO SERVE ALL DEFENDANTS

1. Plaintiff Andre Bisasor respectfully moves this Court for an extension of time to serve process on all defendants in this action, of 60 days, and in support thereof states as follows.
2. On May 19, 2023, plaintiff filed this civil rights action against defendants FedEx Office and Print Services, Inc., FedEx Corporation, and Eric "Doe."
3. On May 20, 2025, this Court issued an endorsement stating the deadline for service of process on defendants is August 19, 2025.
4. Plaintiff is and has been actively seeking qualified legal counsel for this complex federal civil rights action involving multiple claims under 42 U.S.C. § 1981, Massachusetts Equal Rights Act, and Massachusetts public accommodation law. The plaintiff is in the process of securing counsel and just needs a little more time to accomplish this. Note: As an African-American indigent plaintiff it requires a little more time to secure counsel to take the case on affordable or contingency terms.
5. Massachusetts courts recognize that pro se litigants seeking representation in complex civil rights cases require additional time to secure competent counsel.
6. This case involves sophisticated federal and state civil rights claims requiring specialized legal knowledge:
    a. Federal Section 1981 discrimination and retaliation claims
    b. Massachusetts Equal Rights Act (MERA) violations
    c. Massachusetts public accommodation law violations
    d. Multiple contract-based claims
    e. Intentional infliction of emotional distress claims
    f. Claims for punitive damages
7. The complexity of these interrelated claims demonstrates the need for professional legal representation and justifies additional time to secure counsel.
8. Defendant Eric "Doe" cannot be served without first obtaining this information from the corporate defendants regarding his full identity and current address.
9. Plaintiff has diligently sought to uncover the identity of the doe defendant including contacting the Fedex local office where he works but have been unsuccessful. The Doe defendant's identity remains unknown.
10. Plaintiff seeks an accommodation by this court to serve the Doe defendant at his local work office rather than at his home address as required by the rules, or to serve the Doe defendant by other means that the court deems reasonable.
11. An extension of time is needed to coordinate service of process on all defendants. This serves judicial efficiency and avoids piecemeal litigation. This necessitates additional time beyond the current deadline.
12. Massachusetts Rule 6(b) permits extension "for good cause shown". Under Massachusetts Rule 6(b), good cause exists for extension.[1]

---

[1] Also, although the plaintiff received copy of the complaint, and the summons, the necessary paperwork needed by the Sheriff was not received.

1

Date Filed 2/13/2026 10:06 AM
Superior Court - Suffolk
Docket Number 2384CV01189

**12**

CN

COMMONWEALTH OF MASSACHUSETTS - SUFFOLK SUPERIOR COURT
CIVIL ACTION NO. 2384CV01189 **D**

ANDRE BISASOR,
Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.; FEDEX CORPORATION; and ERIC "DOE,"
Defendants

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
### (Pursuant to Mass. R. Civ. P. 55(a))

1. Plaintiff Andre Bisasor, proceeding pro se, respectfully requests that the Clerk of this Honorable Court enter a default, pursuant to Mass. R. Civ. P. 55(a), against Defendants FedEx Corporation and FedEx Office and Print Services, Inc. for their failure to plead or otherwise defend within the time prescribed by these rules. In support of this Request, the Plaintiff states as follows.
2. The Complaint in this action, in which a judgment for affirmative relief is sought against the above-named Defendants, was originally filed on May 19, 2023, and subsequently served pursuant to Court order.
3. The Summons and a copy of the Complaint were duly served upon both Defendant FedEx Corporation and Defendant FedEx Office and Print Services, Inc. on January 23, 2026, by Deputy Sheriff Edward J. Pina of the Suffolk County Sheriff's Department, as appears from the officer's Returns of Service filed with this Court on February 11, 2026 (Docket Entries #9 and #10).
4. Pursuant to Mass. R. Civ. P. 12(a), each Defendant was required to serve a responsive pleading or otherwise defend within twenty (20) days of service.
5. The twenty-day period, computed in accordance with Mass. R. Civ. P. 6(a), expired on February 12, 2026.
6. As of the date of this filing, neither Defendant FedEx Corporation nor Defendant FedEx Office and Print Services, Inc. has filed an Answer, a Motion to Dismiss, or any other responsive pleading or defense with this Court, nor has either Defendant entered an appearance or made any communication to the Plaintiff indicating an intention to defend this action.
7. WHEREFORE, Plaintiff respectfully requests that the Clerk enter a default against Defendant FedEx Corporation and Defendant FedEx Office and Print Services, Inc. pursuant to Mass. R. Civ. P. 55(a), for their failure to plead or otherwise defend as provided by these rules.

Respectfully submitted,
/s/ Andre Bisasor
**ANDRE BISASOR**
101 Middlesex Turnpike, #270
Burlington, MA 01803
Phone: (781) 492-5675
Email: quickquantum@aol.com

Date: February 13, 2026

### CERTIFICATE OF SERVICE
I hereby certify that a copy of the foregoing will be /was served upon Defendants FedEx Corporation and FedEx Office and Print Services, Inc. by first-class mail to their registered agent for service of process, CT Corporation System at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

/s/ Andre Bisasor
Andre Bisasor

**I HEREBY ATTEST AND CERTIFY ON**
__March 2, 2026__ **, THAT THE**
**FOREGOING DOCUMENT IS A FULL,**
**TRUE AND CORRECT COPY OF THE**
**ORIGINAL ON FILE IN MY OFFICE,**
**AND IN MY LEGAL CUSTODY.**
**John E. Powers, III**
**Clerk Magistrate**
**SUFFOLK SUPERIOR CIVIL COURT**
**DEPARTMENT OF THE TRIAL COURT**
**BY:** _____
Assistant Clerk

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01189

13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                           SUPERIOR COURT DEPARTMENT
                                      OF THE TRIAL COURT

ANDRE BISASOR,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    Civil Action No. 2384CV01189
                                      )
FEDEX OFFICE AND PRINT SERVICES,      )    US DIST.# 26-CV-10842
INC., FEDEX CORPORATION, and          )
ERIC DOE,                             )
                                      )
        Defendants.                   )

### DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL

Please take notice that on February 12, 2026, Defendant FedEx Office and Print Services filed a Notice of Removal of this action in the office of the Clerk of the United States District Court for the District of Massachusetts. A copy of the Notice of Removal (including its accompanying exhibits) is attached at Tab 1.

Please take further notice that, pursuant to 28 U.S.C. § 1446(d), the filing of said Notice of Removal in the United States District Court for the District of Massachusetts, together with the filing of a copy of that Notice of Removal with the Clerk of this Court, effects removal of this action to the United States District Court for the District of Massachusetts, and this Court may proceed no further unless and until the case is remanded.

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2354CV01169

Respectfully submitted,

**FEDEX OFFICE AND PRINT SERVICES, INC.**

By their attorneys,

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr. (BBO #659322)
Mariah K. Micca (BBO #711437 )
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com
mariah.mica@ogletreedeakins.com

Dated:  February 12, 2026

I HEREBY ATTEST AND CERTIFY ON
___March 2, 2026___, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Assistant Clerk

2

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01159

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026 a true and correct copy of the foregoing document was served by first class mail upon Plaintiff, who is proceeding *pro se* in this action, as follows:

Mr. Andre Bisasor
679 Washington Street, Suite #8-206
Attleboro, MA 02703

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

31896251.1

3

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01189

# TAB 1

Case 1:26-cv-10842    Document 1    Filed 02/12/26    Page 1 of 9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 26-10842 |
| ) | |
| FEDEX OFFICE AND PRINT ) | |
| SERVICES, INC., FEDEX ) | |
| CORPORATION, and ERIC DOE ) | |
| ) | |
| Defendants. ) | |

DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S
NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), and 1446, Defendant FedEx Office

and Print Services, Inc. ("FedEx Office") submits this Notice of Removal of the above-captioned

action to the United States District Court for the District of Massachusetts, from the Superior

Court of Massachusetts, County of Suffolk, where the action is now pending. As grounds for

removal, FedEx Office states as follows:

I.    Timeliness of Removal.

1.    On or about May 19, 2023, Plaintiff Andre Bisasor filed a civil action in the

Superior Court of Massachusetts, County of Suffolk, entitled *Andre Bisasor v. FedEx Office and*

*Print Services, Inc; FedEx Corporation; Eric Doe*, Civil Action No. 2384CV01189 (the "State

Court Action").

2.    On January 23, 2026, FedEx Office's agent for service of process (CT

Corporation) received copies of the following documents filed or issued in the State Court

Action: (1) Complaint and Demand for Jury Trial (the "Complaint"); (2) a Summons directed to

1

Case 1:26-cv-10842    Document 1    Filed 02/12/26    Page 2 of 9

"FedEx Office and Print Services" (the "Summons"); and (3) a Civil Action Cover Sheet. Copies

of the Complaint, Summons, and Civil Action Cover Sheet are attached to this Notice of

Removal at Exhibits 1, 2, and 3, respectively.[1]

3.    Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within

thirty (30) days after service of process on FedEx Office.

II.    Venue.

4.    The Superior Court of Massachusetts, County of Suffolk, is located within the

District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because

it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

III.    Basis for Removal: Federal Question Jurisdiction, Diversity Jurisdiction, and
        Supplemental Jurisdiction.

5.    "[A]ny civil action brought in a State court of which the district courts of the

United States have original jurisdiction[] may be removed by the defendant" to federal court. 28

U.S.C. § 1441(a).

6.    A case may be removed to federal court if it presents a "federal question." *See* 28

U.S.C. § 1441(b); *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10 (1st Cir. 2004). A federal

question is presented when the complaint invokes federal law as the basis for relief. *See, e.g.,*

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 13 (2003) (Scalia, J., dissenting); *Schleider v.*

*GVDB Operations, LLC*, 121 F.4th 149, 156 (11th Cir. 2024); *Figueroa-Mercado v. Luis A. Ayala*

*Colón Sucrs., Inc.*, Civil No. 09-1336 (ADC), 2010 WL 11545625, at *1 (D.P.R. March 31,

2010).

---

[1] The Complaint, Summons, and Civil Action Cover Sheet, copies of which are attached hereto at Exhibits 1-3, constitute all of the process, pleadings, and orders received by FedEx Office in the State Court Action. *See* 28 U.S.C. § 1446(a). FedEx Office has not filed any documents in the State Court Action.

2

7.    In Count 1 of the Complaint, Mr. Bisasor alleges a claim against FedEx Office for "Violation of Section 1981/Discrimination and Retaliation on the Basis of Race," citing Title 42, Section 1981, of the U.S. Code. *See* Complaint (Exh. 1) at ¶¶ 143-175.

8.    Accordingly, the Court has original jurisdiction over the claims that Mr. Bisasor asserts in Count 1 of his Complaint under 28 U.S.C. § 1331, and the claims asserted in that Count may be removed to this Court under 28 U.S.C. § 1441(a). *See, e.g.*, *Figueroa-Mercado*, 2010 WL 11545625, at \*1; *McCray v. H & R Block Eastern Enters., Inc.*, Civil Action No. 04-12232-PBS, 2006 WL 1308181, at \*4 (D. Mass. May 10, 2006); *see also Bisasor v. Donais*, No. 23-CV-374-JL-TSM, 2024 WL 2263079, at \*2 (D.N.H. Mar. 21, 2024) (holding that because plaintiff had asserted claim against the defendant under 42 U.S.C. § 1981, the district court had federal question jurisdiction over the action) (report and recommendation adopted, No. 23-CV-374-JL-TSM, 2024 WL 2249783 (D.N.H. May 15, 2024)).

9.    The Court has jurisdiction over the action generally, including Plaintiff's other claims—for Breach of Contract (Count 2), Breach of Implied Contract (Count 3), Breach of Covenant of Good Faith and Fair Dealing (Count 4), Unjust Enrichment (Count 5), Intentional Infliction of Emotional Distress (Count 6), Violation of the Massachusetts Equal Rights Act (MERA) (Count 7), and Violation of the Massachusetts Public Accommodation Law (Count 8)—based on diversity of citizenship. *See* 28 U.S.C. § 1332. A party may remove a pending state court action to federal court where the matter is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a).

10.    Mr. Bisasor alleges in his Complaint that he is "located" in Massachusetts and "is a Massachusetts citizen." *See* Complaint (Exh. 1) at ¶ 3.

3

11.     FedEx Office, by contrast, is not a citizen of Massachusetts. As a corporation, FedEx Office is considered, for diversity purposes, to be a citizen of both the state where it is incorporated and the state where it has its principal place of business. *See, e.g., Celli v. Greenwich Ins. Co.*, 478 F. Supp. 3d 93, 95-96 (D. Mass. 2020).

12.     FedEx Office is organized under the laws of Texas and maintains its principal place of business at 7900 Legacy Dr., Plano, TX 75024. *See* Complaint (Exh. 1) at ¶ 4.

13.     Accordingly, for purposes of 28 U.S.C. § 1332, the parties are diverse; Mr. Bisasor is a citizen of Massachusetts, and FedEx Office is not.

14.     In the Civil Action Cover Sheet that he filed in the State Court Action, Mr. Bisasor claims damages in excess of $50,000, including "compensatory damages, statutory damages, [and] punitive damages." *See* Civil Action Cover Sheet (Exh. 3); *see also* Complaint (Exh. 1) at ¶¶ 35-36 (alleging that the amount in controversy "exceeds $50,000"). The allegations contained in Mr. Bisasor's Complaint, however, make clear that the amount in controversy not only exceeds $50,000, but in fact easily exceeds the sum or value of $75,000.

15.     First, in addition to seeking compensatory damages for "humiliation," "degradation," "emotional distress," and "emotional damage," Mr. Bisasor expressly seeks "punitive damages" for his sweeping claims. *See* Complaint (Exh. 1) at ¶¶ 171, 198, 300-303. To that end, Mr. Bisasor cites in his Complaint at least two public accommodations cases in which he alleges that the plaintiffs were awarded (or received settlements) in excess of $2,000,000. *See* Complaint (Exh. 1) at ¶ 119 (referencing *Harris v. FedEx Corporation*, 2022 WL 16961485 (Sep. 15, 2022) (jury verdict totaling $366,160,000), and *Gilliam v. HBE Corp. d/b/a, Adam's Mark Hotels and HBE-Florida Corp.*, C.A. No. 99-596-CIV-ORL-22C (settlement decree requiring defendants to pay $3,100,000 into a settlement fund). Thus, it is apparent from the allegation of Mr. Bisasor's Complaint that the amount-in-controversy far exceeds $75,000.

4

16.    Beyond Mr. Bisasor's own allegations and assertions, fact finders who have held defendants liable on state and federal claims similar to the claims involved here have awarded damages in excess of $75,000. *See, e.g., Thomas v. Stash's Pizza*, MCAD Docket No. 20BPA02269, at 27 (Jan. 25, 2024) (MCAD hearing officer awarding $105,000 in emotional distress damages plus interest thereon based upon claimant's claim for violations of Massachusetts General Laws chapter 272, section 98 based upon race); *Dimanche v. Massachusetts Bay Transp. Authority*, JVR No. 1612160026 (D. Mass. 2016) (jury award of $1,325,463 in compensatory damages and $1,300,000 in punitive damages on plaintiff's claim for wrongful termination based on race in violation of 42 U.S.C. § 1981 and Mass. G.L. c. 151B, and for intentional infliction of emotional distress); *Borne, et al. v. Haverhill Golf & Country Club, Inc.*, 1996 Mealey's Jury Verdicts & Settlements 139, SUCV96-06511 (Nov. 22, 1996) ($1,967,400 plaintiff verdict on plaintiffs' claims of violations of Massachusetts General Laws Chapter 272, Section 98; Massachusetts General Laws Chapter 151B, Section 4; Massachusetts Code of Regulations Title 804, Section 1.07(1); Massachusetts General Laws Chapter 93A; and breach of the implied covenant of good faith and fair dealing).

17.    Accordingly, this matter satisfies the amount in controversy requirement for removal pursuant to 28 U.S.C. § 1332(a).

18.    Finally, and in the alternative to diversity jurisdiction, the Court has supplemental jurisdiction over the claims in Counts 2 through 8 of the Complaint. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over state-law claims that are part of the same case or controversy as removable federal claims. *See, e.g., Saintcome v. Tully*, 296 F. Supp. 3d 377, 382 (D. Mass. 2017). State and federal claims are part of the same case or controversy when they arise out of a common nucleus of operative facts and would ordinarily be expected to be tried together in one judicial proceeding. *See, e.g., Roche v. John Hancock Mutual Life Ins. Co.*, 81

5

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01159

Case 1:26-cv-10842   Document 1   Filed 02/12/26   Page 6 of 9

F.3d 249, 256 (1ˢᵗ Cir. 1996); *see also Jinks v. Credico (USA) LLC*, 488 Mass. 691, 709 (2021). Here, the state law claims that Mr. Bisasor alleges in Counts 2-8 are part of the same case or controversy as his federal Section 1981 claim in Count 1 because they are all based upon the same alleged set of facts as his claim under 42 U.S.C. § 1981, i.e., the purported interactions between Mr. Bisasor, his wife, and "Eric 'Doe'" that allegedly occurred between February 4, 2019 and February 6, 2019. *See* Complaint (Exh. 1) at ¶¶ 53-298. Indeed, Mr. Bisasor expressly "incorporate[s]" into (or "realleges" or "reiterates" in) the state law claims in Counts 2-8 all of the allegations in the federal law claim in Count 1. *See id.* at ¶¶ 176, 205, 223, 242, 255, 279, & 289. Thus, in the alternative to diversity jurisdiction, the Court may and should exercise supplemental jurisdiction over Mr. Bisasor's state law claims in Counts 2 through 8 of the Complaint under 28 U.S.C. § 1367(a). *See Bisasor v. Donais, supra,* at \*2.

19.     In sum, Count 1 of the Complaint is removable based on federal question jurisdiction under 28 U.S.C. § 1331, the Court has supplemental jurisdiction over the state law claims in Counts 2-8 pursuant to 28 U.S.C. § 1367, and the Court has diversity jurisdiction over the entire action under 28 U.S.C. § 1332. Accordingly, the action may be removed pursuant to 28 U.S.C. § 1441(c).

**IV.    Miscellaneous Procedural Items.**

20.     Under 28 U.S.C. § 1446, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A). FedEx Office, of course, consents to the removal of the action. Defendant FedEx Corporation has informed the undersigned counsel that it consents to the removal of the action to this Court. The only other defendant named in the State Court Action ("Eric 'Doe'") has not been served with process in the Action. *See* Plaintiff's Notice Regarding Service as to Defendant Eric Doe (dated and filed in the State Court Action on February 11, 2026) (copy attached at Exhibit 4)

6

(stating that "[s]ervice of process has not yet been effectuated upon Defendant Eric 'Doe' because Plaintiff has been unable to ascertain his full legal identity").

21.     As required by 28 U.S.C. § 1446(d), counsel for FedEx Office will serve written notice of this Notice of Removal on Plaintiff (who is proceeding *pro se* in this action) and will file a copy of it with the Clerk of the Superior Court of Massachusetts, County of Suffolk.

22.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on FedEx Office in the State Court Action are attached to this Notice of Removal. *See* Exhibits 1-3.

23.     In accordance with Local Rule 81.1, FedEx Office will file with the Court attested copies of all records, proceedings, and docket entries in the state court within 28 days of the date of this Notice.

24.     By removing this matter, FedEx Office does not waive or intend to waive any defense to the claims asserted in the Complaint.

WHEREFORE, Defendant FedEx Office and Print Services, Inc. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Massachusetts, County of Suffolk, to the United States District Court for the District of Massachusetts.

7

Respectfully submitted,

**FEDEX OFFICE AND PRINT SERVICES, INC.**

By its attorneys,

*/s/ Patrick M. Curran, Jr.*

Patrick M. Curran, Jr. (BBO #659322)
Mariah K. Micca (BBO #711437 )
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com
mariah.mica@ogletreedeakins.com

Dated:  February 12, 2026

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026 a true and correct copy of the foregoing document was served by first class mail upon Plaintiff, who is proceeding *pro se* in this action, as follows:

Mr. Andre Bisasor
679 Washington Street, Suite #8-206
Attleboro, MA 02703

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

9

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01169   Case 1:26-cv-10842   Document 1-1   Filed 02/12/26   Page 1 of 20

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

ANDRE BISASOR,
Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.;
FEDEX CORPORATION;
ERIC DOE;
Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The plaintiff, in the above captioned case, hereby brings this complaint against the above-named defendants, FedEx Office and Print Services, Inc. (hereinafter "FedEx Office"), FedEx Corporation (hereinafter "FedEx") (hereinafter all these FedEx branded entities together to be referred to as the "FedEx defendants") and Eric "Doe" (hereinafter "Mr. Doe" or "Doe"), (hereinafter all together collectively referred to as the "defendants"), in connection with the defendants' violation of federal civil rights law (section 1981), breach of contract, breach of implied contract, breach of the covenant of good faith and fair dealing, unjust enrichment, intentional infliction of emotional distress, violation of the Massachusetts Equal Rights Act (MERA), and violation of the Massachusetts public accommodation law.

## I. PRELIMINARY STATEMENT

2. This is an action for damages brought against the Defendants regarding the above, as outlined below and is intended to seek relief and remedy for such breaches including the defendants' violation of federal civil rights law (section 1981), breach of contract, breach of implied contract, breach of the covenant of good faith and fair dealing, unjust enrichment and intentional infliction of emotional distress, violation of the Massachusetts Equal Rights Act (MERA), and violation of the Massachusetts public accommodation law.

## II. PARTIES

### A. Plaintiff

3. The plaintiff is an individual located in the state of Massachusetts. He is an African American male. He is a Massachusetts citizen.

### B. Defendant FedEx Office

4. Defendant FedEx Office and Print Services, Inc. ("FedEx Office") is a corporation organized under the laws of Texas having a principal place of business at 7900 Legacy Drive, Plano, TX 75024.
5. FedEx Office is registered, as a foreign corporation, with the Massachusetts secretary of state, to do business in the state of Massachusetts.
6. FedEx Office has appointed CT Corporation System located at 155 Federal St. Suite 700, Boston, MA 02110 USA, as its registered agent for service of process in Massachusetts.
7. FedEx Office is in the business of providing customers with retail access to shipping services, packing services, and copy and print services.
8. FedEx Office is a wholly owned subsidiary of FedEx Corporation.
9. Based on its operations, FedEx Office is "at home" in the state of Massachusetts.
10. FedEx Office has numerous offices in Massachusetts including in Suffolk, Middlesex, Essex, Worcester, and Bristol counties, among others, in Massachusetts.

1

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2023-1169
Superior Court - Suffolk
Docket Number -

11. FedEx Office operates the FedEx office location at 187 Dartmouth St, Boston, MA 02116, which is in Suffolk County and is where the principal events in this case took place.

### C. Defendant FedEx Corporation ("FedEx")

12. Defendant FedEx Corporation ("FedEx") is a Delaware corporation with its principal place of business in Memphis, Tennessee.

13. FedEx is registered, as a foreign corporation, with the Massachusetts secretary of state, to do business in the state of Massachusetts.

14. FedEx has appointed CT Corporation System located at 155 Federal St. Suite 700, Boston, MA 02110 USA, as its registered agent for service of process in Massachusetts.

15. FedEx Corporation is the parent company for various FedEx-branded businesses including FedEx Office.

16. FedEx branded businesses are engaged in activities affecting federal interstate commerce and are entities capable of holding a legal or beneficial interest in property.

17. Upon information and belief, FedEx owns and operates approximately 1800 stores throughout the United States – including but not limited to 50 or more stores in Massachusetts – that provide, among other things, printing, duplication, and binding services to the public.

18. FedEx is the world's largest express transportation company.

19. FedEx delivers shipments to businesses, government offices and residences.

20. FedEx delivers for its U.S. domestic customers, on average, over 2 million packages per day.

21. FedEx generates over $10 billion in revenue from its U.S. domestic deliveries.

22. FedEx is in the business of logistics, transportation, e-commerce, and business services and solutions.

23. FedEx also routinely enters into contracts with customers for services.

### D. Defendant Eric "Doe".

24. Eric "Doe" is an individual who works for FedEx Office. NB: Eric is the first name of this employee. Plaintiff does not know the full name of this employee.

25. On information and belief, Doe is a nighttime employee/manager of the FedEx Office located at 187 Dartmouth St, Boston, MA 02116.

26. On information and belief, Doe resides in the state of Massachusetts.

27. FedEx and/or FedEx Office is responsible for the conduct of its employee Doe.

28. FedEx and/or FedEx Office oversees and supervises the work of its employee Doe.

29. FedEx and/or FedEx Office is also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

30. The acts of Doe are essentially the acts of FedEx and/or FedEx Office.

31. Doe, on behalf and for FedEx and/or FedEx Office, not only engaged in unfair and deceptive acts or practices but breached the contract with the plaintiff, as further delineated below.

### III. JURISDICTION AND VENUE

32. Plaintiff is a resident of Massachusetts, and venue in this Court is proper.

33. FedEx is a Texas corporation that does substantial business in the Commonwealth of Massachusetts.

34. The conduct on which this lawsuit is based occurred in Massachusetts where Defendant sells services.

35. The Massachusetts Superior Court has jurisdiction over this action pursuant to its laws and the amount in controversy exceeds $50,000, exclusive of interest and costs, in an amount to be determined at trial.

36. Because the matter in controversy exceeds $50,000 exclusive of interests and costs, the amount in controversy exceeds the minimal jurisdictional amounts of this Court, and jurisdiction in this Court is otherwise proper.

2

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 1:26-cv-10842    Document 1-1    Filed 02/12/26    Page 4 of 20
Superior Court - Suffolk
Docket Number

37. This court has both general and specific personal jurisdiction over the defendants because the defendants have conducted and continues to conduct substantial business in the state of Massachusetts or otherwise have substantial contacts with the state of Massachusetts to render the exercise of jurisdiction by this court reasonable.

38. This court has specific personal jurisdiction arising from the defendants' decision to conduct business in Massachusetts.

39. The defendants have sufficient minimum contacts with this state and sufficiently avails themselves of the markets and protections of this state to render the exercise of jurisdiction by this court reasonable.

40. Defendants are thus subject to the personal jurisdiction of this Court.

41. Venue is proper in this court because the defendants conduct business within this state, and substantial contacts with this state.

42. This Court has subject matter jurisdiction over this action. Venue is proper in this district.

43. This Court has personal jurisdiction over FedEx because, among other things, FedEx has committed, aided, abetted, contributed to, and/or participated in acts outlined in this complaint.

44. This Court also has personal jurisdiction over the FedEx defendants because, among other things, the FedEx defendants have established minimum contacts within the forum such that the exercise of jurisdiction over the FedEx defendants will not offend traditional notions of fair play and substantial justice.

45. FedEx Corporation operates around 50 FedEx Offices in the State of Massachusetts, which centers provide services on behalf of FedEx.

46. Based on its operations, FedEx Office is "at home" in the state of Massachusetts.

47. FedEx Office has several offices in Massachusetts including in Suffolk, Middlesex, Essex, Bristol, Worcester, and Norfolk counties, among others, in Massachusetts.

48. FedEx has no principal place of business in Massachusetts but has over 50 FedEx office locations throughout Massachusetts.

49. FedEx Office operates an office location at 187 Dartmouth St, Boston, MA 02116.

50. In addition, FedEx has used, sold, advertised, marketed, and distributed products and services in this state.

51. FedEx derives substantial revenue from the sale of services within this state, and/or expects or should reasonably expect its actions to have consequences within this state and derive substantial revenue from interstate commerce.

52. Venue is proper in this judicial division pursuant to applicable law, because the FedEx defendants operate their businesses in Suffolk county, in which the plaintiff has conducted business, and are thus subject to personal jurisdiction in this state and county.

## IV. FACTS AND CLAIMS

53. Plaintiff reavers, realleges and incorporates by reference the allegations contained in the above paragraphs as if each had been separately set forth herein.

54. FedEx meets the definition of public accommodation as a commercial establishment and retail service store. See Massachusetts attorney general website (https://www.mass.gov/service-details/public-accommodation-civil-rights-protections) defining public accommodations to include: *Sales and rental establishments, including stores, shopping centers, automobile rental agencies, and other retail establishments.* See also public accommodations defined by Mass. Gen. Laws ch. 272, § 92A ("A place of public accommodation, resort or amusement within the meaning hereof shall be defined as and shall be deemed to include any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public...").

55. The plaintiff and his wife are long time loyal repeat customers of FedEx and has spent thousands of dollars with FedEx. The plaintiff and his wife has visited and done business at numerous FedEx store

3

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number Case 1:26-cv-10842   Document 1-1   Filed 02/12/26   Page 5 of 20
Superior Court - Suffolk
Docket Number

locations throughout various counties throughout Massachusetts, including but not limited to Suffolk, Middlesex, Worcester, Bristol, Norfolk, Essex counties, etc., as well as in other several other states, for example, during travel for business or otherwise, etc. FedEx has been the preferred go-to business, for the plaintiff and his wife, in this industry, versus other competitors.

56. The plaintiff and his wife were induced by FedEx into registering for accounts, including entering into contracts, for both personal accounts and for business accounts with FedEx. In such contract, FedEx promised that *"your account number gives you convenient access to the quality services you need. Use your account number for purchases online or at more than 1,900 FedEx Office locations, including hundreds that operate 24 hours a day, 7 days a week."*

57. FedEx also promised further added benefits that included: **registering preferences and contact information, saving documents to FedEx online platform, tracking orders and re-orders, opting to receive further promotions/updates, earn My FedEx Rewards.**

58. On or about February 4, 2019, through February 6, 2019, the plaintiff visited the FedEx Office store at 187 Dartmouth St, Boston, MA 02116 (hereinafter "the local FedEx store", "the FedEx Office store" or simply "the store").

59. This store was one of only a handful of stores, in all of Massachusetts, that was open 24 hours a day, 7 days a week, including all night, at that time period.

60. On or about February 4, 2019, the plaintiff set out to purchase printing, copying, and shipping services at this FedEx Office store located at 187 Dartmouth St, Boston, MA 02116. NB: The time of the plaintiff's arrival at the store was in the night-time towards the late part of the night, which on the information and belief, and/or the plaintiff's best recollection, was in or around the time between 9pm and 11pm, on or about February 4, 2019.

61. The plaintiff took a seat at a cubicle area, of which there were several, and set down his files/documents. The plaintiff went to work on a large project that involved preparing copies of materials for an important project, at the time. NB: The plaintiff had spent thousands of dollars with FedEx Office.

62. There was only one other customer in the store at the time. That customer was a white male, who also had taken a seat at a cubicle area near to where the plaintiff was seated.

63. Shortly thereafter, Eric "Doe" (as only his first name is known), who was the only employee in the store at the time, came over to the cubicle seating area and proceeded to ask the white customer whether he needed any assistance, to which the white customer indicated that he did not.

64. Then Doe made his way over to where the plaintiff was seated and looked at the plaintiff in a scoffing manner. Then Doe told the plaintiff that he was not allowed in the store. Doe stated that the plaintiff was not allowed to loiter in the store and thus the plaintiff had to leave the store.

65. Doe treated the plaintiff as if he was a homeless person seeking shelter in the store. The plaintiff told Doe that he was not a homeless person seeking shelter in the store, and asked Doe why did he think the plaintiff was a homeless person seeking shelter in the store. NB: The plaintiff was dressed as a normal customer, no different in general than the other white male customer.

66. The plaintiff indicated to Doe that he was there to purchase several services from the store including printing, copying and shipping services and was working on a large project related thereto.

67. The only difference between the way in which Doe treated the plaintiff and how Doe treated the other white male customer, was that the plaintiff was black, and the other customer was white. Both the plaintiff and the other white male customer were similarly situated and were doing similar activities, in being seated at a cubicle seating area and preparing files to be copied, etc., Doe's racially inspired, disparate judgment of the plaintiff was almost instantaneous, based only on Plaintiff's race.

68. The plaintiff then raised concerns to Doe directly, that Doe was discriminating against the plaintiff because of his race. Doe was non-responsive to the plaintiff's concerns, and visibly became upset and agitated, and then walked off.

69. Doe thereafter engaged in a series of retaliatory and hostile acts intended to drive the plaintiff out of the store.

4

70. These acts occurred repeatedly starting on or about February 4, 2019, and continued also the next day (after the plaintiff went home and returned to the store the next day), on evening of February 5, 2019, and further continued into the early morning of February 6, 2019 (shortly after midnight), to complete the large printing and copying project that the plaintiff had been working on.

71. It should be noted that the plaintiff was also subsequently joined by the plaintiff's wife (who is also African American), and the plaintiff's wife also became the target of these retaliatory acts.

72. Only after the white customer left the store (and when the plaintiff and his wife were the only remaining customers in the store at that time of night), Doe decreased the temperature of the store to an extremely uncomfortable level. It was so uncomfortably cold that the plaintiff and his wife could not concentrate and felt like leaving the store. [NB: This time period was during the middle of the cold winter season in February, so it was unwarranted to decrease the temperature so low]. It was so cold in the store, that plaintiff and his wife had to put on their winter coats and were still shivering from the decreased temperatures lowered by Doe.

73. Doe began running a loud vacuum cleaner next to where the plaintiff was seated and did so for over 2 hours, in order to disturb the plaintiff and his wife, and make it unbearable for the plaintiff and his wife. Doe also left the vacuum running unattended next to where the plaintiff and his wife were seated, again to continue his harassing conduct.

74. Doe also intruded into the plaintiff and his wife's desk area, cleaning and wiping the cubicle area, between and around the plaintiff and his wife, in an antagonistic manner, and moving the belongings of the plaintiff and his wife in a way to create a nuisance, all while the plaintiff and his wife were working on their printing/copying project.

75. Doe did this several times back-to-back with the clear intent to annoy and harass the plaintiff and his wife.

76. Later on, during these occurrences, Doe further refused to assist the plaintiff and his wife with the copying machine, when the machine was not working properly and was also causing misprints.

77. Doe engaged in other uncooperative passive aggressive behavior towards the plaintiff and his wife.

78. Does made the experience so unbearable, forcing the plaintiff and his wife to leave the store early, before they had completed all of their expected printing/copying/shipping work and business with the store.

79. Finally, as the plaintiff was leaving the store with his files, Doe hurled hostile expletives at the plaintiff and also called the plaintiff extremely offensive derogatory slurs and discriminatory epithets, which were disgusting and nasty slurs, and which were motivated by race discrimination/retaliation.

80. Doe was angry and speaking loudly when hurling derogatory, disparaging, offensive and discriminatory slurs motived by discrimination and retaliation.

81. Doe acted in an intimidating and threatening manner towards the plaintiff, while using extremely derogatory, disgusting, nasty, discriminatory slurs against the plaintiff. NB: These slurs were so disgusting and nasty that the plaintiff does not feel comfortable stating them in this complaint but will state them at subsequent stages of this litigation, such as during discovery or at trial, or otherwise if or when necessary.

82. Plaintiff and his wife felt very threatened by Doe's words, actions and demeanor at the end as they were leaving.

83. Plaintiff's wife felt very scared and nervous for the plaintiff and herself, because of Doe's open hostility towards the plaintiff.

84. Doe evidently wanted the plaintiff to know that he was never to come back to that store again.

85. NB: Doe also locked the plaintiff out of the store preventing the plaintiff from re-entering the store while the plaintiff was loading his vehicle and while in the process of leaving.

86. Doe exhibited a deep-seated animosity and hate towards the plaintiff, based on race.

87. Doe engaged in blatant overt racism against the plaintiff.

88. Doe engaged in overt hostile aggression towards the plaintiff based on race.

89. Doe was angry also that the plaintiff had raised concerns about race discrimination and then engaged in a systematic campaign of retaliatory acts designed to irritate, annoy, disturb, harass, and punish the plaintiff,

5

Date Filed 2/12/2026 6 33 PM
Superior Court - Suffolk
Docket Number Case 1:26-cv-10842   Document 1-1   Filed 02/12/26   Page 7 of 20

and sought to interfere with the plaintiff's full enjoyment of the public accommodations offered to the public by the FedEx defendants.

90. Doe's conduct was outrageous, shocking, and beyond the pale.

91. The plaintiff and his wife were shocked and traumatized by this level of outrageous conduct.

92. Doe's conduct worked to make the plaintiff and his wife feel extremely unwelcome and had the effect of icing out the plaintiff and his wife from ever using the store for services again. NB: Neither the plaintiff nor his wife has returned to the store since the above events.

93. The incidents above greatly affected the plaintiff (and his wife). The plaintiff and/or his wife frequently are reminded of the emotional distress and traumatic shock felt at the time.

94. Subsequent to the above events, the plaintiff contacted FedEx's corporate office, on two occasions, to make complaints about the matter with Eric Doe, but they did not take any action on the complaint. FedEx's corporate office said they would note the complaint and advised that the plaintiff contact the local FedEx store. On information and belief, the FedEx corporate office took no action on the complaint.

95. The plaintiff also thereafter called the local FedEx store, on two occasions, and reported the complaint about Eric Doe to a store employee. The plaintiff also asked to speak to the store manager of the local FedEx store, who was not available, and was transferred to the store manager's voicemail on which the plaintiff left a message summarizing his complaint about employee Eric Doe. The plaintiff did not receive a return call. On information and belief, neither the store nor its manager did anything to follow-up on the complaint and did not discipline the offending employee Doe.

96. On information and belief, none of the FedEx defendants did anything to address the plaintiff's complaint made to the FedEx corporate office or to the store, or to provide any remedy related to.

97. On information and belief, the FedEx defendants violated federal law by hiring staff who were not trained to uphold anti-discrimination policies and failed to adequately train its managers to follow laws prohibiting discrimination and retaliation and failed to supervise its managers to ensure they complied with laws prohibiting discrimination and retaliation.

98. Through its advertisements and public promises, FedEx and/or FedEx Office represented and promised that it would properly treat the plaintiff as a customer.

99. Based on FedEx and/or FedEx Office's promises and representations, the plaintiff agreed to purchase services from FedEx Office and to be a loyal rewards member with FedEx.

100. Such promises include FedEx's "purple" promise which is stated as follows:

> Every action matters: At FedEx we are committed to the Purple Promise: I will make every FedEx experience outstanding. This commitment sets the bar for excellence, helping us earn the trust and loyalty of our team members, customers and communities and making FedEx one of the most admired companies in the world and a great place to work. Complying with the law and acting ethically are essential parts of delivering the Purple Promise. Some types of laws affect everyone, such as those concerning health and safety. Other laws primarily affect team members and third parties in particular roles, such as those concerning the operation of our transportation networks, financial reporting or customer service. In the Code, we break down key laws and ethical standards into the principles of integrity and business conduct that apply to our actions every day. If you have questions about the principles described in the Code, ask your manager, your operating company's human resources, security or legal department, or the Corporate Integrity & Compliance Department at integrity@FedEx.com. When it comes to integrity and business conduct — EVERY ACTION MATTERS!

101. See also screenshot below of FedEx's website and code of conduct guide:

6

Date Filed 2/12/2026 6.33 PM
Superior Court - Suffolk
Docket Number 1169. Case 1:26-cv-10842    Document 1-1    Filed 02/12/26    Page 8 of 20
Superior Court - Suffolk
Docket Number  -



## Every action matters

At FedEx we are committed to the Purple Promise: I will make every FedEx experience outstanding. This commitment sets the bar for excellence, helping us earn the trust and loyalty of our team members, customers and communities and making FedEx one of the most admired companies in the world and a great place to work.

Complying with the law and acting ethically are essential parts of delivering the Purple Promise. Some types of laws affect everyone, such as those concerning health and safety. Other laws primarily affect team members and third parties in particular roles, such as those concerning the operation of our transportation networks, financial reporting or customer service. In the Code, we break down key laws and ethical standards into the principles of integrity and business conduct that apply to our actions every day.

If you have questions about the principles described in the Code, ask your manager, your operating company's human resources, security or legal department, or the Corporate Integrity & Compliance Department at integrity@fedex.com

When it comes to Integrity and business conduct – EVERY ACTION MATTERS!

102.    FedEx and FedEx Office also have written policies created for the purpose of following laws against discrimination and retaliation. For example, FedEx's non-retaliation policy states:

"Non-retaliation: We are all encouraged to speak up and report violations of law, this Code, FedEx policy or procedure, financial fraud or any questionable accounting, internal controls or auditing related to FedEx. FedEx prohibits retaliation against anyone who reports a known or suspected violation in good faith. Good faith is raising a question or concern that you honestly believe to be true. FedEx also prohibits retaliation against anyone who assists in an investigation. Anyone who is found to have retaliated against a person who has reported a violation in good faith, or assisted in an investigation, will be subject to discipline, up to and including termination."

103.    See also screenshot below of FedEx's website and code of conduct guide:



## Non-retaliation

We are all encouraged to speak up and report violations of law, this Code, FedEx policy or procedure, financial fraud or any questionable accounting, internal controls or auditing related to FedEx. FedEx prohibits retaliation against anyone who reports a known or suspected violation in good faith. Good faith is raising a question or concern that you honestly believe to be true.

FedEx also prohibits retaliation against anyone who assists in an investigation. Anyone who is found to have retaliated against a person who has reported a violation in good faith, or assisted in an investigation, will be subject to discipline, up to and including termination.

104.    FedEx further has written in its policies and conduct guide the following:

Equal opportunity and anti-harassment: Our greatest asset at FedEx is our people. We are committed to equal opportunity, fairness, respect and inclusion and do not tolerate discrimination or harassment based on race, color, ethnicity, national origin, religion, sex, age, genetic information, citizenship, disability, marital status, pregnancy, sexual orientation, gender identity, gender expression, veteran status or any other characteristic protected under national, state or local laws. We recruit, hire, contract, evaluate, compensate and promote based on job-related qualifications and performance. We will reasonably accommodate team members and third parties with physical and mental disabilities unless such accommodation imposes an undue hardship on our business. We prohibit sexual harassment. Sexual harassment may take many forms, including unwelcome sexual advances, requests for sexual favors, threats and unwanted physical contact. Sexual harassment may also occur through

7

words or actions such as inappropriate comments or gestures, unwelcome email or text messages, or pictures or comments posted on social media.

105.    See also screenshot below of FedEx's website and code of conduct guide:



### Equal opportunity and anti-harassment

Our greatest asset at FedEx is our people. We are committed to equal opportunity, fairness, respect and inclusion and do not tolerate discrimination or harassment based on race, color, ethnicity, national origin, religion, sex, age, genetic information, citizenship, disability, marital status, pregnancy, sexual orientation, gender identity, gender expression, veteran status or any other characteristic protected under national, state or local laws.

We recruit, hire, construct, evaluate, compensate and promote based on job-related qualifications and performance. We will reasonably accommodate team members and third parties with physical and mental disabilities unless such accommodation imposes an undue hardship on our business.

We prohibit sexual harassment. Sexual harassment may take many forms, including unwelcome sexual advances, requests for sexual favors, threats and unwanted physical contact. Sexual harassment may also occur through words or actions such as inappropriate comments or gestures, unwelcome email or text messages, or pictures or comments posted on social media.

106.    FedEx knows that the written policies do not enforce themselves. FedEx and FedEx Office's policies promised to protect the plaintiff and his wife from discrimination and retaliation. FedEx and FedEx Office violated its own policies by discriminating and retaliating against plaintiff and his wife. FedEx and FedEx Office breached its promise to protect plaintiff and his wife from discrimination and retaliation.

107.    FedEx and FedEx Office not only engaged in unfair and deceptive acts or practices in its discriminatory and retaliatory acts as described above but also in breaching its contract with the plaintiff.

108.    FedEx and FedEx Office thus breached its agreement with plaintiff.

109.    Plaintiff has been damaged by that breach.

110.    It should also be noted again that the plaintiff/his wife have accounts with FedEx and FedEx Office for FedEx services, which were created pursuant to an agreement with the FedEx defendants. With such agreement, there was an obligation on the part of the FedEx defendants to not mistreat the customer, to treat the customer fairly and with respect and dignity, to operate in good faith and there was also an implied covenant of good faith and fair dealing.

111.    The plaintiff and his wife were induced by FedEx into registering for accounts, including entering into contracts, for both personal accounts and for business accounts with FedEx. In such contract, FedEx promised that "your account number gives you convenient access to the quality services you need. Use your account number for purchases online or at more than 1,900 FedEx Office locations, including hundreds that operate 24 hours a day, 7 days a week." FedEx further promised further added benefits that included: registering preferences and contact information, saving documents to FedEx online platform, tracking orders and re-orders, opting to receive further promotions/updates, earn My FedEx Rewards.

112.    FedEx and FedEx Office thus had a contract with the plaintiff and then breached its contract with the plaintiff.

113.    Because Doe is/was the night-time employee of the FedEx Office store located at 187 Dartmouth St, Boston, MA 02116, then Doe, on behalf and for FedEx Office, not only engaged in unfair and deceptive acts or practices but engaged in breaching the contract with the plaintiff and his wife.

114.    FedEx and/or FedEx Office is responsible for the conduct of its employee Doe.

115.    FedEx and/or FedEx Office oversees and supervises the work of its employee Doe.

116.    FedEx and/or FedEx Office is also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

8

## V. COUNTS/CAUSES OF ACTION

### Summary of Relevant Discrimination Law

117.    Discrimination in public accommodations include refusals to provide African Americans service, or the harassment of African American customers, or providing inferior service to African Americans.

118.    This country has had a dark history throughout the country, including throughout the south where the Civil Rights Movement of the 1960s was symbolized by challenges to segregation in places of public accommodations and gaining equal access to hotels, restaurants, lunch counters, and stores for African Americans.

119.    The right of African American customers to be free from discrimination in public accommodations have been upheld in landmark cases such as: Gilliam v. HBE Corp. (d/b/a Adam's Mark Hotel), a challenge to discriminatory treatment of African American guests at the Adam's Mark Hotel during the 1999 Black College Reunion in Daytona Beach that settled for $2.1 million; and the series of cases challenging the pervasive discrimination against African Americans during the annual Black Bike Week in Myrtle Beach, South Carolina. NB: More recently, FedEx itself was held accountable for race discrimination and retaliation with a whopping judgment of $366 million in Harris v. FedEx Corporation, 4:21-cv-01651, (S.D. Tex.)

120.    Moreover, retaliation for opposing discrimination is against public policy because it creates a chilling effect on the society's goal of encouraging citizens to oppose, report and speak up about discriminatory practices wherever they occur.

121.    The public has a right to be free from unlawful discrimination. See 42 U.S.C. § 2000a (prohibiting discrimination based on race, color, national origin).

122.    Discrimination "threatens not only the rights and proper privileges of [state] inhabitants but menaces the institutions and foundation of a free democratic state".

123.    The plaintiff has the right to "full enjoyment" of any place of public accommodation, including the right to purchase any service or commodity sold by any place of public accommodation "without acts directly or indirectly causing persons of [a protected class] to be treated as not welcome, accepted, desired, or solicited."

124.    Federal law prohibits any "act which directly or indirectly results in any distinction, restriction, or discrimination" based on a person's membership in a protected class.

125.    To "make out a prima facie case," the plaintiff must show: (1) the plaintiff is a member of a protected class, (2) the defendant is a place of public accommodation, (3) the defendant discriminated against the plaintiff, whether directly or indirectly, and (4) that the discrimination occurred "because of" the plaintiff's status or, in other words, that the protected status was a substantial factor causing discrimination.

126.    The public accommodation laws prohibit any act which "directly or indirectly" causes any person "to be treated as not welcome, accepted, desired, or solicited" based on race, or "directly or indirectly results in any distinction, restriction, or discrimination" based on race.

127.    Federal law expressly prohibits "employees" from committing any "act that directly or indirectly results in any distinction, restriction, or discrimination" on the basis of a protected class.

128.    A single interaction may violate the prohibition against discrimination in a public accommodation because of the often abbreviated nature of the contact between a customer and a business. See King v. Greyhound Lines, Inc., 656 P.2d 349, 350-51 (Or. Ct. App. 1982) (holding bus company liable for an employee's use of two racial slurs toward a customer).

129.    Courts often find liability for harmful and degrading conduct in the public sphere, even if the interaction is brief. See, e.g., Kirt v. Fashion Bug #3253, Inc., 479 F. Supp. 2d 938, 966 (N.D. Iowa 2007) (store clerk accused African American customer of shoplifting); La Reine Boutique v. Mass. Comm'n Against Discrimination, No. 08-P-621, 2009 WL 648888, at *1 (Mass. App. Ct. Mar. 16,

9

2009)(unpublished) (hair dresser subjected customers to "racially derogatory statements"); Craig v. New Crystal Rest., No. 92-PA-40, 1995 WL 907560, *8 (Chi. Comm'n on Human Relations Oct. 18, 1995) (waitress called customer a "damn faggot"); Miller v. Drain Experts, No. 97-PA-29, 1998 WL 307868, at *3 (Chi. Comm'n on Human Relations Apr. 15, 1998) (customer service representative twice-called customer a "nigger" over the phone).

130.    Given the short-lived nature of interactions between customers and store personnel, requiring a pattern of pervasive abuse would render the discrimination laws meaningless. Hence, there is no "pervasiveness" requirement in the public accommodation context. Cf. Barbot v. Yellow Cab Co., No. 97-SPA-0973, 2001 WL 1805186, at *2 (Mass. Comm'n Against Discrimination Nov. 27, 2001) (requiring that a plaintiff challenging a taxi cab driver's remark that he was a "faggot" need only show he was "denied access to, restricted in the use of, or treated differently" in a place of public accommodation to prove "any distinction, discrimination or restriction" in any place of public accommodation) (applying Mass. Gen. Laws ch. 272, § 98).

131.    Recognizing that the context of public accommodation discrimination is important, several courts have not required "severe" and "pervasive" conduct when analyzing harassment claims in the public sphere. See, e.g., City of Minneapolis v. Richardson, 239 N.W.2d 197, 202 (Minn. 1976); Fashion Bug, 479 F. Supp. 2d at 963.

132.    In the Fashion Bug case, the court considered a store clerk's racially charged allegations of shoplifting and held a prima facie case of racial discrimination in a public accommodation under Iowa law required plaintiff prove she was discriminated against by "being subjected to markedly hostile conduct that a reasonable person would find objectively unreasonable under circumstances giving rise to an inference of discrimination." 479 F. Supp. 2d at 963.

133.    When federal courts apply federal public accommodation statutes covering race, color, or nation origin discrimination, the test requires that a plaintiff show (1) membership in a protected class, (2) attempt to make or enforce a contract for services ordinarily provided by defendant, (3) denial of the right to enter into or enjoy the benefits of the contractual relationship, and (4) treatment less favorable than similarly situated persons outside the protected class). See, e.g., Fall v. L.A. Fitness, 161 F. Supp. 3d 601, 606 (S.D. Ohio 2016); McCoy v. Homestead Studio Suites Hotels, 390 F. Supp. 2d 577, 584 (S.D. Tex. 2005).

134.    Federal law explicitly provides for liability if a public accommodation's "agent or employee" commits discrimination. King, 656 P.2d at 350 n.3 (finding liability even though the "racial slurs were not authorized, approved or ratified by the defendant" and where the defendant was "opposed to such conduct"). Cf. Johnston v. Apple Inc., No. 11 Civ. 3321(JSR), 2011 WL 4916305, at *6 (S.D.N.Y. Oct. 14, 2011) (holding New York City's provision against public accommodation discrimination did not require an employer know or condone the discrimination in order for the employer to be liable for the discriminatory conduct of its employee); Henderson v. Steak N Shake, Inc., No. S-9735, 1999 WL 33252627, at *10 (Ill. Human Rights Comm'n Mar. 24, 1999) (refusing to "graft a 'notification' requirement onto [the] Complainant's burden of proof in a public accommodations case").

135.    See also Arguello v. Conoco, Inc., 207 F.3d 803, 810 (5th Cir. 2000) (noting that "in a public accommodation case…, a rule that only actions by supervisors are imputed to the employer would result, in most cases, in a no liability rule"); Floeting, 200 Wn. App. at 771 ("The first act of discrimination would be without liability—a 'one free bite' rule directly at odds with the goal of this antidiscrimination enactment.").

136.    An employee who harasses a customer because of the person's membership in a protected class acts as an agent of the public accommodation. See Callwood v. Dave & Buster's, Inc., 98 F. Supp. 2d 694, 706 (D. Md. 2000) (noting in the public accommodation context, "the interactions of a highly mobile public with [staff] are necessarily ad hoc and transient, [and] are almost never with higher-ranking personnel of the enterprise").

137.    Placing the burden on the public accommodation incentivizes the owner of the public accommodation to take the strongest possible affirmative measures to prevent the hiring and retention of

10

employees who engage in discriminatory acts. See Totem Taxi, Inc. v. N.Y. Human Rights Appeal Bd., 65 N.Y.2d 300, 308 (1985).

138.    Thus, in places of public accommodation, federal law does not require a place of public accommodation authorize or know of its employee's discriminatory conduct before the business may be liable.

139.    In prohibiting any "employee" from discriminating in a public accommodation, the law requires the public accommodation, rather than the innocent victim of discrimination, to bear the costs of its employee's discrimination.

140.    Discrimination and retaliation are foreseeable because companies know that discrimination and retaliation are prevalent in the United States. Foreseeability is important because the law is meant to be preventative. The federal anti-discrimination laws' primary objectives are prophylactic, chiefly aimed not to provide redress but to avoid harm. The right to expect that corporations will adequately train managers to follow discrimination and retaliation law, that corporations will supervise managers to follow discrimination and retaliation law and that corporations will prevent any form of discrimination or retaliate against persons who report discrimination are essential to our society.

141.    Companies may be liable for punitive damages who do not make good faith efforts to prevent discrimination to accomplish the objective of motivating companies to detect and deter discrimination violations.

142.    The facts alleged in this complaint raises important questions of federal law, among other, as it implicates federal concerns pertaining to the eradication or prevention of race discrimination in public accommodations. It also implicates the issues of the right to make and enforce contracts without regard to race and the equal protection under the law.

## COUNT I - VIOLATION OF SECTION 1981/DISCRIMINATION AND RETALIATION ON THE BASIS OF RACE

143.    Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

144.    Section 1981 provides: *All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981(a). The statute also states that "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).*

145.    Section 1981 guarantees freedom from racial discrimination in the making, enforcement performance, modification, and termination of contracts.

146.    Section 1981 also guarantees enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

147.    To state a prima facie case of discrimination, the plaintiff is to show that: (1) they belonged to a protected class; (2) they sought to make a contract for services ordinarily provided by the defendant; and (3) they were denied the right to enter into a contract for such services while similarly situated persons outside the protected class were not, or they were treated in such a hostile manner that a reasonable person would find it objectively discriminatory.

148.    In this case, the plaintiff has clearly met this burden for a prima facie case of discrimination, as follows:

149.    The plaintiff is African American and belong to a protected class. It is undisputable that Plaintiff is a member of a protected class on the basis of race as he is an African American man.

150.    Plaintiff sought to make and enforce a contract for services ordinarily provided by the defendants. This is undisputable.

151.    Plaintiff was denied the right to enter/enforce a contract for such services simply because he opposed discrimination.

11

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number

152. Plaintiff was treated in a manner that was unfavorable compared to other customers outside the protected class, only because the defendants were in receipt of the plaintiff's protected activity, and the plaintiff was treated in such a hostile manner that a reasonable person would find it objectively retaliatory/discriminatory.

153. Plaintiff's use of the Defendant's services thus falls under section 1981 protection.

154. Defendants have (1) intentionally discriminated against Plaintiff with respect to the terms and conditions and privileges of a place of public accommodations, because of Plaintiff's race; and (2) limited and classified or stereotyped Plaintiff in ways that adversely affected his status as a customer, because of his race. As a direct and proximate result of Defendant's intentional, deliberate, and willful discriminatory acts and omissions, Plaintiff has suffered damages.

155. The Defendants interfered with the making and enforcement of a contract.

156. The Defendants discriminated against plaintiff, as described above, including but not limited to harassing him, subjecting him to a hostile environment based on race.

157. The Defendants' actions against Plaintiff have been malicious and oppressive, and conducted in a callous disregard of the rights of the Plaintiff.

158. The Defendants also retaliated against Plaintiff as described above.

159. Defendants, suddenly and without explanation, began to treat the plaintiff and his wife differently and in an unfavorable manner, and thus engaged in intentional conduct in violation of laws against discrimination and retaliation with malice and reckless indifference with respect to plaintiffs' protected rights.

160. Furthermore, the acts/pattern of discrimination and retaliation also occurred relative to how plaintiff was treated in general as a customer.

161. Hence, the Defendants engaged in retaliation because he raised concerns about racial discrimination.

162. The defendants engaged in conduct adverse to the plaintiff, beginning moments after the plaintiff raised concerns about race discrimination against Doe.

163. These adverse acts continued for almost the entire time that the plaintiff sought to use the services of FedEx store.

164. NB: There is a temporal proximity and a 'causal connection' or 'causal link' between the protected activity and the adverse action i.e., defendants took adverse action because plaintiff engaged in protected activity. It is very rare that there will be direct evidence of retaliatory motive. Instead, most retaliation cases are proven by circumstantial evidence of the retaliatory motive. However, in this case, there is both direct as well as circumstantial evidence of retaliation].

165. Such conduct was willful, wanton, and malicious.

166. Defendants thus have also violated 42 U.S.C. § 1981.

167. Through such unlawful conduct, Defendants engaged in illegal conduct in violation of section 1981.

168. The Defendants' actions were taken with a willful and wanton disregard of plaintiff's rights under Section 1981.

169. The Defendants denied plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that they extend to other similarly situated customers.

170. The Defendants breached their contract with plaintiff and retaliated/discriminated against plaintiff in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the state code.

171. As a direct and proximate result of said unlawful practices and in disregard of plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, and other consequential damages.

172. The plaintiff has suffered damages as a result of the foregoing.

173. The FedEx defendants are responsible for the conduct of its employee Doe.

174. The FedEx defendants oversee and supervise the work of its employee Doe.

12

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number
Case 1:26-cv-10842     Document 1-1     Filed 02/12/26     Page 14 of 20

175.   The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 2 - BREACH OF CONTRACT
### (as to all defendants)

176.   Plaintiff re-allege and incorporate all paragraphs above as if fully set forth herein.

177.   The Defendants have published materials containing policies, terms, guidelines, representations and promises which created an implied contract with plaintiff.

178.   The FedEx defendants have a contractual agreement with customers, as represented by its policies and promises made public. This agreement is in effect whenever a customer patronizes their stores, and in this case when the plaintiff engaged in the use of services of the FedEx store on 187 Dartmouth Street in Boston.

179.   Plaintiff relied on the terms and conditions of the published policies, terms, guidelines, representations and promises of Defendants in seeking to avail himself of the benefits, access, resources, and privileges available to him as promised by Defendants.

180.   Defendants breached this contract by refusing to follow their own policies, by treating the plaintiff in an unfair, deceptive, and disparate manner and by retaliating against plaintiff when plaintiff raised concerns about race discrimination.

181.   Plaintiff and the defendants had a contractual relationship both expressed as well as implied.

182.   Such contract was formed on the one hand by the agreement entered into when a FedEx account was created with plaintiff/his wife but also by the advertisement and inducements offered by the defendants to customers with the terms contained in materials on its websites and other places.

183.   Plaintiff had a reasonable expectation that the defendants would adhere to the terms of such contract.

184.   Plaintiff further had a reasonable expectation that Defendants would comply with the requirement under Title II regulations, section 1981 and other federal regulations to provide equal treatment and equitable process to all customers including black customers. The public has a right to know if the defendants will stand behind their policies of non-discrimination and non-retaliation. If plaintiff had known upfront that the defendants would have engaged in such discriminatory and retaliatory practices, plaintiff would likely have elected to go elsewhere, investing his time and money other than at a FedEx store.

185.   As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.

186.   As a result of those actions, plaintiff has suffered and will continue to suffer damages.

187.   Plaintiff and Defendants had entered into a contractual relationship.

188.   Plaintiff and the defendants had a contractual relationship both expressed as well as implied.

189.   Plaintiff had a reasonable expectation that the defendants would adhere to the terms of such contract.

190.   Plaintiffs relied on the terms and conditions of the contract, and the terms, representations and promises of Defendants.

191.   There existed a contract with defendants and plaintiff. The defendants breached the contract they had with the plaintiff.

192.   The Defendants breached this contract by refusing to follow through on their own promises as indicated in the contract, and by treating the plaintiff in an unfair and deceptive manner.

193.   The Defendants failed to keep their promises to the Plaintiff.

194.   The Defendants engaged in a breach of contract resulting in a violation of plaintiff's rights.

195.   Through its actions and inactions, Defendants breached its contract with the plaintiff, and did knowingly injure or otherwise harm plaintiff's rights and interests.

196.   By the above-described conduct, inter alia, the defendants knowingly, improperly, malevolently, and intentionally breached its contract with the plaintiff.

197.   By the conduct alleged herein, Defendants breached the contract and caused harm to plaintiff.

198.   As a result, the plaintiff have suffered damages including emotional damages and other harm.

13

199.  As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.
200.  As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.
201.  As a result of those actions, plaintiff has suffered and will continue to suffer damages.
202.  The FedEx defendants are responsible for the conduct of its employee Doe.
203.  The FedEx defendants oversee and supervise the work of its employee Doe.
204.  The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 3 - BREACH OF IMPLIED CONTRACT
### (as to all defendants)

205.  Plaintiff re-allege and incorporate all paragraphs above as if fully set forth herein.
206.  Plaintiff and Defendants had entered into another contract or an implied contract with the plaintiff.
207.  The Defendants breached their implied contract with Plaintiff when they failed to do what they promised to do.
208.  The Defendants failed to keep their promises to the Plaintiff.
209.  As the result of the Defendants' breach, the plaintiff suffered damages as stated herein.
210.  The Defendants were willful in their disregard for the welfare of the Plaintiff and caused damages to Plaintiff.
211.  Through its actions and inactions, Defendants breached its implied contract with the plaintiff, and did knowingly injure or otherwise harm plaintiff's rights and interests.
212.  By the conduct alleged herein, Defendants breached the implied contract and caused harm to plaintiff.
213.  By the above-described conduct, inter alia, the defendants knowingly, improperly, malevolently, and intentionally breached its implied contract with the plaintiff.
214.  As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.
215.  The Defendants also caused or created emotional distress for Plaintiff.
216.  The Defendants knew or should have known that their actions would cause injury to Plaintiff.
217.  The Defendants have caused harm to plaintiff, including stress, loss of sleep, emotional upset, anxiety, etc.
218.  As the result of the Defendants' actions, Plaintiff suffered and continues to suffer emotionally.
219.  As a result thereof, the plaintiff has been and continued to be injured and suffer damages.
220.  The FedEx defendants are responsible for the conduct of its employee Doe.
221.  The FedEx defendants oversee and supervise the work of its employee Doe.
222.  The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 4 - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (as to all defendants)

223.  Plaintiff re-allege and incorporate all paragraphs above as if fully set forth herein.
224.  Plaintiff and Defendants entered into a contractual relationship.
225.  In Massachusetts, every contract "imposes an obligation of good faith and fair dealing in its performance and enforcement," and this covenant is that "neither party shall do anything that will have the effect of destroying or injuring the rights of the other to receive the fruits of the contract." Lechoslaw v. Bank of v. N.A., 575 F. Supp. 2d 286, 296–97 (D. Mass. 2008).
226.  This covenant is intended to ensure "that the parties remain faithful to the intended and agreed expectations of the contract" and that neither party will do anything that will prevent the other party from receiving the benefits of the contract. See Liss v. Studeny, 879 N.E.2d 676, 680 (Mass. 2008).
227.  Therefore, Massachusetts law implies a covenant of good faith and fair dealing in all contracts between parties, whether either expressed or implied.

14

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number
Case 1:26-cv-10842   Document 1-1   Filed 02/12/26   Page 16 of 20

228. The Defendants therefore owed to Plaintiff a duty of utmost good faith and fair dealing and thereby was obligated to consider the welfare of Plaintiff, to refrain from acting for purely selfish motives or private gain, and to desist from destroying or injuring the right of the Plaintiff to receive the fruits of the contract.

229. The Defendants violated the implied covenant of good faith and fair dealing when the defendants breached the terms of the contract.

230. The Defendants failed to keep their promises to the Plaintiff.

231. The Defendants were willful in their disregard for the welfare of the Plaintiff and caused damages to Plaintiff.

232. By breaching the contract, and by doing so in a particularly bad faith, deceptive and harmful way, the defendants breached this contract and the attendant covenant of good faith and fair dealing.

233. By the above-described conduct, inter alia, the defendants knowingly, improperly, malevolently, and intentionally breached its implied covenant with the plaintiff.

234. Through its actions and inactions, Defendants breached its duty of good faith and fair dealing to plaintiff, intentionally engaged in wrongful conduct, and did knowingly injure or otherwise harm Plaintiff's rights and interests.

235. By the conduct alleged herein, the defendants have breached the implied covenant of good faith and fair dealing and caused harm to plaintiff.

236. As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.

237. As a result thereof, the plaintiff has been and continued to be injured and suffer damages.

238. As a result, Plaintiff has suffered damages.

239. The FedEx defendants are responsible for the conduct of its employee Doe.

240. The FedEx defendants oversee and supervise the work of its employee Doe.

241. The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

## COUNT 5 - UNJUST ENRICHMENT
### (as to all defendants)

242. Plaintiff repeats and realleges the above paragraphs as though more fully stated herein.

243. In the alternative, Plaintiff also allege Unjust Enrichment.

244. The defendants have received a substantial monetary benefit, in the form of services paid for by Plaintiff.

245. As set forth above, due to gross and numerous violations of its own procedures and its policies, plaintiff and his wife have suffered prejudice and was subjected to mistreatment, disparate treatment, discrimination, retaliation, and unfair practices.

246. Defendants have therefore been unjustly enriched by monies paid for services to the Defendants that have been inferior, sub-par, poor and markedly hostile.

247. Plaintiffs are entitled to a refund for said paid services based on the Defendants' customer satisfaction guarantee.

248. By its wrongful acts and omissions, Defendants have been unjustly enriched at Plaintiff's expense, and, conversely, Plaintiff has been unjustly deprived.

249. As a result, plaintiff has been caused significant harm.

250. For the reasons set forth herein, under the circumstances it would be inequitable for the defendants to retain all of the monies that they have received from plaintiff.

251. As the result of the Defendant's afore-mentioned actions, Defendants were unjustly enriched.

252. The FedEx defendants are responsible for the conduct of its employee Doe.

253. The FedEx defendants oversee and supervise the work of its employee Doe.

15

254.    The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

### COUNT 6 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(as to all defendants)

255.    Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

256.    To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show "(1) that the defendants] intended to cause, or should have known that [their] conduct would cause, emotional distress; (2) that the defendants'] conduct was extreme and outrageous; (3) that the defendants'] conduct caused [her] distress; and (4) that [he] suffered severe distress.

257.    To be considered extreme and outrageous, the defendants' conduct must "be beyond all bounds of decency and... utterly intolerable in a civilized community." See Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 596 (2001).

258.    Intentional infliction of emotional distress requires "extreme and outrageous conduct intentionally or recklessly cause[d] severe distress to another."

259.    The Defendants' actions transcended all bounds of decency by human standards.

260.    The Defendants' actions were intentional, reckless and malicious.

261.    The Defendants' actions were outrageous and extreme. It is without question that, on top of the continuous hostile environment that the plaintiff and his wife was subjected to, the use of the nasty and disgusting derogatory and discriminatory slurs by Doe towards the plaintiff, was shocking, stunning and extreme.

262.    Doe was on an extreme power trip and was bent on exerting oppressive dominance over the plaintiff to teach the plaintiff a lesson, to put the plaintiff in his place, to subjugate the plaintiff to extreme hostility, and to so assault the dignity of the plaintiff as to break and injure the plaintiff's spirit.

263.    The Defendants' treatment of plaintiff caused the plaintiff's injuries.

264.    Said injuries were the direct and proximate result of the Defendants' actions.

265.    The Defendants knew or should have known that their actions would cause injury to plaintiff.

266.    As the result of the Defendants' actions, the plaintiff was traumatized and suffered emotionally.

267.    The Defendants caused harm to plaintiff, including stress, sleep loss, emotional upset, anxiety, etc.

268.    The Defendants caused or created emotional distress for plaintiff.

269.    The Defendants knew that by making the insulting, derogatory and demeaning statements to and about the plaintiff (as African American man), it would cause emotional distress for the plaintiff.

270.    This is intolerable in a civil society and is beyond outrageous and extreme conduct.

271.    The Defendants intentionally inflicted emotional distress on plaintiff, as a direct and proximate result of Defendants' actions and inactions.

272.    The plaintiff was caused to suffer severe emotional distress as the result of which a reasonable person in plaintiff's position would have suffered similar emotional distress under like circumstances.

273.    The plaintiff sustained damages as a result of Defendants' intentional infliction of emotional distress on him.

274.    As a direct and foreseeable consequence of Defendants' actions, the plaintiff has suffered damages.

275.    As a result thereof, the plaintiff has been and continued to be injured and suffer damages.

276.    The FedEx defendants are responsible for the conduct of its employee Doe.

277.    The FedEx defendants oversee and supervise the work of its employee Doe.

278.    The FedEx defendants are also vicariously liable for the acts of its employee Doe under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

16

## COUNT 7 - VIOLATION OF THE MASSACHUSETTS EQUAL RIGHTS ACTS (MERA)
### (as to all defendants)

279.  Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

280.  The Massachusetts Equal Rights Act ("MERA") guarantees "[a]ll persons within the commonwealth" the "same rights enjoyed by white male citizens" to "make and enforce contracts" and "to the full and equal benefit of all laws and proceedings for the security of persons and property." Mass. Gen. Laws ch. 93, § 102. This is the state counterpart to federal law embodied in Section 1981.

281.  The plaintiff is an African American male which is recognized as a protected class under Mass. Const. amend. CXIV and under the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a).

282.  The defendants denied plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that they extend to other similarly situated customers.

283.  The defendants have subjected the plaintiff to discrimination under Mass. Const. amend. CXIV and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a).

284.  As alleged previously, the FedEx defendants had a contract with plaintiff, that carried certain obligations, that included providing services free from race discrimination and retaliation, among other things.

285.  The defendants deprived the plaintiff of the benefits of the contract with FedEx and the full and equal benefit of state and federal law, based on his race.

286.  In doing so, the defendants acted knowingly and with reckless indifference to the plaintiff's rights.

287.  The FedEx defendants are vicariously liable for the actions of its employee, Eric Doe, in violation of the MERA because Eric Doe took those actions within the scope of his employment.

288.  The plaintiff is therefore entitled to all legal and equitable remedies available under the MERA, including compensatory and punitive damages, injunctive relief, attorneys' fees and costs, and other appropriate relief.

## COUNT 8 - VIOLATION OF THE MASSACHUSETTS PUBLIC ACCOMMODATION LAW
### (as to all defendants)

289.  Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

290.  The Massachusetts Public Accommodation Law prohibits, among other things, making any distinction, discrimination, or restriction in admission to or treatment in a place of public accommodation based on race…

291.  Massachusetts General Law - Part IV, Title I, Chapter 272, Section 98 states (in Section 98 - Discrimination in admission to, or treatment in, place of public accommodation; punishment; forfeiture; civil right):

> Whoever makes any distinction, discrimination or restriction on account of race… relative to the admission of any person to, or his treatment in any place of public accommodation, resort or amusement, as defined in section ninety-two A, or whoever aids or incites such distinction, discrimination or restriction, shall be punished by a fine of not more than twenty-five hundred dollars or by imprisonment for not more than one year, or both, and shall be liable to any person aggrieved thereby for such damages as are enumerated in section five of chapter one hundred and fifty-one B; provided, however, that such civil forfeiture shall be of an amount not less than three hundred dollars; but such person so aggrieved shall not recover against more than one person by reason of any one act of distinction, discrimination or restriction. All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right.

292.  The FedEx defendants operate and control, and operates within, a place of public accommodation as defined by Mass. Gen. Laws ch. 272, § 92A ("A place of public accommodation, resort or amusement

17

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number
Superior Court - Suffolk
Docket Number

Case 1:26-cv-10842    Document 1-1    Filed 02/12/26    Page 19 of 20

within the meaning hereof shall be defined as and shall be deemed to include any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public...").

293.    The FedEx defendants, in violation of Mass. Gen. Laws ch. 272, §98, have discriminated and retaliated against the plaintiff in a public accommodation.

294.    As alleged previously, the FedEx defendants had a contract with plaintiff, that carried with it certain obligations, that included providing services free from race discrimination and retaliation, among other things.

295.    The FedEx defendants deprived the plaintiff of the benefits of their contracts with FedEx and the full and equal benefit of state and federal law, based on his race.

296.    In doing so, the defendants acted knowingly and with reckless indifference to the plaintiff's rights.

297.    The FedEx defendants are vicariously liable for the actions of its employee, Eric Doe.

298.    The plaintiff is therefore entitled to all legal and equitable remedies available.

## VI. EXEMPLARY OR PUNITIVE DAMAGES

299.    Plaintiff, repeats and reiterates each and every allegation of the complaint, in the above paragraphs with the same force and effect as if herein set forth at length.

300.    Plaintiff is also entitled to receive punitive damages because the FedEx defendants engaged in a discriminatory or retaliatory practice or in discriminatory or retaliatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

301.    The FedEx defendants have also engaged in this type of behavior before and still continue to do so to this day, demonstrating that they do not take or treat these issues seriously enough to ensure managers and employees are properly trained and competent in non-discrimination and non-retaliation policies and law.

302.    The FedEx defendants failed to respond the plaintiff's complaint about Eric Doe. The Fedex Defendants demonstrated a deliberate indifference to the discrimination and retaliation that the plaintiff experienced.

303.    Evidently, punitive damages are the only way that the FedEx defendants will be incentivized to change their culture, actions and practices.

## VII. CONCLUSION

304.    The plaintiff asks the court to grant a liberal construction to these pro se/non-lawyer words in a light most favorable to the plaintiff, in accordance with the best practices of modern jurisprudence and in compliance with the US supreme court's directive to all lower courts and tribunals, in Haines v Kerner, 404 U.S. 519 (1972).

305.    The plaintiff requests that this court tries its best to understand what it is that the plaintiff is trying to articulate to the court, and to interpret it in the best way and best light possible, in order to provide appropriate justice as is necessary and required.

306.    The plaintiff hereby demand a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the plaintiff, respectfully prays that the Court grant the following relief:

(1) Enter judgment in plaintiff's favor and against Defendants for: any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at

18

the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, and such other and further relief as the plaintiff may be entitled to by bringing this action.

(2) Award plaintiff damages within the jurisdictional limits of this court.

(3) Award punitive damages, as appropriate, in the amount to be established at trial.

(4) Award plaintiff costs, attorneys' fees, and non-taxable expenses in this action.

(5) Grant a pro se liberal construction to this pleading as required or necessary.

(6) Order such other relief as this Court deems just, equitable or appropriate.

Respectfully Submitted,

_____

PLAINTIFF
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

Dated: May 19, 2023

19

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01169    Case 1:26-cv-10842    Document 1-2    Filed 02/12/26    Page 1 of 3

# EXHIBIT 2

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01189     Case 1:26-cv-10842     Document 1-2     Filed 02/12/26     Page 2 of 3

| Summons | CIVIL DOCKET NO. 23 – 1189 D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: ANDRE BISASOR | | John E. Powers, III,   Acting Clerk of Courts Suffolk Superior Civil. County |
|---|---|---|
| vs. Plaintiff(s) FEDEX OFFICE + PRINT SERVICES, INC FEDEX CORPORATION ERIC DOE   Defendant(s) | | COURT NAME & ADDRESS: Three Pemberton Square Boston, MA. 02108  A true copy Attest 1/23/26  Deputy Sheriff Suffolk County |

THIS SUMMONS IS DIRECTED TO ___Fedex Office and Print Services___ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the     Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court

                    (address), by mail, in person, or electronically through

    the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

    b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address:
    101 Middlesex Turnpike, #270, Burlington, MA 01803

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

Superior Court - Suffolk
Docket Number 2384CV01169    Case 1:26-cv-10842    Document 1-2    Filed 02/12/26    Page 3 of 3

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**
You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**
The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____ , Chief Justice on _____ , 20____ , (Seal)

Acting Clerk

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

N.B.  TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/2022

Date Filed 2/12/2026 6.33 PM
Superior Court - Suffolk
Docket Number 2334CV01169    Case 1:26-cv-10842    Document 1-3    Filed 02/12/26    Page 1 of 3

# EXHIBIT 3

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Filed 2/12/2026 11:59 PM Case 1:26-cv-10842   Document 1-3   Filed 02/12/26   Page 2 of 3
Superior Court - Suffolk

Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) | |

| Plaintiff | Andre Bisasor | Defendant: | Fedex Office And Print Services, Inc. |
|---|---|---|---|
| ADDRESS: | 679 Washington Street, #8-206, Attleboro, MA 02703 | ADDRESS: | 155 Federal St. Suite 700, Boston, MA 02110 USA |
| | | | |
| Plaintiff Attorney: | | Defendant: | Fedex Corporation |
| ADDRESS: | | ADDRESS: | 155 Federal St. Suite 700, Boston, MA 02110 USA |
| | | | |
| BBO: | | | |
| Plaintiff Attorney: | | Defendant: | Eric "Doe" (last name is unknown at this time) |
| ADDRESS: | | ADDRESS: | Resides in Massachusetts (address is unknown at this time) |
| | | | |
| BBO: | | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| E17 | Civil Rights Violations, Breach of Contract, etc. | A | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?       Is there a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO              ☐ YES   ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

See attached complaint. Damages exceeds $50,000.

F. Other documented items of damages (describe below)

Total Damages exceed $50,000. See attached complaint.

TOTAL (A-F):          $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Total Damages exceed $50,000. See attached complaint.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of Contract. See attached complaint. | |
| 2. | Breach of Covenant of Good Faith & Fair Dealing. See attached complaint. | |
| 3. | Unjust Enrichment. See attached complaint. | |
| | See attached complaint. Damages exceeds $50,000. | Total |

SC0001: 1/13/2023          www.mass.gov/courts          Date/Time Printed:05-19-2023 23:32:44

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2584CV01109 Case 1:26-cv-10842     Document 1-3     Filed 02/12/26     Page 3 of 3
Superior Court - Suffolk

| Docket Signature of Attorney/Self-Represented Plaintiff: X _____ | | Date: | 5/19/23 |

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18, Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X _____ | Date: _____ |

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01169 Case 1:26-cv-10842    Document 1-4    Filed 02/12/26    Page 1 of 4

# EXHIBIT 4

11

CN    **COMMONWEALTH OF MASSACHUSETTS - SUFFOLK SUPERIOR COURT**
**CIVIL ACTION NO. 2384CV01189** <sup>D</sup>

**ANDRE BISASOR, Plaintiff**
v.
**FEDEX OFFICE AND PRINT SERVICES, INC.; FEDEX CORPORATION; and
ERIC "DOE," Defendants**

---

**NOTICE REGARDING SERVICE
AS TO DEFENDANT ERIC DOE**

---

1. Plaintiff Andre Bisasor submits this Notice to inform the Court of the status of service upon Defendant Eric "Doe" in the above-captioned action.
2. Service of process has not yet been effectuated upon Defendant Eric "Doe" because Plaintiff has been unable to ascertain his full legal identity, which is necessary to properly serve him in accordance with Massachusetts Rules of Civil Procedure.
3. This Court expressly contemplated and addressed this circumstance in its Endorsement dated 8-28-25, on Plaintiff's Motion for Extension of Time to Serve All Defendants (Docket #6), wherein the Court stated: **"Plaintiff must determine his identity and serve him properly, which he may do through discovery, once the complaint is properly served on the corporate** defendants." See Exhibit A.
4. The Court's Order thus recognized that identification and service of Defendant Doe would necessarily follow service upon corporate defendants and would be accomplished through the discovery process.
5. As set forth in the Returns of Service filed contemporaneously herewith, the Plaintiff has now completed service upon both corporate defendants, FedEx Corporation and FedEx Office and Print Services, Inc., by in-hand delivery through the Suffolk County Sheriff's Department on January 23, 2026, within the deadline established by the Court's Order of October 27, 2025.
6. Having satisfied the prerequisite identified by the Court, and once the corporate defendants appear, the Plaintiff will seek discovery from the corporate defendants to determine the full legal name and identity of Defendant Eric "Doe," and will thereafter effectuate service upon him in accordance with the applicable rules.
7. The Plaintiff respectfully requests the Court take notice of the foregoing and permit Plaintiff a reasonable period of time following identification of Defendant Doe's full legal name through discovery, to effectuate proper service upon him, consistent with the Court's 8-28-25 Endorsement.

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
Plaintiff, Pro Se
101 Middlesex Turnpike, #270
Burlington, MA 01803
Email: quickquantum@aol.com

Date: February 11, 2026

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of this filing was served upon each party entitled to notice.

/s/ Andre Bisasor
Andre Bisasor

Date Filed 2/12/2026 9:03 AM
Superior Court - Suffolk
Docket Number 2384CV01189   Case 1:26-cv-10842   Document 1-4   Filed 02/12/26   Page 3 of 4

**EXHIBIT A**



Date Filed 2/12/2026 8:03 PM
Superior Court - Suffolk
Docket Filed 2/12/2025, this PM Case 1:26-cv-10842    Document 1-4    Filed 02/12/26    Page 4 of 4
Superior Court - Suffolk
Docket Number 2384CV01189

8/22                                                                                         6

ML                    COMMONWEALTH OF MASSACHUSETTS
                           SUFFOLK SUPERIOR COURT

                          Civil Action No. 2384CV01189

                                ANDRE BISASOR,
                                    Plaintiff

                                        v.

                        FEDEX OFFICE AND PRINT SERVICES, INC.;
                                 FEDEX CORPORATION;
                                    ERIC DOE;
                                    Defendants.

### MOTION FOR EXTENSION OF TIME TO SERVE ALL DEFENDANTS

1. Plaintiff Andre Bisasor respectfully moves this Court for an extension of time to serve process on all defendants in this action, of 60 days, and in support thereof states as follows.
2. On May 19, 2023, plaintiff filed this civil rights action against defendants FedEx Office and Print Services, Inc., FedEx Corporation, and Eric "Doe."
3. On May 20, 2025, this Court issued an endorsement stating the deadline for service of process on defendants is August 19, 2025.
4. Plaintiff is and has been actively seeking qualified legal counsel for this complex federal civil rights action involving multiple claims under 42 U.S.C. § 1981, Massachusetts Equal Rights Act, and Massachusetts public accommodation law. The plaintiff is in the process of securing counsel and just needs a little more time to accomplish this. Note: As an African-American indigent plaintiff it requires a little more time to secure counsel to take the case on affordable or contingency terms.
5. Massachusetts courts recognize that pro se litigants seeking representation in complex civil rights cases require additional time to secure competent counsel.
6. This case involves sophisticated federal and state civil rights claims requiring specialized legal knowledge:
   a. Federal Section 1981 discrimination and retaliation claims
   b. Massachusetts Equal Rights Act (MERA) violations
   c. Massachusetts public accommodation law violations
   d. Multiple contract-based claims
   e. Intentional infliction of emotional distress claims
   f. Claims for punitive damages
7. The complexity of these interrelated claims demonstrates the need for professional legal representation and justifies additional time to secure counsel.
8. Defendant Eric "Doe" cannot be served without first obtaining this information from the corporate defendants regarding his full identity and current address.
9. Plaintiff has diligently sought to uncover the identity of the doe defendant including contacting the Fedex local office where he works but have been unsuccessful. The Doe defendant's identity remains unknown.
10. Plaintiff seeks an accommodation by this court to serve the Doe defendant at his local work office rather than at his home address as required by the rules, or to serve the Doe defendant by other means that the court deems reasonable.
11. An extension of time is needed to coordinate service of process on all defendants. This serves judicial efficiency and avoids piecemeal litigation. This necessitates additional time beyond the current deadline.
12. Massachusetts Rule 6(b) permits extension "for good cause shown". Under Massachusetts Rule 6(b), good cause exists for extension.[1]

---

[1] Also, although the plaintiff received copy of the complaint, and the summons, the necessary paperwork needed by the Sheriff was not received.

1

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01169

Case 1:26-cv-10842   Document 1-5   Filed 02/12/26   Page 1 of 1

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Andre Bisasor

### DEFENDANTS
FedEx Office and Print Services, Inc.; FedEx Corporation; Eric Doe

**(b)** County of Residence of First Listed Plaintiff   Bristol
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andre Bisasor (pro se), 679 Washington Street, Suite # 8-206, Attleboro, MA 02703

Attorneys *(If Known)*
Ogletree, Deakins, Nash, Smoak & Stewart
One Boston Place, Suite 3500, Boston, MA 02108

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42, Section 1981, of the U.S. Code.
Brief description of cause:
Plaintiff asserts eight counts against Defendants, including violation of 42 USC s 1981 and breach of contract.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  >$50,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  02/12/2026

SIGNATURE OF ATTORNEY OF RECORD  /s/ Patrick M. Curran, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Date Filed 2/12/2026 6:33 PM
Superior Court - Suffolk
Docket Number 2384CV01189    Case 1:26-cv-10842    Document 1-6    Filed 02/12/26    Page 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Andre Bisasor v. FedEx Office and Print Services, Inc.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐   I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

☑   II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

☐   III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
        *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    None.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                    YES ☐      NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                                                    YES ☐      NO ☑
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                                    YES ☐      NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                    YES ☐      NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                    YES ☑      NO ☐

    A.   If yes, in which division do all of the non-governmental parties reside?
         Eastern Division ☑         Central Division ☐         Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
         Eastern Division ☐         Central Division ☐         Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                                    YES ☐      NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Patrick M. Curran, Jr.
ADDRESS Ogletree, Deakins, Nash, Smoak & Stewart, PC, One Boston Place, Ste 3500, Boston, MA 02108
TELEPHONE NO. (617) 994-5728

(CategoryForm11-2020.wpd)