

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

# PLAINTIFF'S [EMERGENCY OR EXPEDITED] MOTION FOR EXPEDITED LIMITED DISCOVERY TO IDENTIFY "ERIC DOE"

1. Plaintiff Andre Bisasor respectfully moves for an order permitting narrowly tailored, expedited discovery directed to Defendants FedEx Office and Print Services, Inc. and FedEx Corporation for the sole purpose of identifying the individual defendant currently designated as "Eric Doe" and obtaining his last known address for service of process. In support of this motion, Plaintiff states as follows:
2. Plaintiff's complaint names as a defendant "Eric Doe," alleged to be the night manager of the FedEx Office store located at 187 Dartmouth Street in Boston, Massachusetts, who interacted with Plaintiff in or around February 2019 and whose conduct is at the center of Plaintiff's claims.
3. Plaintiff does not know Eric Doe's surname or precise address and has no practical means to obtain that information other than from the corporate defendants, who employed/supervised him at the relevant time.
4. Plaintiff thus needs to obtain limited discovery from the FedEx corporate defendants for the sole purpose of identifying the true surname and last known address of Defendant Eric "Doe," a former or current employee of FedEx Office at its retail location at 187 Dartmouth Street, Boston, Massachusetts 02116, so that Plaintiff may serve him with process and prosecute his claims against Doe.
5. While this action was pending in Suffolk Superior Court, the Superior Court issued an order dated August 28, 2025, entered on the docket September 3, 2025, pertaining to Plaintiff's Motion for Extension of Time to Serve All Defendants, which stated in pertinent part: *"In order to pursue his claim against Doe, Plaintiff must determine his identity and serve him properly, which he may do through discovery, once the complaint is properly served on the corporate defendants."* That order expressly contemplated and authorized discovery directed at the corporate defendants for the purpose of identifying Eric Doe.
6. Plaintiff's understanding is that this order survives removal unless and until modified by this Court.
7. The complaint was properly served on the corporate defendants on 1-23-26.
8. On 2-20-26, Plaintiff asked Defendants' counsel to voluntarily provide the full legal name and last known address of the individual identified as "Eric" in the Complaint.
9. Counsel declined to do so, stating that the *""Rules of Civil Procedure" provide the mechanism for obtaining such information and that "email correspondence" is not one of them. Notably, at no point did counsel deny that his clients know the identity of this individual."*.
10. On 2-27-26, Counsel further stated that *"Finally, I have confirmed that my clients, having no obligation at this time (under the Rules or otherwise) to provide you with information concerning whether they know the name or address of the person referred to in your Complaint as "Eric Doe," will not agree to do so."*
11. Notably, at no point did counsel deny that his clients know the identity of this individual.
12. Plaintiff has thus repeatedly requested, in correspondence with Defendants' counsel, that Defendants voluntarily disclose Eric Doe's full name and last known address so that he may be properly served. Defendants have refused to do so, not on the basis of burden, privilege, or any asserted prejudice, but solely on the ground that they are not presently under "obligation" to provide this information outside formal discovery, even though they have not denied that they currently possess this information.
13. So, although the Suffolk Superior Court recognized that Plaintiff would need to identify Doe through discovery directed at the corporate defendants (and thus authorizing such discovery), and although that authorization survives removal under 28 U.S.C. §1450 (*"All injunctions, orders, and other proceedings had in [the state] court prior to removal...shall remain in full force and effect until dissolved or modified by the district court."*), defendants' refusal to voluntarily provide the information, leaves Plaintiff with no alternative but to seek judicial intervention. In other words, because Plaintiff remains under a court-recognized obligation to "*determine [Doe's] identity and serve him properly*," Defendants' refusal to provide this basic identifying information cooperatively leaves Plaintiff with no option but to seek the Court's assistance.
14. The identity and last known address of the individual who served as night manager at the 187 Dartmouth Street FedEx Office store in Boston, Massachusetts, in or around 2019, with first name "Eric," are uniquely

within Defendants' possession, custody, or control. The requested discovery is therefore both relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b).

15. Moreover, the identity of Doe is critical to determining citizenship which goes to some of the jurisdiction defenses raised by the defendants in their motion to dismiss as well as to whether diversity exists in this case. Prompt identification of Eric Doe is thus necessary to address/resolve issues of subject-matter jurisdiction.

16. On information and belief, Plaintiff understands, including based on the location of the store and the nature of the employment, that Eric Doe is a Massachusetts resident. If so, his presence as a named defendant may nullify any assertion by the defendants that there is complete diversity in this removed action. Plaintiff cannot properly address, or ask the Court to address, the jurisdictional consequences of Doe's citizenship without first knowing for certain his identity and last known address.

17. Further, Plaintiff intends to file an amended complaint. That amendment will, among other things, refine the allegations against the corporate defendants and address issues raised by the pending motion to dismiss. Plaintiff cannot meaningfully finalize his pleading, or effect timely service on Doe, without the limited identifying information sought by this motion. Without this information, plaintiff will be impeded in his ability to defend against the motion to dismiss or to effectively prosecute this case. Further, the motion to dismiss cannot be properly heard without defendant Eric Doe, which is the chief perpetrator of the wrongs outlined in the complaint. Plaintiff needs to obtain this information via discovery, then serve the defendant and bring him into the case, so that all defendants can be properly before the court.

18. In sum, the discovery Plaintiff seeks is carefully confined to the narrow issue of identification and service and will impose minimal burden on Defendants. **Specifically, Plaintiff asks the court to direct defendants FedEx Office and FedEx Corporation to provide the full legal name and last known residential address of the individual who was employed as night manager at the FedEx Office store located at 187 Dartmouth Street, Boston, Massachusetts, in February 2019, whose first name is "Eric"**.

19. The requested expedited discovery order is strictly limited to the threshold issues of identifying and serving Eric Doe and clarifying his citizenship.

20. In light of the prior Superior Court order expressly contemplating/authorizing discovery to identify Doe, Defendants' refusal to cooperate informally, and the jurisdictional and service issues at stake, good cause exists to permit this narrow, expedited discovery. Federal courts have broad discretion to permit expedited discovery where "good cause" exists. See Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). In the District of Massachusetts, courts regularly grant expedited discovery to permit a plaintiff to identify unknown defendants. See, e.g., London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 163-64 (D. Mass. 2008) (permitting expedited third-party discovery to identify anonymous defendants). Plaintiff respectfully submits that allowing targeted discovery now will promote judicial economy by clarifying the parties, enabling proper service on Doe, and assisting the Court in resolving any forthcoming motions.

21. WHEREFORE, Plaintiff respectfully requests that the Court:
    a. Grant Plaintiff motion for limited discovery described herein on Defendants FedEx Office and Print Services, Inc. and FedEx Corporation;
    b. Direct Defendants to provide the name of Eric Doe's surname and last known address, to the plaintiff, within 10 days of the Court's Order or on expedited basis (especially given the lost time from Defendant's refusal to cooperatively provide something they know they must provide and have no grounds to oppose); and
    c. Grant such other and further relief as the Court deems just and proper.

22. As noted above, Plaintiff contacted Defendants about this issue but to no avail.

23. Given the urgency, plaintiff asks for expedited ruling as soon as possible.

Respectfully submitted,
/s/ Andre Bisasor
Date: March 9, 2026                                           ANDRE BISASOR

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

2