UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

**PLAINTIFF'S [EMERGENCY/EXPEDITED] MOTION TO EXTEND THE AUTOMATIC DEADLINE TO FILE AMENDED COMPLAINT AS A MATTER OF RIGHT**

1. Plaintiff Andre Bisasor respectfully moves, pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 16(b)(4), to extend the current deadline for filing an amended complaint as a matter of right. In support of this motion, Plaintiff states as follows:
2. Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b), thereby triggering the 21-day period in Rule 15(a)(1)(B) during which Plaintiff may amend his complaint as a matter of course/matter of right.
3. This ostensibly results in a deadline of March 12, 2026, by which Plaintiff must file an amended complaint as a matter of right without motion practice. After such date, Plaintiff may amend the complaint only with court permission or with the defendants' assent (though courts are generally required to freely/liberally allow amendment as justice demands, under current jurisprudence).
4. Plaintiff, proceeding pro se, has been diligently evaluating the appropriate configuration of claims, in light of the removal (without service on Defendant Eric Doe), and on certain subject-matter jurisdictional issues, and on the interplay between various aspects of federal and state law, as well as in light of the need to amend the complaint. This has required Plaintiff to research and consider complex issues that are not straightforward even for represented parties.
5. In particular, Plaintiff anticipates asserting a claim under G.L. c. 93A, §9 against one or more Defendants. As the Court is aware, §9(3) of Chapter 93A requires a 30-day written demand for relief to be sent "at least thirty days prior to the filing of any such action." However, there is an exception to this, for businesses that are outside of Massachusetts. Both defendants maintain that their offices are out of state and, in particular, one of the defendants goes as far as to aver that it "*does not have, and has not at any time since January 1, 2013, had any offices or operations in Massachusetts,*" has no involvement in operating FedEx Office locations here, and "*has provided no services to, or taken any direct payments from, customers in the Commonwealth of Massachusetts*." If this rather sweeping claim is correct, it strongly supports application of the §9(3) exception, which effectively is an admission that it 'does not maintain a place of business' and 'does not keep assets' in Massachusetts within the meaning of §9(3). Nonetheless, in an abundance of caution, Plaintiff anticipates proceeding on the more conservative course of still serving a §9 demand on both Defendants."
6. It should be further noted that, from the outset of being contacted by Defendants' counsel, and being first informed of removal on 2-19-26, the Plaintiff promptly sought early settlement/mediation with the defendants, but their counsel, after conferring with his clients, essentially stated that they are not so interested at this time. Plaintiff is thus now preparing to serve such a 93A demand letter forthwith.
7. If Plaintiff were required to file his amended complaint by March 12, 2026, he would necessarily be compelled either (a) to assert a Chapter 93A claim before the statutorily required 30-day demand period has elapsed, rendering the claim prima facie vulnerable as premature, or (b) to forgo inclusion of a 93A claim in the amended complaint and later seek leave yet again to add it once the 30-day period has expired, resulting in duplicative motion practice.
8. Plaintiff respectfully submits that, in the interest of judicial economy and orderly pleading, it would be more efficient to allow an enlargement of the current deadline so that: (a) the 30-day Chapter 93A demand period can run its course, and (b) Plaintiff can present a single, unified amended complaint.
9. Plaintiff further notes that he is simultaneously pursuing early, narrowly-tailored discovery concerning the identity and last known address of the individual currently designated as "Eric Doe," in accordance with prior state-court guidance/authorization that his identity may be obtained through discovery from the corporate defendants once they were served. Plaintiff's ability to frame his amended allegations, particularly as to the proper naming and citizenship of individual defendants, will be materially assisted by this discovery.
10. It is important to underscore that the plaintiff's interest in seeking extension is to preserve the right to amend the complaint without court permission as to its contents and thus to preserve the matter of right. This includes his ability to file a comprehensive amended complaint that addresses all issues (including a Chapter 93A claim, the identity of Eric Doe, jurisdictional matters, addition of parties, including one plaintiff and one

defendant, as well as other substantive matters including adding or streamlining claims, etc.) without having to file multiple overlapping amendments. If the Court grants the extension, plaintiff would like to ensure that it will be extending the same right to amend but to a further date. Plaintiff believes the court has the power or discretion to issue such an order by including in the terms of the order the equivalent conditions for a matter of right amendment. If the plaintiff is mistaken that the court has such power or discretion or, if the court is not inclined for any reason to grant an extension that preserves the matter of right, which will likely result in the ostensible de facto forfeiture of the right to amend the complaint as a matter of right (i.e., as plaintiff or his possible legal counsel may deem fit), then plaintiff will prefer to file the amended complaint in the less developed form by the March 12, 2026, which obviously will not be ideal or conducive to the interests and equities outlined herein.

11. In sum, Plaintiff seeks only a modest extension of the amendment deadline so that he may: (a) comply with the statutory prerequisite for a 93A claim, (b) incorporate any demand response into his amended pleading, (c) align his amendment with the results of his efforts to identify and properly name "Eric Doe", and (d) seek and obtain legal advice and/or legal representation for this complex civil rights case.
12. Plaintiff requests the extension to be 4-20-26, which is the same deadline to respond to the pending motion to dismiss (which once filed, it will moot the pending motions to dismiss and thus it is logical that both are due the same date).
13. Defendants will suffer no unfair prejudice from a brief extension of the amendment deadline that accords with the deadline for objection to the motion to dismiss. Further, the case is in its early stages following removal; no scheduling order setting trial or discovery cut-offs has yet been entered, and Defendants will have full opportunity to respond to the amended complaint and raise any defenses, in due course.
14. Under Fed. R. Civ. P. 6(b)(1)(A), the Court may, for good cause, extend the time for an act to be done if the request is made before the original time expires. The circumstances described above constitute good cause for the limited extension requested here.
15. Plaintiff contacted Defendants about this issue of extension of the deadline to amend the complaint, from last week, but they have not responded as yet, except an interim note that counsel will confer with clients and get back to the plaintiff. Plaintiff can wait no longer as time is of the essence. Given the urgency of the matter, plaintiff asks for expedited ruling as soon as possible.

Respectfully submitted,
/s/ Andre Bisasor

Date: March 9, 2026                                                    ANDRE BISASOR

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

2