**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Case No. 1:26-cv-10842-JEK

Andre Bisasor,
Natalie Anderson,
Plaintiffs,

v.

FedEx Office and Print Services, Inc.,
FedEx Corporation,
Mike Doiron,
Eric Doe,
Defendants.

## PLAINTIFFS' MOTION TO REMAND TO STATE COURT

Plaintiffs Andre Bisasor and Natalie Anderson ("Plaintiffs"), proceeding *pro se*, respectfully move this Court pursuant to 28 U.S.C. § 1447(c) for an order remanding this action to the Suffolk Superior Court, Commonwealth of Massachusetts, where it was originally filed on May 19, 2023. Under the Supreme Court's unanimous decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), remand is mandatory: when a plaintiff amends his/her complaint to delete the federal-law claims that enabled removal, "the federal court loses its supplemental jurisdiction over the related state-law claims" and *"[t]he case must therefore return to state court." Id.* at 25. Moreover, no alternative basis for federal jurisdiction exists, and diversity jurisdiction under 28 U.S.C. §1332 is unavailable because complete diversity is lacking, and the forum defendant rule independently bars removal on diversity grounds. In further support thereof, Plaintiffs state as follows:

## I. INTRODUCTION

1.      This case was filed in Suffolk Superior Court on May 19, 2023. On February 12, 2026, Defendants removed this action to federal court. The Notice of Removal (ECF No. 1) cited 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), and 1446, and identified federal question jurisdiction (§ 1981), diversity jurisdiction, and supplemental jurisdiction as bases for removal. *See* Notice of Removal. However, Defendants' diversity analysis was fatally deficient, it compared only Plaintiff Bisasor to FedEx Office, completely ignoring Defendant Eric Doe, a Massachusetts citizen who was already a named defendant in the original state-court complaint. *See* Notice of Removal.

2.      On March 12, 2026, Plaintiffs filed a First Amended Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B). The First Amended Complaint eliminates the sole federal claim (§1981) and asserts exclusively Massachusetts state-law claims.

3.      Under *Royal Canin*, this Court has been divested of jurisdiction. The sole federal claim that enabled removal has been excised by amendment. No federal question remains. No diversity jurisdiction exists because Defendants Mike Doiron and Eric Doe are citizens of Massachusetts, the same state as Plaintiffs, and thus complete diversity does not exist and, in fact, never existed. Remand is mandatory.

## II. PROCEDURAL BACKGROUND

4.      Plaintiff Bisasor filed this action in Suffolk Superior Court on May 19, 2023, asserting claims arising from racial discrimination, retaliation, and hostile treatment at a FedEx Office store in Boston, Massachusetts, among others.

5.      The Suffolk Superior Court entered an order on August 28, 2025, authorizing limited discovery to identify Defendant Eric Doe.

6.      On February 12, 2026, Defendants removed the action to this Court. The Notice of Removal cited federal question jurisdiction (§1331), diversity jurisdiction (§1332), and supplemental jurisdiction (§1367) as bases for removal. *See* ECF No. 1 p. 5–19. However, the diversity analysis addressed only

Plaintiff Bisasor and FedEx Office, ignoring Eric Doe who is, on firm information and belief, a Massachusetts citizen who was already a named defendant.

7. On February 19, 2026, Defendants filed a Motion to Dismiss (ECF No. 9) and Memorandum in Support (ECF No. 10).

8. On March 12, 2026, Plaintiffs filed their First Amended Complaint as of right under Rule 15(a)(1)(B), within twenty-one days of the Motion to Dismiss. The amended complaint drops §1981 and asserts only Massachusetts state-law claims including breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, violation of the Massachusetts Equal Rights Act ("MERA"), intentional infliction of emotional distress, defamation, assault, violation of Mass. Gen. Laws ch. 93A, negligence, violation of the Massachusetts public accommodation law, and unjust enrichment.

9. The First Amended Complaint supersedes the original complaint and renders it of no legal effect. The pending Motion to Dismiss (ECF No. 9), which was directed at the original complaint, is mooted. The Court issued an order on March 13, 2026 that confirmed this fact, by denying the Motion to Dismiss as moot.

## III. LEGAL STANDARD

10. The Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), is directly controlling. In *Royal Canin*, a unanimous Court held:

> When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.

*Id.* at 25.

11. The Court grounded this holding in the text of 28 U.S.C. § 1367(a), which grants supplemental jurisdiction only "*in any civil action of which the district courts have original jurisdiction*." An amended complaint "supersedes" the original and controls the jurisdictional inquiry. When the amended complaint contains no federal claims, there is no "federal anchor" for supplemental jurisdiction, and "supplemental jurisdiction over the residual state claims disappears as well." *Id.* at 31.

12. Critically, *Royal Canin* distinguished this holding from the discretionary framework of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). When federal claims have been excised by amendment, "there is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all." *Royal Canin*, 604 U.S. at 32.

14. 28 U.S.C. § 1447(c) provides that "[*i*]*f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded*." This statute imposes a mandatory duty.

## IV. ARGUMENT
## A. Royal Canin Compels Remand

15. This case is directly on point with *Royal Canin*. There, the plaintiff filed suit in state court asserting federal and state claims; the defendant removed based on the federal claims; the plaintiff then amended to delete all federal claims. The Supreme Court held that the amendment divested the federal court of jurisdiction and required remand.

16. Here, the procedural sequence is identical:
(a) Plaintiffs filed this action in state court asserting one federal (§1981) claim and other state-law claims;
(b) Defendants removed based on the federal §1981 claim;
(c) Plaintiffs amended the complaint as of right under Rule 15(a)(1)(B) to delete §1981 entirely; and
(d) The amended complaint asserts exclusively Massachusetts state-law claims.

17. Under *Royal Canin*, the result is automatic: "*Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing.*" 604 U.S. at 32. The Court has no jurisdiction; it has neither federal claim jurisdiction, nor supplemental jurisdiction, and, as will be further elucidated below, neither does it have diversity jurisdiction. The case must thus be remanded.

## B. No Diversity Jurisdiction Exists

18.    Defendants may attempt to argue that this Court retains subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1332(a). Any such argument fails for multiple independent reasons.

### 1. Complete Diversity Does Not Exist

19.    Diversity jurisdiction requires complete diversity, i.e., "no plaintiff [may be] a citizen of the same state as any defendant." *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Berkley Nat'l Ins. Co. v. Atl.-Newport Realty LLC*, 93 F.4th 543, 549 (1st Cir. 2024). Here, complete diversity is absent.

20.    Plaintiffs Bisasor and Anderson are citizens of Massachusetts. Defendant Mike Doiron is known to be domiciled in Massachusetts. [Note: His LinkedIn profile identifies him as located in "Boston, Massachusetts" and lists continuous employment as Senior Store Manager at FedEx Office in Boston since September 1999, for over 26 years. He attended Rochester Institute of Technology and worked in Cambridge, Massachusetts in 1990-1991 before his career at FedEx. Clearly, Doiron is, and always has been, a citizen of Massachusetts for diversity purposes.

21.    Defendant Eric Doe is, upon information and belief, also domiciled in Massachusetts. He was employed at the FedEx Office store at 187 Dartmouth Street, Boston, MA at the time of the events in question.

22.    Because Plaintiffs (Massachusetts citizens) and Defendants Doiron and Doe (Massachusetts citizens) share common citizenship, complete diversity does not exist, and §1332 jurisdiction is unavailable. *See Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 673 (1st Cir. 1994) ("[T]he presence of even one nondiverse defendant defeats diversity jurisdiction.").

24.    Doiron was the store manager at the FedEx Office location where the events giving rise to this action occurred. The amended complaint alleges that Doiron, in his supervisory capacity, failed to investigate complaints of racial discrimination, failed to discipline the offending employee, participated in the coverup of Doe's identity, and was directly involved in the retaliatory and hostile treatment of Plaintiffs. These allegations state plausible claims for negligence, IIED, defamation, and violation of Chapter 93A against Doiron individually. There is more than a "reasonable basis" for liability.

25.    Doe was the employee whose direct conduct forms the core of the complaint; he is alleged to have committed the racially discriminatory acts, assault, and defamation. NB: Defendants knew who Eric Doe is and they know he is a citizen of MA but yet they still asserted diversity.

### 2. The Notice of Removal Failed to Establish Complete Diversity

27.    Although the Notice of Removal invoked 28 U.S.C. § 1332, Defendants' diversity analysis was fatally incomplete. The Notice compared only Plaintiff Bisasor (Massachusetts) to FedEx Office (Texas) and concluded "*the parties are diverse.*" *See* Notice of Removal p.13. But the Notice entirely ignored Defendant Eric Doe, who was already a named defendant in the original state-court complaint and who, upon information and belief, is a citizen of Massachusetts. The Notice never alleged Doe's citizenship, never addressed his domicile, and never explained how complete diversity could exist with a Massachusetts plaintiff suing a Massachusetts defendant.

28.    A removing party bears the burden of establishing all prerequisites for federal jurisdiction. Removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. Defendants cannot cure this deficiency. Complete diversity did not exist at the time of removal (Doe was already a named defendant), does not exist now (Doiron has been added and is also a Massachusetts citizen), and has never existed in this action.

### 3. The Forum Defendant Rule Bars Diversity-Based Removal

29.    Even if complete diversity existed (which it does not), the forum defendant rule under 28 U.S.C. § 1441(b)(2) would independently bar removal on diversity grounds. That provision prohibits diversity-based removal when "*any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" Defendants Doiron and Doe are citizens of Massachusetts, the forum state.

## C. Even Under A Discretionary Framework, All Factors Favor Remand

33.    Although *Royal Canin* makes remand mandatory, even under the discretionary factors of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988), judicial economy, convenience, fairness, and comity, each weighs in favor of remand.

### 1. Judicial Economy

34. This case is at an early stage in federal court. It was removed barely one month ago. No discovery has been conducted. No substantive rulings on the merits have been issued. The March 9, 2026 order (ECF No. 22) addressed only procedural motions. By contrast, the case was housed in Suffolk Superior Court for nearly three years (May 2023 to February 2026), and that court entered the August 28, 2025 order authorizing discovery to identify Defendant Eric Doe.

### 2. Convenience

35. All events occurred in Suffolk County, Massachusetts. All individual defendants reside in Massachusetts. The FedEx Office store is in Boston. The state court is the natural forum for these exclusively Massachusetts state-law claims.

### 3. Fairness

36. Defendants removed this case to federal court to gain a perceived tactical advantage. With the federal claim eliminated, there is no justification for keeping this fundamentally state-law case in a forum that lacks jurisdiction. Fairness requires that Plaintiffs, proceeding *pro se*, not be prejudiced by adjudicating state-law claims in a forum without jurisdiction.

### 4. Comity

37. Every claim arises under Massachusetts law: MERA, Mass. Gen. Laws ch. 93A, Mass. Gen. Laws ch. 272, § 98, and common-law claims. Massachusetts courts have a paramount interest in interpreting and applying their own laws. *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995).

### D. Remand, Not Dismissal, Is the Proper Remedy

38. The proper remedy is remand, not dismissal. Remand preserves Plaintiffs' claims, avoids statute-of-limitations issues, and returns the case to the court where it originated.

## V. CONCLUSION

39. The Supreme Court's unanimous decision in *Royal Canin* is directly on point and leaves no room for the exercise of discretion. Plaintiffs have amended their complaint to delete the sole federal claim (§1981) that enabled removal. The amended complaint asserts exclusively Massachusetts state-law claims. No diversity jurisdiction exists: Defendants Doiron and Doe are citizens of MA, the same state as Plaintiffs. There is no complete diversity. The Notice of Removal's diversity analysis was fatally deficient, ignoring the non-diverse defendant Doe. The forum defendant rule independently bars diversity-based removal. Under *Royal Canin*, this Court has been divested of jurisdiction and remand is mandatory.

40. For the foregoing reasons, Plaintiffs respectfully request that this Court:
    (a) Remand this action to the Suffolk Superior Court, Commonwealth of Massachusetts, pursuant to 28 U.S.C. §1447(c);
    (b) Declare that this Court lacks subject matter jurisdiction over the remaining state-law claims; and
    (c) Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Andre Bisasor

Andre Bisasor

101 Middlesex Turnpike, #270

Burlington, MA 01803

/s/ Natalie Anderson

Natalie Anderson

101 Middlesex Turnpike, #270

Burlington, MA 01803

Dated: March 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served, via the Court's CM/ECF system, to all parties of record,

/s/ Andre Bisasor

Andre Bisasor
