# Exhibit 1

## Curran, Patrick M.

| | |
|---|---|
| **From:** | Andre Bisasor <quickquantum@aol.com> |
| **Sent:** | Thursday, March 12, 2026 5:53 PM |
| **To:** | Curran, Patrick M.; Micca, Mariah K. |
| **Subject:** | Initial 93A Demand Letter \| Bisasor v. FedEx et. al |
| **Attachments:** | FedEx_93A_Demand_Letter-Final.pdf |

**[Caution: Email received from external source]**

Dear Patrick,

Please see attached initial 93A demand letter to your clients.

Sincerely,
Andre Bisasor

1

**ANDRE BISASOR**
101 Middlesex Turnpike, #270
Burlington, MA 01803
Telephone: (781) 492-5675
Email: quickquantum@aol.com

March 9, 2026

**VIA CERTIFIED MAIL**

**AND VIA EMAIL TO COUNSEL OF RECORD**

CT Corporation System, as Registered Agent for:
FedEx Office and Print Services, Inc.
and FedEx Corporation
155 Federal Street, Suite 700
Boston, MA 02110

Patrick M. Curran, Jr., Esq. (via email)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
patrick.curran@ogletreedeakins.com

**Re: Demand Letter Pursuant to Mass. Gen. Laws ch. 93A, § 9(3)**
    **Bisasor v. FedEx Office and Print Services, Inc., et al.**
    **Suffolk Superior Court Case No. 2384CV01189**
    **D. Mass. Case No. 1:26-cv-10842-JEK**

Dear FedEx Office and Print Services, Inc. and FedEx Corporation:

This letter constitutes a demand pursuant to Massachusetts General Laws chapter 93A, section 9(3), which requires that at least thirty (30) days prior to filing suit under chapter 93A, section 9, a prospective plaintiff must send a written demand for relief identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon, the injury suffered, and the relief sought. This demand is sent to preserve and perfect my right to bring a claim under chapter 93A, section 9, and to provide you the opportunity mandated by the statute to make a reasonable settlement offer.

## I. IDENTIFICATION OF CLAIMANT AND PARTIES

The claimant is Andre Bisasor, a consumer and resident of Burlington, Massachusetts, who was a registered FedEx customer holding both personal and business accounts with FedEx Office and Print Services, Inc. The respondents are FedEx Office and Print Services, Inc. and FedEx Corporation (collectively, "FedEx"), entities engaged in trade and commerce within the Commonwealth of Massachusetts.

## II. UNFAIR AND DECEPTIVE ACTS AND PRACTICES

On or about February 4-6, 2019, I visited the FedEx Office retail store located at 187 Dartmouth Street, Boston, Massachusetts 02116, to purchase printing, copying, and shipping services in connection with a large project. I was a paying, registered customer entitled to service at that location. Despite my status as a customer, a FedEx Office employee identified as "Eric" (the night manager) engaged in the following course of conduct: he accused me of loitering, demanded that I leave the store while simultaneously offering assistance to a white customer, refused to assist me or my wife with the copy machines, turned down the store temperature, ran a vacuum cleaner near our work area to create a hostile environment, hurled racial slurs and derogatory epithets at me, and ultimately locked me out of the store while I was loading my vehicle.

1

I complained to FedEx's corporate office and the local store management. On information and belief, FedEx took no corrective or disciplinary action in response to my complaints, thereby ratifying and condoning the discriminatory and violative conduct.

These acts constitute unfair and deceptive practices in violation of chapter 93A, section 2, because they independently violate both federal and state laws including but not limited to Section 1981 of the federal code and the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 102, which guarantees the right to make and enforce contracts free from racial discrimination, as well as violate a number of duties, including the common law duty of good faith and fair dealing implied in the contractual relationship between FedEx and its registered customers, and promissory estoppel, unjust enrichment, IIED and certain other related claims, that are outlined in the complaint.

A violation of these statutes constitutes a per se violation of chapter 93A, section 2. See Bermudez v. Haynes Mgmt., Inc., 84 Mass. App. Ct. 107 (2013) (public accommodation discrimination is an unfair practice under 93A). Furthermore, even absent a per se violation, the conduct described above satisfies the standard for unfairness set forth in PMP Associates, Inc. v. Globe Newspaper Co., 366 Mass. 593 (1975), because it is immoral, unethical, oppressive, and unscrupulous, and causes substantial injury to a consumer.

### III. INJURY SUFFERED

As a direct and proximate result of the foregoing unfair and deceptive acts and practices, I have suffered the following injuries: severe emotional distress, humiliation, and mental anguish from being subjected to racial slurs and discriminatory treatment in a public place of accommodation; deprivation of services I was entitled to receive as a registered FedEx customer; economic losses associated with the disruption of my printing project, including wasted time and materials; and loss of the contractual benefits promised by FedEx through my registered accounts. These are by no means exhaustive but a sample of injuries suffered.

### IV. RELIEF DEMANDED

Pursuant to chapter 93A, section 9(3), I hereby demand the following relief:

1. Compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) for the injuries described above, including emotional distress, humiliation, loss of services, and economic harm.
2. A formal written apology from FedEx acknowledging the discriminatory treatment I experienced at the 187 Dartmouth Street location.
3. Disclosure of the full legal name and last known address of the employee identified as "Eric" who was the night manager at the 187 Dartmouth Street location on February 4-6, 2019.
4. Confirmation that FedEx has implemented corrective measures to prevent similar discriminatory conduct at its retail locations.

Please be advised that under chapter 93A, section 9(3), if a claimant rejects a reasonable settlement offer and the court determines that the relief tendered was reasonable, recovery shall be limited to the relief offered. Conversely, if no reasonable settlement offer is made within thirty (30) days of this demand, and the claimant prevails, the court shall award double or treble damages. I therefore urge you to treat this demand with the seriousness it warrants and to respond with a reasonable offer of settlement within thirty (30) days of the date of this letter.

This demand letter is being sent both by certified mail to FedEx's registered agent in Massachusetts and by email to counsel of record for purposes of notice.

Respectfully,

/s/ Andre Bisasor
Andre Bisasor

2