**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ANDRE BISASOR et al.,                       )
                                            )
     Plaintiffs,                          )
                                            )
v.                                          )    Case No. 1:26-cv-10842-JEK
                                            )
FEDEX OFFICE AND PRINT SERVICES,            )
INC., et al.,                               )
                                            )
     Defendants.                          )

**MEMORANDUM IN SUPPORT OF DEFENDANT FEDEX**
**CORPORATION'S MOTION TO DISMISS**

By accompanying Motion, Defendant FedEx Corporation ("FedEx Corp.") seeks an order

dismissing Plaintiffs' First Amended Complaint and Demand for Jury Trial (the "Amended

Complaint").[1] Specifically, FedEx Corp. seeks dismissal of the Amended Complaint pursuant to

Rule 12(b)(2) of the Federal Rules of Civil Procedure, because the Court lacks personal jurisdiction

over FedEx Corp., and, in the alternative, pursuant to Rule 12(b)(6), because Plaintiffs have failed

in the Complaint to state a claim on which relief can be granted.

As explained below, FedEx Corp. is the corporate parent of Federal Express Corporation

("FedEx Express"), which in turn is the corporate parent of FedEx Office and Print Services, Inc.

("FedEx Office"). FedEx Corp. is a Delaware corporation with its headquarters in Tennessee.

Accordingly, this Court lacks personal jurisdiction over FedEx Corp. in this action, including

because FedEx Corp. does not have contacts with Massachusetts sufficient for general or specific

jurisdiction, or jurisdiction under the Massachusetts "long arm" statute.

---

[1] FedEx Office and FedEx Corp. are referred to collectively below as "Defendants." The third named
Defendant ("Eric 'Doe'") has not been served with process in the action. *See* ECF No. 1-4 (Exh. 4 to
Defendant's Notice of Removal).

Further, based on the allegations of the Amended Complaint, all of the purported causes of action that Plaintiffs (who are proceeding *pro se* in this action) have attempted to assert are barred by the applicable limitations periods. And, in several cases, they additionally fail because Plaintiffs have failed to plead necessary facts under the elements of the claims.

## Factual Background

Plaintiffs allege that "FedEx" induced them to create personal and business accounts by promising convenient access to services and additional benefits, such as order tracking, promotions, saved documents, and rewards. *See* Amended Complaint (ECF Doc. No.25) at ¶ 38. In February 2019, Bisasor visited a FedEx Office store in Boston to complete a large printing, copying, and shipping project. *See* Amended Complaint (ECF Doc. No. 25), at ¶¶ 43, 47. While in the store, Bisasor alleges that a FedEx Office employee treated a white customer more favorably and told Bisasor he was not permitted to remain in the store, accusing him of loitering. *See* Amended Complaint (ECF Doc. No. 25), at ¶¶ 43-50. Bisasor asserts that the employee's conduct was racially discriminatory and that, after Bisasor raised this concern, the employee engaged in retaliatory and hostile behavior. *Id.*

Bisasor returned to the store the following evening and remained there into the early morning hours to complete his project. *See* Amended Complaint (ECF Doc. No. 25) at ¶ 50. It is additionally alleged that Plaintiff Anderson was subjected to retaliation after she joined Bisasor at the store. *Id* at ¶ 51. During this time, the employee allegedly engaged in disruptive and uncooperative conduct, including lowering the store temperature, running cleaning equipment near Plaintiffs, refusing assistance, and behaving in a passive-aggressive manner. *See* Amended Complaint (ECF Doc. No. 25) at ¶¶ 49-55. As Bisasor was leaving, the employee allegedly directed

racial slurs and hostile language at him and locked the store door, temporarily preventing reentry while Bisasor was loading his vehicle. *Id.*

Bisasor further alleges that he complained to "FedEx's corporate office" and "the local FedEx store" but that no disciplinary action was taken. *See* Amended Complaint (ECF Doc. No. 25) at ¶¶ 57-61. Plaintiffs also assert that FedEx thereafter concealed the identity of the employee involved. *Id.*

### Facts Relevant to the Court's Jurisdiction Over FedEx Corp.

Bisasor alleges that FedEx Corp. owns and operates over 50 retail locations in Massachusetts and has contacts with Massachusetts that include hiring employees, designating a registered agent for purposes of service of process, using roads, owning real estate, etc. *See* FAC (ECF Doc. No. 025) at ¶¶ 16-23, 33-36. However, as the Complaint acknowledges, FedEx Corp. is a Delaware Corporation with its principal place of business in Tennessee. *See id* at ¶ 16.

FedEx Corp. is indeed incorporated in the State of Delaware, and has its corporate headquarters, from which FedEx Corp.'s officers direct, control, and coordinate its activities and business operations, in Memphis, Tennessee. *See* Declaration of Brandon Waits filed and served herewith, ("Waits Dec.") ¶¶ 4-5. FedEx Corp is the parent corporation (and owner of 100% of the stock of Federal Express Corporation, which in turn is the corporate parent (and owner of 100% of the stock of) FedEx Office. *See* Waits Dec. ¶ 6.

FedEx Corp. does not have, and has not at any time since January 1, 2013 to the present, had any offices or operations in Massachusetts. *See* Waits Dec., ¶ 7. Nor has FedEx Corp. or its personnel had any involvement in the operation of FedEx Office's retail locations in Massachusetts, in the supervision of employees working at such retail locations, or in the provision of services to customers at such locations. *See* Waits Dec., ¶¶ 8-9.

3

At all times since January 1, 2013 to the present, FedEx Office has maintained its own policies and procedures regarding customer services in Massachusetts, including those relating to anti-discrimination laws and other legal requirements. *See* Waits Dec., ¶ 10. At all such times, FedEx Corporation provided no services to, or taken any direct payments from, customers in the Commonwealth of Massachusetts. *See id.*, ¶ 11.

### Procedural Background

On or about May 19, 2023, Bisasor filed this action in the Superior Court of Massachusetts, County of Suffolk. *See* Complaint (ECF No. 1-1). In his Complaint, Bisasor asserted eight purported causes of action against FedEx Office, FedEx Corporation and Doe, as follows: violation of 42 U.S.C., § 1981 (Count 1); breach of contract (Count 2); breach of implied contract (Count 3); breach of the covenant of good faith and fair dealing (Count 4); unjust enrichment (Count 5) intentional infliction of emotional distress (Count 6); violation of the Massachusetts Equal Rights Act (Count 7); and violation of the Massachusetts Public Accommodation Law (Count 8). *See id.* at ¶¶ 143-298. On January 23, 2026—after an initial dismissal (later vacated) for failure to timely serve process on the Defendants or Doe, and several extensions of the Superior Court's deadline for completing service of process, Bisasor caused process to be served on FedEx Office through its agent for service of process. On February 12, 2026, FedEx Office removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), and 1446. *See* Notice of Removal (ECF Doc. No. 1) at 1-2. On February 19, 2026, FedEx Office and FedEx Corporation filed a Motion to Dismiss the original Complaint. *See* ECF Doc. Nos. 9-11.

On March 12, 2026, Bisasor and Anderson filed the Amended Complaint. *See* ECF Doc. No. 25.[2] In addition to adding Anderson as a Plaintiff and Doiron as a Defendant, the Amended Complaint removed Bisasor's Section 1981 claim and added claims for defamation (Count VI); assault (Count VII); battery (Count VIII); violation of M.G.L. c. 93A (Count IX); and negligence and negligent hiring, training, supervision, and retention (Count X). *See id.* at ¶¶ 77-138. Plaintiffs also filed, on March 16, 2026, a Motion to Remand this action to Suffolk County Superior Court. *See* ECF Doc. No. 30.

<u>**Argument**</u>

**I.      The Court does not have jurisdiction over FedEx Corp.**

**A.      <u>Legal Standard</u>**

It is axiomatic that this Court cannot adjudicate claims against FedEx Corporation if it lacks personal jurisdiction, because such adjudication would violate FedEx Corporation's constitutional right to due process of law. *Cossaboon v. Maine Medical* Center, 600 F.3d 25, 32–33 (1st Cir. 2010)*.* Where a Plaintiff fails to establish personal jurisdiction, dismissal of the complaint is required. *Id*. at 39.

It is the Plaintiffs who bear the burden of proving that this Court has jurisdiction over FedEx Corp., including personal jurisdiction. *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 57-58 (1st Cir. 2016). They must proffer evidence sufficient to support findings of "all facts essential to personal jurisdiciton" and may not rely on allegations in the Complaint. *Id*.

---

[2] Bisasor had previously requested and received from the Court an extension of his deadline for responding to the Motion to Dismiss, from March 5, 2026, to April 20, 2026. *See* ECF Doc. Nos. 17-18.

## B.    This Court has no general jurisdiction over FedEx Corp.

Exercise of personal jurisdiction by a Court must be either general, or specific. *See See Diamler AG v.* Bauman, 571 U.S. 117, 126-128 (2014). General jurisdiction, when present, allows a U.S. District Court to hear any and all claims against a defendant regardless of where those claims arise from. *Id*. Such jurisdiction is restricted to cases where the defendant is incorporated in the forum state, has its principal place of business there, or where its contacts with the forum state are so "continuous and systematic" that it is effectively "at home" in that state. *Id* at 127. The forum state contacts of a corporation's subsidiary may *not* be attributed to that corporation in determining whether such jurisdiction exists, unless there is clear evidence that the subsidiary is so dominated by the parent as to essentially be its *alter ego. Id* at 134-135; *Hadjuk v. Amada Co.*, No. 12-11272, 2013 U.S. Dist. LEXIS 202470, at *14-*15 (D. Mass. Oct. 11, 2013). Under Massachusetts law, the separateness of a parent and subsidiary may additionally only be disregarded when there is (a) "pervasive control" as well as "some fraudulent or injurious consequence of the intercorporate relationship" or (b) "there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting." *Hadjuk*, 2013 U.S. Dist. LEXIS 202470, at *15 & n. 80, citing *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614 (Mass. 1968).

Here, FedEx Corp., the corporate parent of FedEx Office, is not domiciled in Massachusetts, but rather is domiciled in Tennessee and in Delaware. Waits Dec., ¶¶ 4-5. To wit, FedEx Corp. is incorporated in Delaware, and has its corporate headquarters, where its high-level executives control its activities, in Tennessee. *Id*.; *See Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-

6

93 (2010) (interpreting "principal place of business" to mean "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities").

And here there is no evidence, indeed not even an allegation, that FedEx Corp. exercises such control over FedEx Office that the companies are effectively *alter egos* of each other. *See Hadjuk*, 2013 U.S. Dist. LEXIS 202470, at *14-*16. Additionally, FedEx Corp. is not even the direct parent of FedEx Office, rather FedEx Office's corporate parent is Federal Express Corporation, whose corporate parent is FedEx Corp. Waits Decl., ¶ 6.

**C.    There is no basis for specific personal jurisdiction over FedEx Corp.**

Because general jurisdiction is not present here, this Court may only exercise jurisdiction over FedEx Corp. if there is a basis for "specific" personal jurisdiction, which requires a determination that such jurisdiction is permissible under *both* the Massachusetts "long arm" statute *and* the due process clause of the Fourteenth Amendment to the United States Constitution. *K.O. v. Sessions*, 436 F.Supp.3d 442, 448-449, citing *Bluetarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 79-80 (1st Cir. 2013).

>    *1.    The Massachusetts Long-Arm Statute does not allow personal jurisdiction over FedEx Corp.*

Massachusetts' long-arm statute provides as follows, in pertinent part:

>    A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in the commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

Mass. Gen. L. ch. 223A § 3(a)-(d)[3]. As is set forth above, such statute provides no basis for personal jurisdiction over FedEx Corp., which has no operations in Massachusetts, receives no payments from customers in Massachusetts, and does not provide or contract to provide goods or services in Massachusetts. *See* Waits Dec., ¶¶ 7-11. By contrast, to the extent Plaintiff's claims "arise from" customer services at a FedEx Office location in Massachusetts, such services were provided by FedEx Office, not by FedEx Corp. *See id*.

2.     *The Fourteenth Amendment bars personal jurisdiction over FedEx Corp.*

Exercise of personal jurisdiction must not violate the due process clause of the Fourteenth Amendment to the U.S. Constitution, which means that "[t]his Court may exercise personal jurisdiction over nonresident defendants only when doing so will not offend traditional notions of fair play and substantial justice." *K.O., supra*, 436 F.Supp.3d at 448-9 (internal quotations and citations omitted). Accordingly, the Court may only exercise such jurisdiction over FedEx Corp. if the following three requirements are satisfied: (1) the claim must arise from FedEx Corp.'s in-state activities ("relatedness"); (2) FedEx Corp. must have purposefully availed itself of the benefits and protections of the forum state's laws ("purposeful availment") in a manner such that FedEx Corp. "could reasonably anticipate being hailed into court" there; and (3) the exercise of specific personal jurisdiction must be reasonable under the circumstances. *K.O., supra*, 436 F.Supp.3d at 450-451. In determining the last element of reasonableness, the Court should consider FedEx Corp.'s burden of appearing, Massachusetts' interest in adjudicating the dispute, the Plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in

---

[3] The statute's provisions regarding real property, insurance contracts, and family law matters are unrelated to the subject matter of this action. *See* Mass. Gen. L. ch. 223A § 3(e)-(h).

obtaining the most effective resolution of the controversy, and the "common interests of all sovereigns in promoting substantive social policies." *Id.* at 451-452.

None of these three elements are present. Plaintiff's claim arises from the alleged forum-state activities of FedEx Office, not of FedEx Corp.; namely, it is FedEx Office, not FedEx Corp., that engages with customers in Massachusetts and operates retail locations there. Waits Dec., ¶¶ 7-11. FedEx Corp. has no operations in Massachusetts, receives no payments from customers in Massachusetts, and does not provide or contract to provide goods or services in Massachusetts. Waits Dec., ¶¶ 7-8. Accordingly, in no sense could it be said that FedEx Corp. reasonably anticipated being sued in Massachusetts, or that it would be reasonable to exercise jurisdiction over FedEx Corp. in a dispute involving alleged services provided by FedEx Office to one of its customers there. *See K.O., supra*, 436 F.Supp.3d at 450-451.

Further, as to the factors governing reasonableness, two simple facts dominate the analysis and dictate the outcome: (1) FedEx Corp. is headquartered in Tennessee and has no operations in Massachusetts, and accordingly litigating a case in Massachusetts will necessarily involve undue burden and expense; and (2) there is already another defendant in this case, FedEx Office, which Plaintiff actually had an alleged customer relationship with and who has appeared in the action. There is simply no reasonable justification for allowing Plaintiff to pursue his claims against FedEx Corp. in this Court. *See K.O., supra*, 436 F.Supp.3d at 450-453.

And, as with general jurisdiction, specific jurisdiction may not be imputed to FedEx Corp. based merely on the fact that it is the parent corporation of FedEx Office. *See Hadjuk, supra*, 2013 U.S. Dist. LEXIS 202470, at *14-*16. Plaintiff has provided no proof, let alone the required "clear evidence" to overcome the presumption that FedEx Corp. and FedEx Office are separate entities for purposes of jurisdiction. *See id.*

9

**II.     In the Alternative, Plaintiffs' Claims Against FedEx Corp. Should be Dismissed under Rule 12(b)(6).**

For reasons that are also explained in the motion to dismiss concurrently filed by Defendant FedEx Office and Print Services, Inc., in the event that the Court does not dismiss Plaintiffs' claims against FedEx Corporation under Rule 12(b)(2) for lack of personal jurisdiction, FedEx Corporation adopts and restates FedEx Office's arguments for dismissal under Rule 12(b)(6) as its own and, in the interest of brevity and to avoid unnecessary duplication, sets forth those arguments in more summary form below.

A.  Legal Standard

A plaintiff's complaint "must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Argueta v. City of Revere*, Civil Action No. 09-10268-RGS, 2009 U.S. Dist. LEXIS 71782, at *3 (D. Mass Aug 11, 2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 557, 559 (2007)). Conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court must distinguish between substantive factual allegations (which must be accepted as true) from conclusory assertions and legal argument, which need not be considered. *see Morales-Cruz v. University of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012). The factual allegations that remain "must be enough to raise a right of relief above the speculative level." *Twombly, supra*, 550 U.S. at 555. And, if those allegations are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.", *Morales-Cruz, supra*, 676 F.3d at 224 (quoting *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

Additionally, a motion to dismiss under rule 12(b)(6) is an appropriate vehicle for raising a statute of limitations defense where the underlying basis for the defense is "clear on the face of the plaintiff's pleadings." *Ora Catering, Inc. v. Northland Ins. Co.*, 57 F. Supp. 3d 102, 107.

10

B. *All* Claims Are Barred by the Applicable Statutes of Limitation

The Amended Complaint alleges that all operative events occurred in February 2019. Plaintiffs did not file this action until 2026, years after the expiration of every potentially applicable limitation period (6 years for breach of contract, 4 years for violation of Mass. G.L. c. 93A ("Chapter 93A"), and 3 years for Mass. Equal Rights Act, Mass. Public Accommodation Law, intentional infliction of emotional distress, defamation, assault, battery, negligence, and negligent hiring and supervision). Mass. Gen. L. c. 260, §§ 2, 2A, 4, 5A, 5B. This fundamental defect impacts not only Plaintiff's contract and tort claims, but also his claims for promissory estoppel (Count 2), breach of the covenant of good faith and fair dealing (Count 3) and unjust enrichment (Count 12), which, in addition to the purported contract claim, are governed by the 3-year tort limitation period given that the essential nature of such claims is, in reality, personal injury, not breach of contract. Mass. Gen. L. c. 260, § 2A (applying a 3-year limitation period do "actions of contract to recover for personal injuries"); *See also Ingalls v. Adams Cmty. Bank*, No. CV 19-30006-MGM, 2020 U.S. Dist. LEXIS 119733, at *28-*29 (D. Mass. Mar. 25, 2020). Accordingly, a 3-year limitation period governs *all* of Plaintiffs' claims, and their breach of contract and related claims are all untimely. *See id.*

Additionally, the effort to add Plaintiff Anderson in the Amended Complaint under any kind of "relation back" theory, is specious. In addition to the fact that Bisasor's own claims are time-barred as noted above, the Amended Complaint does not "relate back" when there was a deliberate decision not to include a party, in this case Bisasor's wife, in a pleading. *See, e.g. Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). And, adding a party must be done by motion, not a simple amendment. *See Anderson v. Bayview Crematory, LLC*, Civil Action No. 05-11904-RCL, 2007 U.S. Dist. LEXIS 107708, at *4-*5 (D. Mass. Sept. 21, 2007); *see generally*

Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1688 (3d ed.) (recognizing that "[m]ost courts have held . . . that an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course").

    C.  Count I (Breach of Contract) Fails on the Elements

Plaintiffs' allegations fail to adequately allege the necessary elements of offer, acceptance and consideration, instead relying on generalized marketing language and account-registration descriptions, which are insufficient. *See Haglund v. Estee Lauder Companies, Inc.*, 466 F. Supp. 3d 292, 298-299 (D. Mass. 2020) ("[A] plaintiff must describe, with "substantial certainty", the specific contractual promise that defendant breached"); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996). (affirming the district court's order dismissing plaintiff's breach of contract claim for failure to "state the nature of the contract with any specificity"). They also fail to identify any specific contract breach by FedEx Corporation. *See Haglund, supra*, 466 F. Supp. 3d at 298-299. Accordingly, Count I fails to state a claim.

    D.  Count III (Breach of Covenant of Good Faith and Fair Dealing) Fails on the Elements

The implied covenant of good faith and fair dealing exists only in connection with an enforceable contract, and may not be used to create rights that do not exist under such a contract. *Shaulis v. Nordstrom, Inc.*, 120 F. Supp. 3d 40, 54-55 (D. Mass. 2015). Because Plaintiffs fail to plausibly allege an enforceable contract, their covenant claim necessarily fails. *See id.* Additionally, Plaintiffs' allegations of policy violations and rude and/or hostile actions and remarks are not contractual in nature and thus simply are not the sort of allegations that the covenant was intended to protect against. *See id.* Plaintiffs' claim that FedEx Corp. breached the covenant of good faith and fair dealing must therefore also be dismissed.

    ///

### E. Count VI (Defamation) Fails on the Elements

Plaintiffs do not plead any specific false statements, instead relying on allegations of insults, statements of opinion, and offensive epithets. Although such conduct, if it occurred, may be regrettable, it is insufficient to support a claim for defamation. *See Travers v. Shane*, No. 9201489, 1995 WL 809549, at *1-*3 (Mass. Super. July 10, 1995) ("The cause of action for defamation, be it libel or slander, provides no redress for epithets, rhetorical hyperbole, or pure statements of opinion.").

### F. Count VII (Assault) Fails on the Elements

Assault requires a reasonable apprehension of imminent harmful or offensive contact. *See El Khoury v. Goulding*, No. 21-CV-11036-LTS, 2023 WL 2384083, at *18 (D. Mass. Feb. 10, 2023), *report and recommendation adopted*, No. CV 21-11036-LTS, 2023 WL 2384106 (D. Mass. Feb. 28, 2023). Although Plaintiffs allege verbal hostility, insults, and offensive speech, such conduct is not actionable as "assault" without an imminent physical threat, and accordingly Plaintiffs' assault claim also fails. *See id*.

### G. Count VIII (Battery) Fails on the Elements

Battery requires intentional, non-consensual physical contact. *See Diaz v. Devlin*, No. CV 16-40039-TSH, 2019 WL 4804803, at *6 (D. Mass. Sept. 30, 2019). No such physical contact is alleged, also requiring dismissal of this claim. *See id.*

### H. Count IX (Chapter 93A) Fails on the Elements

Plaintiffs failed to exhaust preliminary remedies as to this claim. Specifically, Chapter 93A makes clear that "[a]t least thirty days prior of any . . . action" under Section 9 of the statute, a claimant must "mail[] or deliver[] to any prospective respondent" a "written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied

13

upon and the injury suffered." *See* Mass. G.L. c. 93A, § 9(3). Plaintiffs allege that they sent such a letter (Amended Complaint, ECF Doc. No. 25), ¶ 123) but they sent it on the same day as filing the Amended Complaint, nearly three years *after* Bisasor initiated the instant action. *See* Declaration of Patrick M. Curran, Jr. (ECF No. 33), Exh. 1[4].

### Conclusion

For all of the foregoing reasons, the Court lacks jurisdiction over Defendant FedEx Corporation, and Plaintiffs have failed in their Amended Complaint to state a claim on which relief can be granted. Accordingly, the Complaint and this action should be dismissed as to Defendant FedEx Corporation pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative, 12(b)(6).

---

[4] The Court may rely on the Demand Letter in ruling on this Motion, without converting it into a Motion for Summary Judgment, because the allegations of the Amended Complaint are linked to and rely on that document. *See, e.g., Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

14

Respectfully submitted,

**FEDEX CORPORATION**

By its attorneys,

/s/ Christopher M. Ahearn
Christopher M. Ahearn (*pro hac vice*)
TN Bar No. 040043 / CA Bar No. 239089
FEDERAL EXPRESS CORPORATION –
LEGAL DEPT.
3620 Hacks Cross Rd.. Bldg. B-3
Memphis, TN 38125
Telephone: (901) 275-7015
Dated: March 26, 2026                christopher.ahearn@fedex.com

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr. (BBO #659322)
Mariah K. Micca (BBO #711437)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com
Dated: March 26, 2026                mariah.micca@ogletreedeakins.com

15

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on March 26, 2026.

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.

31896251.1

16