**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ANDRE BISASOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-10842-JEK |
| | ) | |
| FEDEX OFFICE AND PRINT SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FEDEX OFFICE AND PRINT SERVICES, INC.'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Defendant FedEx Office and Print Services, Inc. ("FedEx Office") respectfully requests

that the Court deny the Motion to Remand to State Court filed by Plaintiffs Andre Bisasor and

Natalie Anderson (ECF Doc. No. 30). FedEx Office properly removed the action to this Court

pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), and 1446. In response, Mr. Bisasor filed an

Amended Complaint and Demand for Jury Trial (the "Amended Complaint") in which he not

only attempted to add Ms. Anderson as a party-plaintiff, but also (1) improperly added a sham

Defendant, Michael Doiron, and (2) deleted his claim for violation of 42 U.S.C. § 1981 ("Section

1981)—all in a blatant but (as we explain below) ultimately vain attempt to deprive this Court of

jurisdiction over the action. Thereafter, Plaintiffs filed a Motion to Remand incorrectly asserting

that the Amended Complaint divests the Court of subject matter jurisdiction. As detailed below,

Plaintiffs' Motion is without merit and should be denied because the Court continues to have

jurisdiction over the subject matter of this action based on diversity of citizenship under 28

U.S.C. § 1332.

**Background**

Over seven years ago, in February 2019, Plaintiffs Andre Bisasor and Natalie Anderson allegedly entered a FedEx Store located at 187 Dartmouth Street, Boston, Massachusetts. Between February 4, 2019, and February 6, 2019, the two Plaintiffs purport to have encountered at that store an unidentified employee of FedEx Office, referred to as "Eric Doe,"[1] who they claim made a "racially disparate judgment" against Mr. Bisasor and "engaged in a series of retaliatory and hostile acts intended to drive Mr. Bisasor out of the Store." *See* Amended Complaint (ECF Doc. No. 25), ¶¶47-50. More than four years later, on May 19, 2023, Mr. Bisasor filed a lawsuit against FedEx Office, FedEx Corporation (collectively, the "FedEx Defendants"), and "Eric 'Doe'" (a fictitious name, since Mr. Bisasor claimed not to know the actual name) in Suffolk County Superior Court, alleging claims against all three defendants for violation of 42 U.S.C. § 1981 ("Section 1981"), for violation of two Massachusetts state statutes (the Massachusetts Equal Rights Act and the Massachusetts Public Accommodation Law), and for breach of contract, breach of implied contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and intentional infliction of emotional distress. *See* Complaint (ECF Doc. No. 1-1).

---

[1] While not pertinent to the resolution of Plaintiffs' Motion to Remand, it bears raising that Mr. Bisasor has repeatedly misrepresented the significance of the Suffolk County Superior Court's August 28, 2025 order. In his Motion, Mr. Bisasor asserts that the order "authoriz[es] limited discovery to identify Defendant Eric Doe." *See* Motion at 1. That assertion is incorrect. In fact, the Superior Court's August 28, 2025 order states, in pertinent part, that "Plaintiff must determine [Doe's] identity and serve him properly," and noted that he would be able to determine Doe's identity "through discovery" after he had served process "on the corporate defendants." *See* Tab 1 (the August 28, 2025 Order). Under the Massachusetts Rules of Civil Procedure, a plaintiff may initiate discovery on any topic within the scope of Rule 26 as soon as they have served process on the defendant. *See, e.g.*, Mass. R. Civ. P. 33(a) & 34(b)(1). Accordingly, the Superior Court's August 28 Order did not "authoriz[e] limited discovery to identify" Mr. Doe, since such discovery was already authorized by the Rules; rather, it merely noted that he could use the discovery process to identify Mr. Doe. *See id.*; *see also* Tab 1.

Mr. Bisasor then waited nearly three years—until January 23, 2026—to have process served on the FedEx Defendants. *See, e.g.*, ECF Doc. No. 1-4. On February 12, 2026, FedEx Office (with FedEx Corporation's consent) filed a Notice of Removal, asserting federal question jurisdiction under 28 U.S.C. § 1331 (based on the Section 1981 claim), diversity of citizenship jurisdiction under 28 U.S.C. § 1332 (based on the facts that Bisasor is a citizen of Massachusetts, that neither of the defendants properly joined and served at the time of removal (i.e., FedEx Office and FedEx Corporation) is a citizen of Massachusetts, and that the amount in controversy exceeds $75,000). *See* Notice of Removal (ECF Doc. No. 1). On February 19, 2026, the FedEx Defendants filed a Motion to Dismiss the Complaint, arguing (1) that the Court lacks jurisdiction over FedEx Corporation, (2) that the causes of action asserted in the Complaint are barred by the applicable statutes of limitation, and (3) that Mr. Bisasor had failed to allege facts sufficient to state a claim on which relief could be granted with respect to his breach of contract and breach of covenant claims. *See* ECF Doc. Nos. 9-11.[2]

On March 12, 2026, Plaintiffs—now including not just Mr. Bisasor, but also Natalie Anderson—filed a First Amended Complaint and Demand for Jury Trial (the "Amended Complaint"). *See* ECF Doc. No. 25. In the Amended Complaint, Plaintiffs purported to add another individual Defendant, "Michael Doiron," who they say "resides in the Commonwealth of Massachusetts," and who they claim was "[a]t all times relevant to this complaint . . . the store manager of the FedEx Office retail location at 187 Dartmouth Street, Boston, Massachusetts 02116," where the alleged actions by Mr. Doe that underlie their claims supposedly occurred in February 2019. *See id.* at ¶¶ 25, 41-56. Plaintiffs also dropped from the Amended Complaint the

---

[2] On March 3, 2026, Bisasor requested and obtained from the Court an extension of his deadline for responding to the Motion to Dismiss, from March 5, 2026, to April 20, 2026. *See* ECF Doc. Nos. 17 & 18.

federal claim for violation of Section 1981 that Mr. Bisasor had asserted in his original

Complaint. *See id.* at ¶ 7.

On March 16, 2026, Plaintiffs filed their Motion to Remand to State Court, arguing that

"remand is mandatory" because their Amended Complaint, by dropping the Section 1981 claim

and adding Mr. Doiron as a Defendant, has divested the Court's jurisdiction over the subject

matter of the action.[3] As we explain below, however, Plaintiffs' arguments for remand are

entirely without merit.

**Argument**

Plaintiffs' first argument for remand is that even on February 12, when the Notice of

Removal was filed, and before Plaintiffs had filed the Amended Complaint dropping the federal

cause of action and purporting to add Mr. Doiron, there was no diversity of citizenship and the

removal violated the "forum defendant rule" because Defendant "Eric 'Doe'" allegedly is "a

Massachusetts Citizen who was already named in the original state-court complaint." *See* Motion

at 1; *see also id.* at 3. But the law is clear that "in determining whether a civil action is

removable" based on diversity of citizenship under Section 1332(a), "the citizenship of

defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1); *see,

e.g.*, *Torres v. Johnson & Johnson*, Civil Action No. 18-10566-MGM, 2018 WL 2271019, at *1

n.1 (D. Mass. May 17, 2018). Also, even if Mr. Doe's alleged Massachusetts citizenship could be

taken into account—and, as a matter of law, it cannot—it would not bar removal under the forum

defendant rule because that rule only applies if a party who has been "properly joined and served

as [a] defendant[] is a citizen of the State in which" the action is brought. *See* 28 U.S.C. s

---

[3] Plaintiffs' Motion did not include a certification of compliance with D. Mass. Local Rule 7.1(a)(2), and Plaintiffs did not in fact make any attempt to confer as required by that Rule. *See* Motion (ECF Doc. No. 30) at 1-4.

1441(b)(2); *see, e.g.*, *DaSilva v. Germany*, 514 F. Supp. 3d 393, 398 (D. Mass. 2021). Mr. Doe, of course, had not been served at the time of removal and, indeed, still has not been served. *See* ECF Doc. No. 1-4 (document filed in the State Court Action by Bisasor on February 11, 2026, stating that Mr. Doe had not yet been served); *see also* ECF Doc. Nos. 2—30 (not including any proof of service on Mr. Doe). Further, and as Mr. Bisasor at least is well aware, the forum defendant rule only applies only when diversity of citizenship is the sole basis for removal—and here, as Plaintiffs acknowledge, removal was based not only diversity of citizenship but also on the Court's federal question and supplemental jurisdiction. *See, e.g.*, *Bisasor v. Donais*, Case No. 25-cv-251-SE, slip op. at 2-3 (D.N.H. Oct. 9, 2025) (copy attached at Tab 2); *see also* Motion at 1. In sum, Plaintiffs' argument that Mr. Doe's alleged Massachusetts citizenship requires remand to state court is specious and should be rejected.[4]

Plaintiffs' next argument for remand fares no better than their first. According to Plaintiffs, the Court "has been divested of jurisdiction" because Plaintiffs have filed an Amended Complaint in which they have dropped the one federal cause of action asserted in the original Complaint, i.e., the claim for violation of Section 1981. *See* Motion at 1; *see also id*. at 2. In support of that argument, Plaintiffs rely on the U.S. Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), in which the Court held that when a plaintiff amends her complaint to delete the federal-law claims that enabled removal to federal court, leaving only state-law claims behind, the federal court loses supplemental jurisdiction over the state-law claims, and (when there is no other basis for federal jurisdiction over the state-law

---

[4] Plaintiffs' assertion that Defendants "knew who Eric Doe is and . . . [that] he is a citizen of MA" is irrelevant because, again, (1) Plaintiffs have sued Mr. "Doe" under a fictitious name, and the citizenship of such defendants must "be disregarded" in evaluating diversity of citizenship jurisdiction, and (2) Mr. Doe had not been served with process at the time of removal (and still has not been served). 28 U.S.C. § 1441(b)(1). Moreover, all claims against Eric Doe are time barred and, as such, he is also (like Mr. Doiron) a sham defendant. *See infra* at 7-11.

claims) the case must be remanded to state court. *See* 604 U.S. at 38-39. But in *Royal Canin*, the only basis for federal subject matter jurisdiction over the state law claims that the defendant had asserted in removing the case was supplemental jurisdiction, under 28 U.S.C. § 1367. *See id.* at 28-29. Here by contrast, the grounds for jurisdiction asserted in the Notice of Removal over Mr. Bisasor's state law claims included not just supplemental jurisdiction, but also diversity of citizenship pursuant to Section 1332. *See* Notice of Removal (ECF Doc. No. 1) at 3-5. As the Supreme Court recognized in *Royal Canin*, "Congress has always given federal courts power to decide 'diversity' cases, between 'citizens of different States' whose dispute involves more than a stated sum (the so-called amount-in-controversy)"—and its ruling that an amendment to remove federal question jurisdiction eliminates supplemental jurisdiction does not in any way state or imply that such an amendment would destroy diversity jurisdiction, which (again) existed here at the time of removal, and was one of the grounds for removal stated in the Notice of Removal. *See* 604 U.S. at 26; Notice of Removal (ECF Doc. No. 1 at 3-5). Thus, contrary to Plaintiffs' argument, their elimination of Bisasor's Section 1981 claim in the Amended Complaint does not mean that the Court "has been divested of jurisdiction." *See* Motion at 1.

Finally, Plaintiffs also argue that the Court lacks jurisdiction because Michael Doiron, an individual whom they have purported to add as a defendant merely by naming him in the Amended Complaint, allegedly is a citizen of Massachusetts. *See* Motion at 3. That argument fails for at least two reasons. First, it is well-established that when a "party to an 'already filed lawsuit' wishes 'to add or drop a party, this is not to be accomplished by simply amending the complaint.'" *Anderson v. Bayview Crematory, LLC*, Civil Action No. 05-11904-RCL, 2007 WL 9797778, at *1 (D. Mass. Sept. 21, 2007) (quoting *South Dakota v. Burlington Northern & Santa Fe Ry. Co.*, 280 F. Supp. 2d 919, 924 (D.S.D. 2003)). Rather, the party must file a motion

seeking the Court's leave to add the new party or parties, and the standards for intervention or joinder under the Rules of Civil Procedure apply. *See id.*; *see generally* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1688 (3d ed.) (recognizing that "[m]ost courts have held . . . that an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course"). Accordingly, the addition of Mr. Doiron (and also of Ms. Anderson) by simple amendment of the Complaint is procedurally improper and in plain violation of the Rules of Civil Procedure.

Second, and more importantly, Mr. Doiron is a classic example of a "sham defendant" who has "no real connection with the controversy," and whose joinder to it (if he had been properly joined, which he has not) is plainly fraudulent. *See In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 321, 332 (D. Mass. 2015); *see also Ritchey v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318 (9th Cir. 1998); *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001). As the *Fresenius* court recognized, "[a] plaintiff may not thwart the exercise of a defendant's right of removal by fraudulently joining a non-diverse defendant who has no real connection to the case." *See* 76 F. Supp. 3d at 332 (citing *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014), and *Mills*, 178 F. Supp. 2d at 4). A defendant may establish that another, non-diverse defendant has been fraudulently joined by showing "that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *See id.* at 332-33 (quoting *Mills*, 178 F. Supp. 2d at 4). In determining whether a defendant has been fraudulently joined, the Court "is not . . . constrained by the allegations in the complaint, and may consider affidavits and other relevant materials." *Egan, Flanagan & Cohen, P.C. v. Twin City Fire Ins. Co.*, 570 F. Supp. 3d 12, 14 (D. Mass. 2021); *see also Fresenius*, 76 F. Supp. 3d at

333 (same); *Mills*, 178 F. Supp. 2d at 5 (holding that "[i]n analyzing a claim of fraudulent joinder, a court is not held captive by the allegations in the complaint").

Here, there is no question that Plaintiffs neither have stated nor can state a cause of action against Mr. Doiron in state court. First, they allege that the events on which their claims are based occurred in February 2019 – i.e., more than seven years before Plaintiffs filed their Amended Complaint on March 12, 2026. *See* ECF Doc. No. 25.[5] The statutes of limitations that apply to the causes of action that Plaintiffs assert against Mr. Doiron in the Amended Complaint are all three years, and thus expired more than four years ago.[6] *See, e.g.*, Mass. G.L. c. 260, § 5B (providing that the state statutory claims asserted by Plaintiffs in Counts IV and XI are subject to a three-year limitations period); *Salois v. Dime Sav. Bank of N.Y.*, 128 F.3d 20, 24 (1st Cir. 1997) (limitations period for negligent hiring and supervision claims is three years); *Seifer v. Government Employees Ins. Co.*, 530 F. Supp. 3d 123, 126 (D. Mass. 2021) (three-year limitations period applies to contract claims, like Plaintiffs', in which the gravamen of the complaint is that the defendant caused the plaintiffs a personal injury), *aff'd*, No. 21-1371, 2022

---

[5] Plaintiffs claims against Mr. Doiron do not "relate back" to the date on which Mr. Bisasor filed his original Complaint in the State Court Action (i.e., May 19, 2023). *See* Fed. R. Civ. P. 15(c)(1)(C). Rule 15 permits an amendment to relate back with respect to a party not named in the original complaint "'only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake," and "it does not permit relation back where, as here, there is a lack of knowledge of the proper party.'" *Wilson v. U.S. Government*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Washington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)); *see Tabb v. Journey Freight Internationals*, 584 F. Supp. 2d 334, 343-44 (D. Mass. 2008) (holding that the Rule permits relation back with respect to a new party only where there has been an error made concerning the identity of the proper party and that party is chargeable with knowledge of the mistake).

[6] Plaintiffs assert eight causes of action against Mr. Doiron: Breach of Contract (Count I), Promissory Estoppel (Count II), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III); violation of the Massachusetts Equal Rights Act (Count IV); Intentional Infliction of Emotional Distress ("IIED") (Count V); Negligence and Negligent Hiring, Training, Supervision, and Retention (Count X); violation of the Massachusetts Public Accommodation Law (Count XI); and Unjust Enrichment (Count XII). *See* Amended Complaint at ¶¶ 77-138.

WL 1538276 (1st Cir. May 13, 2022);[7] *Shepardson v. American Family Life Assurance Co. of Columbus*, 525 F. Supp. 3d 210, 215 (D. Mass. 2021) (holding that IIED claims are subject to Mass. G.L. c. 260, § 2A's three-year statute of limitations); *Bassett v. Jensen*, 459 F. Supp. 3d 293, 313 (D. Mass. 2020) (limitations period for negligence claims is three years); *Sentinel Prods. Corp. v. Mobile Chem. Co.,* No. CIV. A. 98-11782-PBS, 2001 WL 92272, at *23 (D. Mass. Jan. 17, 2001) (holding that a three-year statute of limitations applies to unjust enrichment claims where, as here, the "essential nature" of the claim lies in tort rather than contract) (*citing Desmond v. Moffie,* 375 F.2d 742, 743 (1st Cir.1967)).

In addition, even if Plaintiffs' claims against Mr. Doiron were not barred as untimely, as they clearly are, Plaintiffs have failed to allege facts sufficient to state a claim against Mr. Doiron in any of them. For example, their claims against Mr. Doiron for breach of contract, promissory estoppel, and breach of the implied covenant all require, among other things, the existence of a contract to which Mr. Doiron was a party or of a promise that he made to Plaintiffs. *See, e.g.*, *Gozzo v. Wells Fargo Bank, NA*, Civil No. 16-10499-LTS, 2017 WL 1075071, at *4 (D. Mass. March 21, 2017); *DeWayne v. First Nat'l Bank of Ariz.*, Civil Action No. 15-CV-14245-IT, 2016 WL 6662678, at *3 (D. Mass. Nov. 10, 2016); *Calden v. Arnold Worldwide LLC*, Civil Action No. 12-10874-FDS, 2012 WL 5964576, at *6 (D. Mass. Nov. 27, 2012). But the Amended Complaint contains no reference to any contract to which Mr. Doiron was alleged to have been a party, or to any promise (or even to a statement of any kind) that he made to either Plaintiff. *See* Amended Complaint at ¶¶ 1-139; *see, e.g.*, *Egan, Flanagan & Cohen, P.C.*, 570 F. Supp. 3d at 14 (holding that plaintiff had fraudulently joined defendant in lawsuit asserting breach of

---

[7] Even if the six-year limitations applicable to claims seeking contract damages applied here, and it does not, that period would have expired in February 2025, more than a year before Plaintiffs filed their claims against Mr. Doiron.

contract and breach of implied covenant claims where it had "alleged no facts which would support" its claim to have had a contract with that defendant). Nor do Plaintiffs point to any benefit that either of them conferred on Mr. Doiron, much less that Mr. Doiron knew of that benefit and accepted or retained it under circumstances that would make his retention inequitable, as would be necessary to state a claim against him for unjust enrichment. *See, e.g.*, *Fine v. Guardian Life Ins. Co. of Am.*, 450 F. Supp. 3d 20, 35 (D. Mass. 2020); *see also* Amended Complaint at ¶¶ 1-139. Similarly, Plaintiffs do not allege that Mr. Doiron engaged in any conduct that could possibly be characterized as "extreme and outrageous," as their IIED claim against him requires. *See, e.g.*, *Morse v. Commonwealth of Mass. Exec. Office of Public Safety Dep't*, 123 F. Supp. 3d 179, 195-96 (D. Mass. 2015) (holding that an IIED claim requires conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (quoting *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1987)).

Finally, although Mr. Doiron currently works for FedEx Office as the Senior Store Manager at the 187 Dartmouth Street location (the "Store") where the events at issue in Plaintiff's Amended Complaint allegedly occurred, he has only held that position at the Store since April 2024. *See* Declaration of Michael Doiron ("Doiron Dec.") at ¶¶ 3-4.[8] During the period from approximately 2009 through April 2024—including, specifically, in February 2019, when Mr. Doe allegedly engaged in the conduct on which Plaintiffs' claims are based—Mr. Doiron was employed by FedEx Office as the Senior Store Manager at an entirely different store,

---

[8] FedEx Office has filed Mr. Doiron's Declaration contemporaneously with this Opposition. As noted above, the Court may consider evidence outside the pleadings in determining the fraudulent joinder issue. *See Egan, Flanagan & Cohen*, 570 F. Supp. 3d at 14; *Fresenius*, 76 F. Supp. 3d at 333; *Mills*, 178 F. Supp. 2d at 5.

located at 115 Cummington Mall, Boston, Massachusetts. *See id.* at ¶¶ 4-5. Further, his duties and responsibilities as Senior Manager at the Cummington Mall store in 2019 "did not include any managerial or other responsibilities with respect to the 187 Dartmouth Street store, or with respect to the FedEx Office employees assigned to work at that store." *See id.* at ¶ 6. Accordingly, Mr. Doiron is an utter stranger to this controversy, and has had nothing whatever to do with Plaintiffs or with the events alleged to underlie the causes of action that they have asserted in the Amended Complaint.

In short, the addition of Mr. Doiron as a defendant is without any reasonable basis in law or fact, and his citizenship must therefore be disregarded for purposes of evaluating the Court's diversity jurisdiction over this case. *See Fresenius*, 76 F. Supp. 3d at 338. (concluding that a fraudulently joined defendant who lacked any personal involvement in or direct connection to the alleged tortious conduct must be dismissed from the case, and that his addition could not be used to defeat diversity or otherwise require remand). And because diversity jurisdiction clearly exists as to Plaintiffs and the FedEx Defendants, Plaintiffs' Amended Complaint does not divest the Court of jurisdiction over the subject matter of this lawsuit.

## Conclusion

For all of the foregoing reasons, the Motion to Remand to State Court filed by Plaintiffs Andre Bisasor and Natalie Anderson should be denied.

11

Respectfully submitted,

**FEDEX OFFICE AND PRINT SERVICES, INC. and FEDEX CORPORATION**

By their attorneys,

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr. (BBO #659322)
Mariah K. Micca (BBO #711437)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com
mariah.micca@ogletreedeakins.com

Dated:  March 30, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent by email and by first-class mail, postage prepaid, to those indicated as non-registered participants on March 30, 2026.

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.

31896251.1

13

# TAB 1

8/22

6

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

Civil Action No. 2384CV01189 D

ANDRE BISASOR,
Plaintiff

v.

FEDEX OFFICE AND PRINT SERVICES, INC.;
FEDEX CORPORATION;
ERIC DOE;
Defendants.

## MOTION FOR EXTENSION OF TIME TO SERVE ALL DEFENDANTS

1. Plaintiff Andre Bisasor respectfully moves this Court for an extension of time to serve process on all defendants in this action, of 60 days, and in support thereof states as follows.

2. On May 19, 2023, plaintiff filed this civil rights action against defendants FedEx Office and Print Services, Inc., FedEx Corporation, and Eric "Doe."

3. On May 20, 2025, this Court issued an endorsement stating the deadline for service of process on defendants is August 19, 2025.

4. Plaintiff is and has been actively seeking qualified legal counsel for this complex federal civil rights action involving multiple claims under 42 U.S.C. § 1981, Massachusetts Equal Rights Act, and Massachusetts public accommodation law. The plaintiff is in the process of securing counsel and just needs a little more time to accomplish this. Note: As an African-American indigent plaintiff it requires a little more time to secure counsel to take the case on affordable or contingency terms.

5. Massachusetts courts recognize that pro se litigants seeking representation in complex civil rights cases require additional time to secure competent counsel.

6. This case involves sophisticated federal and state civil rights claims requiring specialized legal knowledge:
   a. Federal Section 1981 discrimination and retaliation claims
   b. Massachusetts Equal Rights Act (MERA) violations
   c. Massachusetts public accommodation law violations
   d. Multiple contract-based claims
   e. Intentional infliction of emotional distress claims
   f. Claims for punitive damages

7. The complexity of these interrelated claims demonstrates the need for professional legal representation and justifies additional time to secure counsel.

8. Defendant Eric "Doe" cannot be served without first obtaining this information from the corporate defendants regarding his full identity and current address.

9. Plaintiff has diligently sought to uncover the identity of the doe defendant including contacting the Fedex local office where he works but have been unsuccessful. The Doe defendant's identity remains unknown.

10. Plaintiff seeks an accommodation by this court to serve the Doe defendant at his local work office rather than at his home address as required by the rules, or to serve the Doe defendant by other means that the court deems reasonable.

11. An extension of time is needed to coordinate service of process on all defendants. This serves judicial efficiency and avoids piecemeal litigation. This necessitates additional time beyond the current deadline.

12. Massachusetts Rule 6(b) permits extension "for good cause shown". Under Massachusetts Rule 6(b), good cause exists for extension.[1]

---

[1] Also, although the plaintiff received copy of the complaint, and the summons, the necessary paperwork needed by the Sheriff was not received.

1

# TAB 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Andre Bisasor and Natalie Anderson

            v.                                    Civil No.  25-cv-251-SE

Craig S. Donais, et al.


ORDER

Pro se plaintiff Andre Bisasor brought suit in New Hampshire state court against certain individuals and a law firm alleging several state-law claims and one federal claim. The defendants removed the case to this court on July 2, 2025, under 28 U.S.C. § 1441(a), based on federal question jurisdiction. See 28 U.S.C. § 1331. Bisasor and Natalie Anderson, who is also proceeding pro se, then filed an amended complaint in this court (doc. no. 13) in which they added certain defendants and alleged only state law claims, omitting the federal claim that had been the basis of federal question jurisdiction permitting removal. Based on their amended complaint, the plaintiffs move to remand the case to state court arguing that this court lacks subject matter jurisdiction. Doc. no. 15. The defendants object. For the reasons that follow, the court denies the motion to remand.[1]


Discussion

At the time of removal, the court had federal question jurisdiction under § 1331, and the case was properly removed on that jurisdictional basis. When the plaintiffs amended their

---

[1] The plaintiffs moved for a hearing on their motion to remand. Doc. no. 33. Because the court does not believe that oral argument would "provide assistance to the court," LR 7.1(d), that motion is denied.

complaint to omit the federal claim, however, they eliminated federal question jurisdiction. See Royal Canin U.S.A, Inc. v. Wullschleger, 604 U.S. 22, 39 (2025). They argue in their motion that this court now lacks subject matter jurisdiction, and remand is required under 28 U.S.C. § 1447(c).

The defendants, however, contend that diversity jurisdiction exists under 28 U.S.C. § 1332(a). In support, they highlight the plaintiffs' allegations that the plaintiffs are citizens of Massachusetts and the defendants are all citizens of New Hampshire, doc. no. 13, ¶¶ 37-65, and that the amount in controversy exceeds $75,000, id., ¶¶ 481, 573, 991, 1011.

In response, the plaintiffs argue that the court does not have diversity jurisdiction because neither the plaintiffs nor the defendants are diverse among themselves. However, that is not a requirement of diversity jurisdiction, and instead all plaintiffs must be diverse from all defendants. See Berkley Nat'l Ins. Co. v. Atl.-Newport Realty LLC, 93 F.4th 543, 549 (1st Cir. 2024) (holding that parties are completely diverse when "no plaintiff [is] a citizen of the same state as any defendant" (quotations omitted)). Therefore, based on the amended complaint, the parties have diverse citizenship, and the amount in controversy satisfies § 1332(a).

The plaintiffs offer other arguments in favor of remand, none of which is persuasive. For example, the plaintiffs contend that the court cannot exercise diversity jurisdiction because of 28 U.S.C. § 1441(b)(2), known as the forum defendant rule, which bars removal of actions under diversity jurisdiction when "a properly joined and served" defendant is a citizen of the forum state. Because the defendants are all citizens of New Hampshire, the plaintiffs argue, the forum defendant rule prevents them from invoking diversity jurisdiction.

There are two problems with the plaintiffs' argument. First, the forum defendant rule applies only when diversity of citizenship was the sole basis for removal. See, e.g., Clary v. Pennsylvania State Univ., No. 24-cv-6793, 2025 WL 757071, at *2 (E.D. Pa. Mar. 7, 2025).

When, as here, the defendants removed the case based on federal question jurisdiction, doc. no. 1 at 3, the forum defendant rule does not apply. Id. at *3 (denying the plaintiff's motion to remand where the diversity jurisdiction requirements were met, the defendant removed based on federal question jurisdiction, and the plaintiff amended his complaint to eliminate the federal claim). Second, the forum defendant rule is not jurisdictional. Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053–57 (8th Cir. 2020). That is, "the forum defendant rule governs only the removal of a case to federal court, not whether there is subject matter jurisdiction at all points after the case comes to federal court." Clary, 2025 WL 757071, at *2. Therefore, the plaintiffs' motion to remand on that basis is without merit.

The plaintiffs also argue that the defendants engaged in "snap removal," a litigation tactic that they claim is not permitted and which requires remand. Snap removal "occurs where a party removes the case before a forum-defendant is 'properly joined and served' in the case." Guerrero v. SFS Beauty CA LLC, No. 25-CV-1133-JES-KSC, 2025 WL 2460193, at *2 (S.D. Cal. Aug. 26, 2025). Although the defendants state in their notice of removal that they had "not formally been served with any process, pleadings, and order," doc. no. 1, ¶ 4, the court need not address the possible ramifications of snap removal because it is inapplicable here. "[S]nap removals occur only in diversity-based removal cases because snap removals are procedurally relevant only when the forum-defendant rule applies, and the forum-defendant rule does not apply to non-diversity based removals." Breitweiser v. Chesapeake Energy Corp., No. 3:15-CV-2043-B, 2015 WL 6322625, at *2 n.6 (N.D. Tex. Oct. 20, 2015); Kupferberg v. Baez, No. 24-cv-8653, 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025) (explaining snap removal). As discussed, the defendants removed this case based on federal question jurisdiction. Therefore, the issue of snap removal has no relevance here.

3

The case now has progressed beyond removal, when jurisdiction was properly based on the existence of a federal question under § 1331. The issue for remand at this point is whether subject matter jurisdiction currently exists in the absence of a federal question. Because the plaintiffs do not dispute that they are citizens of Massachusetts, that all defendants are citizens of New Hampshire, or that their claims meet the required amount in controversy, subject matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332. Therefore, remand is not required.

Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (doc. no. 15) and motion for a hearing (doc. no. 33) are denied.

The court adds that none of the plaintiffs' filings in this case complies with Local Rule 5.1. Plaintiff Bisasor has been warned in other cases in this court that his repeated failure to adhere to the court's local rules, particularly Rule 5.1, "may result in the court striking the filing without further warning and denying any relief requested. See LR 5.2." Bisasor v. Donais et al., No. 1:23-CV-00374-JL (D.N.H. 2023) Apr. 29, 2024 End. Or. The court reminds the plaintiffs of the potential consequences of failing to follow the court's local rules in future filings.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

Dated: October 9, 2025

cc: Counsel of record.
Andre Bisasor, pro se.
Natalie Anderson, pro se.

4