UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

## PLAINTIFFS' EMERGENCY MOTION TO STAY RESPONSE BRIEFING ON DEFENDANTS' MOTIONS TO DISMISS, PENDING RESOLUTION OF PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND

### A. INTRODUCTION

1. Plaintiffs Andre Bisasor respectfully moves this Court to stay response briefing on Defendants' pending Motions to Dismiss (ECF 31 and ECF 34) until the Court resolves Plaintiffs' Motion to Remand (ECF 30), which was filed on March 16, 2026, and remains pending. Because subject matter jurisdiction is a threshold prerequisite to any merits adjudication, and because a ruling granting remand would render the Motions to Dismiss entirely moot, judicial economy and fairness strongly favor a temporary stay. In the alternative, Plaintiffs request an extension of time to respond to the Motions to Dismiss until twenty-one (21) days after the Court's ruling on the Motion to Remand.

### B. BACKGROUND

2. This case was removed to federal court by Defendants. On March 16, 2026, Plaintiffs filed a Motion to Remand (ECF 30) arguing that removal was improper and that this Court lacks subject matter jurisdiction. Defendants filed their opposition to the Motion to Remand on March 30, 2026 (ECF 37–39), and Plaintiffs' reply in support of remand is due on or about April 13, 2026. While the Motion to Remand was pending, Defendants filed two new Motions to Dismiss: one by FedEx Office and Print Services, Inc. (ECF 31, filed March 26, 2026), and one by FedEx Corporation (ECF 34, also filed March 26, 2026).

3. Under Local Rule 7.1(c)(2), Plaintiffs' response to those motions is due approximately April 16, 2026, just three days after Plaintiffs' remand reply is due. Although a prior order (ECF 18) extended Plaintiffs' deadline to respond to the original Motion to Dismiss (ECF 9) to April 20, 2026, that original motion was denied as moot (ECF 26).  The two new Motions to Dismiss are separate filings and carry their own deadlines.

4. On March 30, 2026, Plaintiff Bisasor raised the issue of a stay or extension with defense counsel Patrick M. Curran by email. Bisasor offered to assent to an extension of Defendants' own deadlines to file his motions in order to have adequate time to confer[1]. Defense counsel declined to agree to an extension of his own deadline. In further follow-up today, defendants have yet to indicate whether they agree with a stay or an extension of the response/briefing deadline for plaintiffs. Plaintiffs now seek relief from this Court.

---

[1] This issue will be further addressed later and in separate motion. Based on the below cases, it is plaintiffs' understanding that the District of Massachusetts takes compliance with Local Rule 7.1(a)(2) seriously and failure to comply provides grounds for denial, as follows:

- See **Hasbro, Inc. v. Serafino, 168 F.R.D. 99 (D. Mass. 1996)**:  Motion denied without prejudice for failure to comply with Local Rule 7.1 and Fed. R. Civ. P. 37(a) conferral requirements. Court held the conferral obligation applies to all motions and required full compliance before the court would consider the substance.

- See **Converse Inc. v. Reebok Int'l Ltd., 328 F. Supp. 2d 166 (D. Mass. 2004)**: The court imposed a $15,000 sanction for failure to comply with Local Rule 7.1, holding that the rule "is no trifle" and that "the court expects compliance with both the letter and spirit of its requirements." The court further held that Local Rule 7.1 "does not have a 'no harm, no foul' escape clause.", and cited Hasbro, Inc. v. Serafino, 168 F.R.D. 99 (D. Mass. 1996) (denying motion for failure to comply with Local Rule 7.1 conferral requirements). NB: The pattern here is that the defendants keep filing motions to dismiss without conferring with plaintiffs; in the case of Plaintiff Anderson, no conferring occurred at all, and in Bisasor's case, defendants offered no or only perfunctory or otherwise post-hoc conferral with Bisasor and filed anyway. This falls squarely within the conduct these cases prohibit.

- See **Hootstein v. Amherst-Pelham Reg'l Sch. Comm., 361 F. Supp. 3d 94, 103 (D. Mass. 2019):** The court noted that failure to comply "will likely lead to summary dismissal of that motion", i.e., "the parties that failure to comply with L.R. 7.1(a)(2) in connection with a future motion in this case will likely lead to summary dismissal of that motion".

- See **SSMiller IP LLC v. Sugar Beets LLC, No. 2:22-cv-02576 (C.D. Cal. Oct. 21, 2022)**: This is involved a voicemail left one day before filing (similar facts to what defendants did in this situation), and the court found that did not constitute sufficient conferral under Local Rules.

- **Martinez v. Hubbard, 172 F. Supp. 3d 378, 385 (D. Mass. 2016)**:  The court noted that conferral "fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources", and is "not an empty exercise".

## C. ARGUMENT
## I. THE PENDING MOTION TO REMAND RAISES A THRESHOLD JURISDICTIONAL QUESTION THAT MUST BE RESOLVED FIRST

5. Subject matter jurisdiction is a prerequisite to a federal court's authority to adjudicate any claim on the merits. A court that lacks jurisdiction cannot rule on a motion to dismiss for failure to state a claim; to do so would be to render an advisory opinion in a proceeding the court may have no authority to entertain. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (without jurisdiction, the court cannot proceed at all).

6. Plaintiffs' Motion to Remand (ECF 30) directly challenges whether this Court has subject matter jurisdiction over this action. That question must be answered before the Court turns to the merits. If the Court grants remand, jurisdiction never existed in this forum, and any ruling on the Motions to Dismiss would be a nullity. Briefing those motions now, before the jurisdiction question is resolved, risks producing work product that serves no legitimate purpose and potentially prejudges the outcome of a threshold legal issue.

## II. A STAY WILL CONSERVE JUDICIAL AND PARTY RESOURCES.

7. If this Court grants the Motion to Remand, the Motions to Dismiss will be entirely moot. Any briefing on the merits (by Plaintiffs, Defendants, or the Court) will have been wasted. Conversely, if this Court denies remand, the stay will have cost nothing more than a brief delay, and merits briefing can proceed on a reasonable schedule with full awareness of this Court's jurisdictional authority.

8. Requiring Plaintiffs to simultaneously (a) draft a reply brief in support of remand (due approximately April 13, 2026) and (b) respond to approximately 80 pages of newly filed merits briefing (due approximately April 16, 2026) imposes a crushing and unnecessary burden, particularly on pro se litigants. A short stay resolves this conflict at no cost to the Court and no cognizable harm to Defendants.

## III. DEFENDANTS WILL SUFFER NO PREJUDICE FROM A BRIEF STAY

9. Defendants face no meaningful prejudice from a temporary stay (or extension) of MTD briefing. A few additional weeks before merits briefing begins will not harm any cognizable legal interest of Defendants. Further, Plaintiffs offered to assent to an extension of Defendants' own deadlines to file his motions, demonstrating good faith and a willingness to accommodate all parties. Defendants refused that accommodation. In these circumstances, Defendants cannot credibly claim that a modest stay causes them undue harm.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD EXTEND PLAINTIFFS' DEADLINE TO RESPOND TO THE MOTIONS TO DISMISS.

10. If the Court declines to stay MTD briefing entirely, Plaintiffs respectfully request, in the alternative, an extension of time to respond to ECF 31 and ECF 34 until 45 days after the Court issues its ruling on the Motion to Remand (ECF 30). This alternative relief would avoid prejudice to Plaintiffs, preserve meaningful opportunity to respond to the merits briefing, and still conserve resources by avoiding full briefing on motions that may be rendered moot.

## V. ANDERSON IS WITHOUT E-FILING ACCESS

11. Plaintiff Anderson was recently added as a plaintiff and needs time to respond. As a second newly added pro se Plaintiff, she is without e-filing access. She filed a motion today and is awaiting permission from the court to obtain efiling access.

## VI. ADDITIONAL ISSUES IMPACT THE PROCEDURAL POSTURE

12. Further, plaintiffs intend to file the following motions which impact the motion to dismiss procedural posture.

   a. **Motion for Limited Discovery on Remand & Renewed Motion for Expedited Limited Discovery regarding Eric Doe.** The defendants have advanced an affidavit by Doiron which is a self-serving, litigation-driven affidavit that Plaintiffs must be permitted to test through discovery. Regarding Eric Doe, there are now changed circumstances because since the Court's March 9 denial of prior motion on limited discovery for Eric Doe, the Defendants have now advanced an extreme/extraordinary characterization of Eric Doe as a "sham defendant," which most assuredly makes his identity directly relevant to the pending jurisdictional determination. In other words, the defendants have affirmatively put Doe's identity,

2

citizenship, and legitimacy as a defendant at the center of the jurisdictional fight, which is a textbook changed circumstance warranting a renewed motion. [NB: Here, also, there is a critical issue of truth because if there was an "Eric" that worked at FedEx in February 2019, then here the lawyers and the defendants would be intentionally seeking to mislead the Court or otherwise seeking to play games with the facts and/or the law.  Either an Eric Doe worked there or not and either he is a Massachusetts citizen or not. This is ripe for discovery].

b. **Motion for Hearing on Remand.** The jurisdictional issues are complex, involve recent Supreme Court authority, and would benefit from oral argument. The remand opposition does not merely raise legal arguments, but it advances a factual narrative buttressed by a Declaration of Michael Doiron, and also assert that Doiron is a fraudulently-joined defendant. Such factual contentions asserted by the Defendants raise live disputes about what actually occurred and who was present. Oral argument would allow Plaintiffs to respond to these specific factual claims and assist the Court in evaluating the credibility and sufficiency of the evidence presented. The most efficient course is to resolve the jurisdictional question first. A hearing would allow the Court to obtain clarification from the parties on any outstanding questions, potentially streamlining the decisional process and avoiding unnecessary expenditure of judicial and party resources on motions that may be before the wrong court. A hearing thus would ensure a fair and full consideration of the issues.

c. **Motion to Strike Motions to Dismiss for Conferral Violations**: Defendants' March 26 filings (the second motions to dismiss) violated Local Rule 7.1(a)(2) by failing to confer with Plaintiff Anderson entirely and providing inadequate conferral opportunity with plaintiff (i.e., the day before defendants intended to file) and they proceeded to file even after plaintiff told defendants' counsel that it was too short of a time to confer, and even after plaintiff offered an extension as a compromise. Either way, the defendants could have and should have sought conferral with plaintiffs from earlier in the week or the prior week, as they had 2 weeks to do so, and they knew from earlier that they intended to file but chose not to seek conferral earlier, even though the same issue had arisen before and was brought to their attention on the first motion to dismiss.  Plaintiffs will ask the Court to require that they confer first before filing any motion to dismiss, which is a crucial motion and one that would truly benefit from conferring first, to save time and resources of the court (and of the plaintiffs). This is the second time that the defendants waited until the day before to invite a conference (which is improper, if not, otherwise, not a good faith attempt to confer before filing, as demonstrated by the case law), and then they filed any way when there was not adequate time to confer on said motions. There will be no prejudice to defendants from conferring first, and a denial without prejudice as done by this court in other cases as noted above. Further, this will provide a proper chance streamline any motion to dismiss and get rid of certain extraneous issues that can be potentially resolved or narrowed by conferring.

d. **Motion for leave to file an amended the complaint by permission of the court**. Plaintiffs intend to file a motion for leave to file an amended the complaint by permission of the court. If granted this will again moot any motion to dismiss. It simply makes sense for the parties to confer first on the motions to dismiss and motion to amend the complaint, and then petition the court after conferring.

## D. CONCLUSION

13. In sum, because subject-matter jurisdiction is a threshold question, then requiring Plaintiffs to brief MTDs while remand, is a waste of resources and creates an untenable burden on pro se litigants facing overlapping deadlines. Also, the court previously allowed extension on responding to the motion to dismiss and should grant it here under the same circumstances.

14. This is an **emergency/time-sensitive motion** because of the multiple deadlines coming up next week, and plaintiffs need to know whether the relief requested (especially extension) will be granted. A regular motion allows 14 days to respond, but plaintiffs' responses to defendants various motions/filings are due in less than 14 days. Therefore, there is a timing mismatch. Plaintiffs need the court to rule expeditiously on the time sensitive motion.

15. For the foregoing reasons, Plaintiff respectfully request that the Court: (1) stay briefing on Defendants' Motions to Dismiss (ECF 31 and ECF 34) pending resolution of Plaintiffs' Motion to Remand (ECF 30); or

in the alternative, (2) extend Plaintiffs' time to respond to the Motions to Dismiss to 45 days (or otherwise at least no less than 30 days) after the Court's ruling on the Motion to Remand.

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
101 Middlesex Turnpike, #270
Burlington, MA 01803

Date: April 3, 2026

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), Plaintiff Andre Bisasor certifies he conferred or attempted to confer with defense counsel Patrick M. Curran in good faith regarding the relief sought in this motion. Specifically, Bisasor raised the issue of a stay or extension of the MTD briefing schedule with Attorney Curran by email on March 30, 2026, but which email exchange started around March 26, 2026. Plaintiff also offered to assent to an extension of Defendants' own filing deadlines for the motions to dismiss in order to have adequate time to confer before he filed them but he declined to agree to his own extension. Defense counsel declined to agree to an extension of his own deadline. In further follow-up today, defendants have yet to indicate whether they agree with a stay or an extension of the response/briefing deadline for plaintiffs. Plaintiffs have been unable to resolve the issue without Court intervention.

/s/ Andre Bisasor
Andre Bisasor