UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

## PLAINTIFF BISASOR'S MOTION FOR HEARING ON MOTION TO REMAND

### A. INTRODUCTION

1. Plaintiff Andre Bisasor respectfully requests that this Court schedule oral argument on Plaintiffs' Motion to Remand (ECF 30). The motion raises complex and threshold jurisdictional questions that would benefit from a hearing, and prompt resolution will serve judicial economy by clarifying which court has authority to adjudicate the substantive disputes in this case.

### B. ARGUMENT
### I. THE MOTION TO REMAND RAISES COMPLEX JURISDICTIONAL ISSUES WARRANTING ORAL ARGUMENT

2. The Motion to Remand (ECF 30) presents substantial questions of federal jurisdiction. Among the issues is the application of the Supreme Court's recent decision in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), to cases removed on both federal-question and diversity grounds. That decision, handed down in January 2025, examined how post-removal amendments to a complaint affect removal jurisdiction and has significant implications for how this Court should evaluate the propriety of removal here. The interplay between federal-question and diversity jurisdiction bases, the completeness of diversity, and the effect of any subsequent developments on jurisdiction are matters that oral argument would meaningfully illuminate.

### II. DEFENDANTS' OPPOSITION RAISES FACTUAL DISPUTES THAT MAY BENEFIT FROM ORAL ARGUMENT

3. Defendants' Opposition to Remand (ECF 37) does not merely raise legal arguments; it advances a factual narrative in support of a fraudulent joinder claim, buttressed by the Declaration of Michael Doiron (ECF 38). Defendants assert that Eric Doe is a "sham defendant" and that Doiron was not present at the 187 Dartmouth Street FedEx location during the relevant period in February 2019. These factual contentions raise live disputes about what actually occurred and who was present. Oral argument would allow Plaintiffs to respond to these specific factual claims and assist the Court in evaluating the credibility and sufficiency of the evidence presented.

### III. PROMPT RESOLUTION OF JURISDICTION SERVES JUDICIAL ECONOMY

4. The jurisdictional question is the threshold issue in this case. Two motions to dismiss are also pending (ECF 31, 34). Whether those motions are for this Court to decide depends entirely on the outcome of the Motion to Remand. If this Court lacks subject-matter jurisdiction, all other pending motions become matters for the state court. Accordingly, the most efficient course is to resolve the jurisdictional question first and promptly. A hearing would allow the Court to obtain clarification from the parties on any outstanding questions, potentially streamlining the decisional process and avoiding unnecessary expenditure of judicial and party resources on motions that may be before the wrong court.

### IV. PRO SE PLAINTIFFS WOULD BENEFIT FROM THE OPPORTUNITY TO ADDRESS THE COURT DIRECTLY

5. Plaintiffs are proceeding without counsel in a complex federal proceeding. While Plaintiffs have endeavored to present their arguments in writing, oral argument would provide an opportunity to clarify any points of uncertainty and to directly address the factual and legal assertions made by Defendants' counsel. Courts have recognized that pro se litigants may benefit from oral argument, particularly where the issues are complex and where a represented party makes factual claims in opposition papers. Plaintiffs respectfully submit that a hearing would ensure a fair and full consideration of the issues.

## C. RELIEF REQUESTED

6. This is a **time-sensitive motion** because of the multiple deadlines coming up next week and the deadline to respond to the opposition to remand is next week. The motion for hearing on remand should be addressed before ruling on the remand motion.

7. For the foregoing reasons, Plaintiffs respectfully request that the Court schedule a hearing on the Motion to Remand (ECF 30).

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
101 Middlesex Turnpike, #270
Burlington, MA 01803

Date: April 3, 2026

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), Plaintiff Andre Bisasor certifies he conferred or attempted to confer with defense counsel Patrick M. Curran in good faith regarding the relief sought in this motion. Specifically, Bisasor raised the issue of a hearing on remand by email on March 30, 2026, but which email exchange started around March 26, 2026. Plaintiff clearly requested the defendants' position, as the motion for a hearing was fairly straightforward. Further, due to a very busy week, plaintiff could not meet for a conference this week but is available next week for conference. However, the motions are time sensitive, which plaintiff briefly explained to Defendants in writing and thus Plaintiff requested the Defendants assent or non-objection to the motions or at least let plaintiff know the defendants' position, even if only in principle. Defendants demanded to see the motion first. And then demanded the plaintiff wrote out the grounds for each motion including the motion for hearing on remand. Defendants even asked for grounds for Anderson's motion for efiling access. When pressed for a basic response to the motions, counsel indicated he will check with his clients about their position on the motion for efiling access. This was on Monday 3-30-26. It is now Friday afternoon and the still have not answered the basic issue of whether they assent to the e-filing access for Anderson. Further, the defendants had at least 5 days to inform plaintiff of defendants' position on these motions including the motion for hearing on remand but still have not indicated their position. In fact, after further follow-up today, in writing, where plaintiff provided further clear grounds for the motions including specifically a motion for hearing on the remand motion, the defendants still have yet to indicate whether they agree with a hearing or not. After plaintiff could wait no longer, after advising defendants that he needs to file this afternoon, and while plaintiff was in the process of filing motions this afternoon, attorney curran sent an email this afternoon asking for a meeting today, within about 30 minutes timeframe, at the time he knew plaintiff would be filing his motions or in the process of filing motions this afternoon. Defendants had a simple task and that was to inform the plaintiff of their position. Instead on Monday, they requested written explanation of the grounds for the motion, in lieu of a meeting or instead of a meeting. After plaintiff provided detailed grounds in writing, now they want a meeting again. This evidently was intended to obstruct the timeliness of this motion. This appears to be a bad faith tactic designed to take advantage of the pro se plaintiffs and smacks of gamesmanship. Plaintiffs have been unable to resolve the issue without Court intervention. Plaintiff can provide copies of the email exchanges as support these averments if necessary.

/s/ Andre Bisasor
Andre Bisasor
