**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDRE BISASOR, et al.,        ) <br>        ) <br>    Plaintiffs,        ) <br>        ) <br> v.        ) <br>        ) <br> FEDEX OFFICE AND PRINT SERVICES,   ) <br> INC., et al.,        ) <br>        ) <br>    Defendants.        ) | Case No. 1:26-cv-10842-JEK |

<u>**DEFENDANT FEDEX OFFICE AND PRINT SERVICES, INC.'S RESPONSE
TO PLAINTIFF ANDRE BISASOR'S MOTION FOR
HEARING ON MOTION TO REMAND**</u>

The Court's Local Rules provide as follows, in relevant part:

> Any party making or opposing a motion who believes that oral argument may assist the court and wishes to be heard shall include a request for oral argument in a separate paragraph of the motion or opposition. The request should be set off with a centered caption, "REQUEST FOR ORAL ARGUMENT."

*See* D. Mass. LR 7.1(d).

On March 16, 2026, Plaintiffs Andre Bisasor and Natalie Anderson filed a Motion to Remand to State Court. *See* ECF Doc. No. 30. Plaintiffs did not include in their Motion a Request for Oral Argument under Local Rule 7.1(d). *See id.*[1]

On March 30, 2026, Defendant FedEx Office and Print Services, Inc. ("FedEx Office") filed its Opposition to Plaintiffs' Motion to Remand. *See* ECF Doc. No. 37. That same day, Defendant FedEx Corporation filed a document in which it joined FedEx Office's Opposition. *See* ECF Doc. No. 39.

---

[1] Plaintiffs also did not file a separate "memorandum of reasons, including citation of supporting authorities, why the motion should be granted," as the Local Rules require. *See* D. Mass. LR 7.1(b)(1).

Four days later—on April 3, 2026—Plaintiff Andre Bisasor filed a Motion for Hearing on Plaintiffs' Motion to Remand. *See* ECF Doc. No. 43. Plaintiff Natalie Anderson did not join in the Motion. *See id.* Mr. Bisasor did not include in his Motion an explanation for his failure to request oral argument in the Motion to Remand itself, as Local Rule 7.1(d) requires. *See id.*

Plaintiffs' Motion to Remand is entirely without merit and should be summarily denied. *See* ECF Doc. No. 37. Accordingly, in FedEx Office's view, no hearing on the Motion is necessary. Despite that, and notwithstanding Mr. Bisasor's failure to include his request for a hearing in the Motion to Remand, as the Local Rule requires, if the Court believes that oral argument would assist it in deciding the Motion, FedEx Office has no objection to the scheduling of a hearing.

**FEDEX OFFICE AND PRINT SERVICES, INC.**

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr. (BBO #659322)
Mariah K. Micca (BBO #711437)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com
mariah.micca@ogletreedeakins.com

Dated:  April 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent by email and by first-class mail, postage prepaid, to those indicated as non-registered participants on April 6, 2026.

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.

31896251.1

3