UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

## **PLAINTIFF BISASOR'S NOTICE OF INTENT TO FILE MOTION FOR LEAVE TO FILE REPLY TO OPPOSITION TO MOTION TO REMAND TO STATE COURT**

1. Plaintiff Andre Bisasor respectfully notifies this Honorable Court that he intends to file a motion for leave to file reply[1] to defendants' opposition to the motion to remand to state court.

---

[1] As a cursory preview, the plaintiff needs to file a reply because the defendants' opposition to remand offers new theories and legal authorities that plaintiff needs to address in a reply. The defendants also for the first time raise factual disputes over Eric Doe and Mike Doiron. For example, the Notice of Removal conspicuously omitted any analysis of Eric Doe, a named defendant who was already in the case at the time of removal. Defendants now ask this Court to accept that §1441(b)(1) not only authorized them to remove the case by disregarding Doe's citizenship, but also that it permanently insulates them from the consequences of his Massachusetts citizenship when the Court evaluates whether it has ongoing §1332 jurisdiction. That is not what §1441(b)(1) does. A removing defendant bears the burden of establishing federal jurisdiction, Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999), and a notice of removal that omits a named defendant from the diversity analysis is deficient on its face. Even if the Court were to accept Defendants' argument that Doe's citizenship may somehow be disregarded, that concession does not salvage diversity jurisdiction. The First Amended Complaint added Defendant Mike Doiron of Massachusetts. With Doiron as a defendant, diversity fails independently of any question about Doe. Thus, even setting Doe aside, the addition of Doiron destroys any semblance of complete diversity. Critically, Defendants themselves know Eric Doe is a Massachusetts citizen but rely on 28 U.S.C. §1441(b)(1), which provides that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. But §1441(b)(1) is a removal statute, it governs whether removal from state court was procedurally authorized. It does not alter the requirements of §1332(a), which is a jurisdictional statute that this Court must satisfy on an ongoing basis. Further, §1441(b)(1)'s provision that fictitious-name citizenship is "disregarded" addresses removal procedure, not the Court's subject-matter jurisdiction. Because §1332 requires complete diversity, the absence of even one cross-state pairing is fatal. Defendants' argument that diversity jurisdiction was established at removal and cannot be disturbed by post-removal amendments does not apply here. Plaintiffs amended as a matter of right under Rule 15(a)(1)(B), and the Court must assess jurisdiction based on the operative complaint. The relevant time for assessing jurisdiction is not frozen at the moment of removal; the Court must determine whether it has jurisdiction over the case as it now stands. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570–71 (2004). Now that Defendants affirmatively ask this Court to exercise §1332 diversity jurisdiction, the Court must examine whether complete diversity actually exists among all parties where Defendants themselves acknowledge they know Doe's identity and that his citizenship is Massachusetts. Thus, there are multiple Massachusetts plaintiffs and defendants. Complete diversity is entirely absent. Accordingly, §1332 cannot supply jurisdiction, and this case must be remanded.

Similarly, the Court should give Doiron's declaration no or minimal weight because the declaration is self-serving, creates an obvious alignment of interests, and was prepared in the context of this litigation for the specific purpose of defeating remand. Courts treat such declarations with caution, particularly when they bear directly on jurisdictional facts. Second, the declaration is incomplete. It states that Doiron was assigned to another store but it does not address whether he had any supervisory authority over employees who worked at both locations or transferred between them or whether he was involved in training or policy implementation that affected staff at 187 Dartmouth Street; or the actual organizational structure of FedEx's Boston-area stores in 2019; or what he knew or should have known about employee conduct at neighboring locations within the same district as a senior manager, and most fundamentally, the declaration presents a factual dispute that cannot be resolved at the remand stage without discovery. Moreover, the fraudulent joinder doctrine sets an extremely high bar, proving that there is no possibility of stating a valid claim against Doiron whatsoever, for which they have not come even close. The statute-of-limitations defense they invoke is an affirmative defense that is riddled with tolling doctrines and factual disputes that cannot be resolved on a motion to remand. The Doiron Declaration is a one-sided, self-serving, litigation-driven affidavit that Plaintiffs must be permitted to test through discovery.

Further, the Royal Canin Court held that "§1367(c)(3) directs a district court to decline supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction." 604 U.S. at 38. The Court made clear that this directive is mandatory, not discretionary: a district court must decline supplemental jurisdiction over remaining state-law claims once all federal-law claims are gone. Id. at 37–38. The Court specifically addressed the scenario where a plaintiff amends to remove the federal claims that enabled removal, confirming that such an amendment triggers the §1367(c)(3) obligation to decline supplemental jurisdiction. Id. at 40–42. Defendants attempt to sidestep Royal Canin by arguing that the case only addressed supplemental jurisdiction under §1367 and that they also invoked diversity jurisdiction under §1332. This argument misunderstands the relationship between the two statutes. Royal Canin eliminates the supplemental jurisdiction that kept the state-law claims in federal court. The question that then arises (whether §1332 diversity jurisdiction independently supports federal subject-matter jurisdiction) must be analyzed on its own terms, which analysis reveals that complete diversity is absent, which means there is no remaining basis for jurisdiction and remand is mandatory. Ultimately, because the removal statute is strictly construed against removal, and because all doubts are resolved in favor of remand, this Court should not simply allow defendants to get away with the gamesmanship they seek to play here.

As shown above, Plaintiff needs a chance to respond to these arguments including new arguments or facts with one-sided untested/unverified/uncrossed affidavits containing misleading or untrue assertions or misleading manipulations of fact and law, warranting leave to reply, denial of which would violate due process under Matthews v. Eldridge, 424 U.S. 319 (1976). For these and other reasons, the plaintiff needs to file a reply, without which plaintiff may be prejudiced.

2. Bisasor was under the impression that he was allowed to file a reply within 7 days of the filing of an opposition, which 7 days would land today with respect to the opposition to remand filed on 3-30-26 (which indication was ascertained from page 1 of the standing orders by Judge Kelley and Judge Joun of this Court). See Exhibit 1 and 2.

3. However, Bisasor, in the abundance of caution, rather than simply filing the reply without clarification, decided to check with the clerk office today about this, wherein he was informed that the attached standing orders did not apply to this session and that a motion for leave to file a reply should be filed, with a proposed reply attached. [2]

4. Presumably, the Court will usually allow a reasonable time for parties to seek such relief (i.e. leave to file a reply), especially where the stakes are high, as here, in a motion to remand based on first impression jurisdictional issues involving new precedent by the US Supreme Court.

5. Plaintiff intends to file such a motion for leave to reply by tomorrow. This is in accordance with the timeline indicated in the standing order, which suggests that it is a reasonable time.

6. Plaintiff does not know the timeline by which the court will likely rule on the pending motion to remand or on the attendant motion for hearing on remand[3], but plaintiff asks that the court take note of this notice and please await the motion for leave to file a reply[4].

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
101 Middlesex Turnpike, #270
Burlington, MA 01803

Date: April 6, 2026

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

---

[2] The clerk's office also indicated that, although a notice of intent is not required, plaintiff may file one if he so chooses.

[3] Defendants filed a gratuitous response to the motion for hearing on remand today. The motion for leave to reply will also briefly address this response by defendants, as ostensibly, it will be within proper scope of the reply to do so.

[4] Plaintiffs also intend to file a motion for limited jurisdictional discovery on remand as noted in a prior filing on Friday 4-3-26, which will also be filed by tomorrow and which is critically important to be reviewed before resolution of the motion to remand.