UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et. al

**PLAINTIFFS' MOTION TO STRIKE OR RECONSIDER THE ORDER GRANTING MOTION FOR LEAVE TO APPEAR PRO HAC VICE (ECF NO. 29)**

1. Plaintiffs file this motion to strike Defendants' Motion for Leave to Appear Pro Hac Vice for Christopher M. Ahearn (ECF No. 28). The PHV motion was filed in direct violation of Local Rule 7.1(a)(2): Defendants made no attempt whatsoever to confer with Plaintiff Anderson, and the purported conferral with Plaintiff Bisasor was so rushed and incomplete as to be inadequate. In the alternative, Plaintiffs request reconsideration of Defendants' Motion for Leave to Appear Pro Hac Vice for Christopher M. Ahearn (ECF No. 28) and the attendant order granting it. Reconsideration is warranted under Fed. R. Civ. P. 54(b). The Court should vacate ECF No. 29 and require Defendants to comply with the Local Rules before any renewed motion is considered.

## I. RELEVANT BACKGROUND

2. On March 12, 2026, Plaintiffs filed the First Amended Complaint (ECF No. 25), which added Natalie Anderson ("Anderson") as a plaintiff. On March 13, 2026, Defendants filed a Motion for Leave to Appear Pro Hac Vice seeking admission for Christopher M. Ahearn, in-house counsel for FedEx Corporation (ECF No. 28). The Court granted the motion the same day (ECF No. 29), before Plaintiffs had any opportunity to respond or be heard.

3. Defendants' counsel Patrick M. Curran ("Mr. Curran") raised the PHV issue with Plaintiff Bisasor ("Bisasor") after he removed the case to federal court and sought to file a motion to dismiss on 2-19-26.

4. Bisasor then raised concerns about his failure to inform Bisasor about the removal and the failure to confer thereon, as well as failure to confer on the motion to dismiss, and/or failure to provide adequate time and opportunity to confer (Mr. Curran sent an email requesting to confer the evening before the day he intended to file the motion). See screenshot below.

 Re: Bisasor v. FedEx Office and Print Services, Inc., et al., Case No. 1:26-cv-10842-JEK (D. Mass.) [ODNSS-OGL.532061.000411]    Aol/Sent ☆

**Andre Bisasor**
From: quickquantum@aol.com
To: Curran, Patrick M.

Thu, Feb 19 at 8:49 AM ☆

Dear Attorney Curran,

I am just getting caught up with, and a chance to respond to your emails from Friday evening at 6pm and yesterday, which initially went to junk mail, and I see that you are representing the FedEx defendants. I also checked the public online docket and I also see that the case was removed to federal court.

This is a surprise as I did not receive any notification of this, including none by your apparent first email of Friday February 13 at 6pm. It appears that you removed the case on Thursday February 12, which I believe I should have been notified of, at the time of removal. When you filed the notice to the state court on February 12, using state court e-filing, I believe you could have served a copy to me through the state e-filing system, or you have done so by email directly. Further, when you emailed me on Feb 13, you could have informed me that you removed the case (since there was no way I could have known otherwise and even if you mailed something to me in the mail on Feb 12, I would not have received it by February 13 the next day) or you could have attached the removal to that email. Either way, I am curious as to why you did not inform me at all in your emails, that the case had been removed to federal court, since you were emailing me any way about your representation and your pro hac vice request.

At this juncture, I believe it is a good idea to have a phone call to discuss several items including but not limited to the ones you mentioned below.

I am not available during the day today (as it is short notice) but I can endeavor to make myself available in the late evening, say at or around the close of business i.e. at around 6pm. Let me know if that works.

Respectfully,
Andre Bisasor

5. Notwithstanding the unreasonable notice, Bisasor indicated that he was available to meet and confer by telephone in the evening of the next day at or around the end of the business day. But Mr. Curran refused to

meet and confer, stating that he needed to file his motion earlier than the time provided by Bisasor. This was an opportunity to confer that Mr. Curran refused to do, which was an opportunity to confer on both the original motion to dismiss and the PHV motion.

> On Friday, February 20, 2026 at 03:28:39 PM EST, Andre Bisasor <quickquantum@aol.com> wrote:
>
> Attorney Curren:
>
> Please note that I have had a very busy day today. I was available yesterday at the end of business but that did not work for you. As I mentioned, you could have sought to confer on the motion to dismiss from earlier in the week, as by your own indication, you knew you would be filing such a motion in 7 days from last Thursday. Your rushing me to confer between 3pm on Wednesday February 18 and the morning of Thursday February 19 is wholly unreasonable. I pushed to be available at the end of the work day but again that did not work for you because you stated your deadline was by end of the work day to file your motion. Again, if you knew that you should have contacted me with much earlier notice, from at least Monday or Tuesday. You ostensibly knew that you were preparing a motion to dismiss at that time, so why did you not apprise me from as early as possible.
>
> Further, you did not apprise me that you had removed the case, in your emails. Further, you stated that you served me by mail to an old Attleboro, even though the summons clearly directed you to send your response to the Burlington Address, and no I don't agree that you can ignore the address on the summons because of an old address from 3 years ago on the initial civil cover sheet. So, I was never served the notice of removal. I did not receive any mail from you at all. However, as you know, yesterday, I voluntarily corrected you on the address because I am not interested in playing games. Now, you have my address. You stated I should file a notice of address change but I did so in state court which rules are different in federal court. Now, I cannot file in federal court right now because I don't have access to e-filing as a pro se. I have to wait for the court to received my mail with motion to permit access to e-filing and then wait on the court to approve that and then set me up for access to e-file. Either way, there can be no update in federal court from me on anything until the court receives my mail and the above access is granted, and further you just filed the case on Thursday, which I only found out about yesterday and so I have had no time to react.
>
> With all that being said, my point is that you should allow me a moment to catch up especially regarding another date to confer. Given that you already filed the motion to dismiss yesterday (without conferring first), I need a moment to review the motion to dismiss, so that when we confer, it will be productive. I will have to get back to you on my availability, which I will likely be able let know sometime next week.
>
> Sincerely,
>
> Andre Bisasor

6. It should be noted that, from around 2-13-26 to around 2-27-26, the issue of the identity of Eric Doe was then discussed in multiple rounds by email, as this was critical to plaintiff's case. Mr. Curran at first denied he knew who Eric Doe was, and then kept beating around the bush regarding whether his clients knew who Eric Doe was and whether, if they knew who he was, will they so inform the plaintiff. Finally, on 2-27-26, Mr. Currant told Bisasor "*Finally, I have confirmed that my clients, having no obligation at this time (under the Rules or otherwise) to provide you with information concerning whether they know the name or address of the person referred to in your Complaint as "Eric Doe," will not agree to do so.*"

7. Once Mr. Curran indicated a dead-end regarding Eric Doe's identity, Bisasor then offered a meeting time to confer, the following week[1], on 3-6-26 at 4pm (regarding the outstanding issues including the PHV motion and the motions to dismiss), which was agreed to.

---

[1] It should be noted that as a pro se non-lawyer, Bisasor is not able to drop everything at the drop of a hat to conduct meetings with counsel who wait until the last minute to seek to schedule a meeting with less than 24 hrs notice. This is unreasonable and the court rules and case law on this issue confirms this point. For example, see **SSMiller IP LLC v. Sugar Beets LLC, No. 2:22-cv-02576 (C.D. Cal. Oct. 21, 2022),** which involved a voicemail left one day before filing (similar facts to what defendants did in this situation), and the court found that did not constitute sufficient conferral under Local Rules.

 Re: Regarding Eric Doe's Identity | Re: Bisasor v. FedEx Office and Print Services, Inc., et al [ODNSS-OGL.532061.000411]    Aol/Sent ☆

**Andre Bisasor**    🖶   Fri, Feb 27 at 11:59 PM ☆
From: quickquantum@aol.com
To: Curran, Patrick M.
Cc: Micca, Mariah K.

Patrick,

I did not have any time to review or respond to your email below today. I will have to circle back to this as obviously you seem to insist that some misstatement was made, which is specious at best or dishonest at worst. I will demonstrate this in a subsequent email. I did not and don't have time at the present moment. I will also address your/your client's refusal to cooperate with the discovery that the superior court ordered that I get from you/your client, which appears to be the real issue here, that is being deflected from with the red herring about some silly pedantic nitpicking.

However, true to my word, I am getting back to you on proposed dates for conferring by phone. Are you able to do 4pm ET on 3-6-26?

Andre

8.  On 3-6-26, Bisasor indicated that he had an unforeseen conflict that arose unexpectedly (which can happen to anyone), and asked if it would be okay to reschedule to the next day, Saturday or the following immediate Monday morning (which showed no indication of an intention to delay or drag things out).

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, March 06, 2026 3:31 PM
**To:** Curran, Patrick M. <patrick.curran@ogletree.com>
**Cc:** Micca, Mariah K. <mariah.micca@ogletreedeakins.com>
**Subject:** Re: Regarding Eric Doe's Identity | Re: Bisasor v. FedEx Office and Print Services, Inc., et al [ODNSS-OGL.532061.000411]

*[Caution: Email received from external source]*

Patrick, I have ran into an unexpected delay this evening that will likely interfere with my ability to make the call at that time we agreed. I wanted to inquire if by chance you are able to talk tomorrow afternoon (I know its' a Saturday but I believe some lawyers may take calls on the weekend as may be necessary)? If not, then Monday morning? Let me know. Thanks. Andre

9.  Mr. Curran responded that he was going to be unavailable Monday or Tuesday and then suggested that Bisasor first let him know any concerns by email to determine if a rescheduled call for Saturday or otherwise was necessary. Mr. Curran also stated for the first time that the conferring on the motion for pro hac vice could be decoupled from the conferring on the motion to dismiss (since there was no urgency to it anymore given the extension that had recently been granted by the court) in order to focus only on the pro hac vice motion for now (which prior attempts to confer required more time to review and prep for a meet because of the coupling of these issues).

10. So, Bisasor then provided some initial concerns by email and then requested a copy of the filing so he could know what he was being asked to assent to or not object to, and to conduct appropriate due diligence.



AOL Mail - Re: Regarding Eric Doe's Identity | Re: Bisasor v. FedEx Office and Print Services, Inc., et al [ODNSS-OGL.532061.000411] - Google Chrome

about:blank

To:     patrick.curran@ogletree.com
Cc:     mariah.micca@ogletreedeakins.com
Date:   Friday, March 6, 2026 at 04:48 PM EST

Patrick,

I do have some concerns. Furthermore, I have no idea who this is or why he is necessary. However, if you could you send me the proposed motion for pro hac vice tonight, so I can review and so I can know more about this and then I can let you know.

Andre

On Friday, March 6, 2026 at 03:53:36 PM EST, Curran, Patrick M. <patrick.curran@ogletree.com> wrote:

Andre,

On Monday, March 2, you proposed (and I agreed) to schedule our long-awaited conference for today at 4 PM. One purpose for that conference was to confer regarding Defendant FedEx Corporation's Motion for Admission of its counsel, Christopher Ahearn, pro hac vice. You've now had more than 2 weeks to review that Motion and to consider whether you will oppose it. It is a routine Motion, you can have no possible grounds for opposing it, and you have not articulated any such grounds. Nor have you, in the two-plus weeks that you've had the Motion, articulated any objection to the relief requested in the Motion that we could discuss and address at a telephone conference. If you have any such objection or other grounds for opposing the Motion, please let me know, and we can schedule a conference for tomorrow afternoon to discuss your objection or grounds for opposition. If you do not have an objection or grounds for opposition to the Motion for Admission of Mr. Ahearn pro hac vice, please confirm that you will not oppose the relief requested in the Motion, and we will file it with the Court this afternoon as unopposed.

With respect to our conference concerning the Motion to Dismiss, since the Court has allowed your "Emergency" Motion to extend your deadline for responding to that Motion to April 20, we have some time and can postpone that conference to next week if you are unavailable for our scheduled call at 4 PM today. I'm not available on Monday or Tuesday of next week, but could speak with you on Wednesday, Thursday, or Friday.

**Patrick M. Curran | Ogletree Deakins**
One Boston Place, Suite 3500 | Boston, MA 02108 | Telephone: 617-994-5728
patrick.curran@ogletree.com | www.ogletree.com | Bio

11. Mr. Curran then sent, later that night, a rough unsigned draft of the motion but neglected to include the affidavit referenced in it, which ostensibly contained more information than disclosed in the rough draft. Because Mr. Curran initially transmitted only a rough, unsigned draft of the motion, with the within referenced affidavit omitted altogether, Bisasor then raised this issue of the missing document and Mr. Curran only then sent that affidavit on the following Monday evening of 3-9-26.

AOL Mail - Missing Attachment | Pro Hac Vice Motion | Bisasor v. FedEx et. al - Google Chrome

about:blank

Missing Attachment | Pro Hac Vice Motion | Bisasor v. FedEx et. al

From:  Andre Bisasor (quickquantum@aol.com)
To:    patrick.curran@ogletree.com; mariah.micca@ogletreedeakins.com
Date:  Monday, March 9, 2026 at 12:14 PM EDT

Dear Patrick,

Thank you for sending me the draft motion pertaining Mr. Ahearn pro hac vice admission. However, I noticed that the draft I received refers to a signed certification by Mr. Ahearn (which sounds like it contains further information), but that certification document was not included. Can you include the certification document that is/will be signed by Mr. Ahearn? I need to review the complete filing, so I can conduct my own due diligence before I provide a proper response. I trust this makes sense.

Sincerely,
Andre Bisasor

12. Bisasor then asked for a little time to review and do due diligence, which he intended to complete by end of week because he had a pressing deadline to file the amended complaint by Wednesday of 3-25-26 (which was about a day and a half later) and for which he had requested extension but the court did not grant.

13. Then the very next day, defendants filed the motion for pro hac vice on Thursday 3-26-26. Defendants could not have expected Bisasor to review the documents and set up a time to confer on Tuesday 3-24-26 or Wednesday 3-25-25. Defendants thus filed the PHV motion the very next business day, before Bisasor had any meaningful opportunity to complete review.

4

14. Either way, the defendants decided to rush the non-urgent filing and did so without conferring with Anderson at all or even requesting to confer with Anderson.

15. The filing also appears to have been timed to the amended complaint. Having seen the amended complaint filed on March 12, Defendants apparently decided to proceed immediately rather than await completion of the conferral process with Bisasor or to initiate conferral with Anderson.

16. The bottom line is that the Defendants then filed the PHV motion the very next business day, without seeking or providing Anderson any opportunity to review at all. Defendants made zero attempt to contact Anderson before filing. Also, the motion was never served to Plaintiff Anderson.

17. This is grounds for reversal, striking or reconsideration, as further delineated below.

## II. THIS IS A PATTERN, NOT AN ISOLATED INCIDENT

18. The **Pro Hac Vice Motion (ECF No. 28) is not** the only time Defendants' counsel has failed to comply with Local Rule 7.1(a)(2). The pattern includes:

   a) **The Original Removal Notice**: This was filed on February 12, 2026, but defendants failed to properly serve or inform plaintiff. See screenshot below.

Re: Bisasor v. FedEx Office and Print Services, Inc., et al., Case No. 1:26-cv-10842-JEK (D. Mass.) [ODNSS-OGL.532061.000411]

From: Andre Bisasor (quickquantum@aol.com)

To:   patrick.curran@ogletree.com

Date: Thursday, February 19, 2026 at 02:44 PM EST

Attorney Curran,

Regarding your earlier note below, please note that my correct address is stated on the service of process filings in state court, on the docket, and on the service of process documents served to you/your clients, by the Suffolk sheriff, which tells you that my address is 101 Middlesex Turnpike, #270, Burlington MA 01803, which is where your client was instructed to serve any response or answer to the summons and complaint.

The Attleboro is an old address, which is not valid for service (this was from some time ago when the case was first filed). If you sent your documents there, then I have not been served at all, and it is likely why I have not received any documents from you/your client in this case.

Further, if you saw my filing on the state court docket, and you saw my email address there, then you should also have seen that my address was the Burlington address on the returns of service and the notice regarding defendant Eric Doe. Again, this was also on the actual summons sent to you. If you were not clear, perhaps you should have sent service to both addresses. But really you should have sent it to the Burlington address only.

Sincerely,
Andre

   b) **Original Motion to Dismiss (ECF No. 9):** Filed on February 19, 2026, the conferral for this motion was similarly deficient in terms of failure to confer, as documented in email correspondence between the parties, examples of which are shown below.



On Thursday, February 19, 2026 at 01:02:12 PM EST, Curran, Patrick M. <patrick.curran@ogletree.com> wrote:

Mr. Bisasor, as I noted in the email that I sent you a few minutes ago, the Rules require that we file the Motion to Dismiss today by no later than 6 PM. Since you are not available to confer today until "around 6pm," you and I are not going to be able to confer about that Motion before we file it. As I also noted, however, we are willing and able to confer with you after we have filed the Motion, and if in the course of that conference you agree to some or all of the relief that we are requesting in that Motion – i.e., the dismissal with prejudice of the alleged claims that you have asserted in the Complaint – we can certainly inform the Court of that development.

I reached out to you to confer regarding the Motion to Dismiss more the day before the filing deadline. I reached out to you to confer about the Motion for Admission of Mr. Ahearn pro hac vice last week. Apparently, those emails "went to junk email." In any case, you did not respond to either of them until today. I am available to confer today, and the fact that you are not, while unfortunate, is not my fault or responsibility.

**Patrick M. Curran | Ogletree Deakins**
One Boston Place, Suite 3500 | Boston, MA 02108 | Telephone: 617-994-5728
patrick.curran@ogletree.com | www.ogletree.com | Bio

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Thursday, February 19, 2026 10:47 AM
**To:** Curran, Patrick M. <patrick.curran@ogletree.com>
**Subject:** Re: Bisasor v. FedEx Office and Print Services, Inc., et al., Case No. 1:26-cv-10842-JEK (D. Mass.) [ODNSS-OGL.532061.000411]

**[Caution: Email received from external source]**

p.s., if you have a conflict at the time I suggested, let me know so that I can provide alternative dates for conferring. I am not available in the day today, as your email requesting conference was sent yesterday afternoon at around or just before 3pm, approaching the end of the day. I believe you are supposed to allow ample notice for time to confer, in order to give opposing party a chance to meet. Giving them less than 24hrs to arrange a conference meeting is not adequate time, especially for a pro se litigant who is not sitting in a law firm and doing law work all day. I would like to confer on your noted motions, in particular the motion to dismiss as there appears to be potential raise or address certain problematic areas. So, it is important that we confer before you file any such motion, and that you give me adequate time to arrange a meeting to confer.

Sincerely,

Andre

19. See further the screenshot below:

Re: Bisasor v. FedEx Office and Print Services, Inc., et al., Case No. 1:26-cv-10842-JEK (D. Mass.) [ODNSS-OGL.532061.000411]

From:  Andre Bisasor (quickquantum@aol.com)

To:       patrick.curran@ogletree.com

Date:   Thursday, February 19, 2026 at 01:16 PM EST

Attorney Curran,

I am only replying real quick here as I don't have time.

1. You could have sought to confer with me about the motion to dismiss from before yesterday evening. I would have gotten the second email (the first went to junk for some reason perhaps because it was first time my system got a new email from yours). It was your responsibility to contact me with adequate notice to confer. The case law is clear...sending a last minute email to pressure opposing party to confer and then rushing to file because opposing party cannot meet under less than 24 hrs is deemed not in good faith. I have responded to try to meet the day you asked but can only do at the end of business. That does not work for you and your stated timeline. That is not my fault. I made myself available to meet today the very next day you requested.

2. Your reply does not address why you did not inform me of the removal or attach the removal notice to any of your emails.

2. The motion to admit is not a dispositive motion so it is not relevant to the urgent issue regarding your motion to dismiss. You should have contacted me prior to yesterday evening if you knew your deadline was the very next day. Again, this is not in good faith based on what federal courts have said about this issue.

3. However, I am wiling to offer a compromise if deemed feasible. I am willing to assent a motion to extend time file a motion to dismiss. In fact, I am also willing to entertain early federal mediation, which we can jointly file with the court, which mediation is free and encouraged by the court. This may resolved your problem of timeliness of your motion to dismiss as well as time to sort your pro hac vice request. It will give me time to confer with you as well.

Let me your thoughts.

Sinerely
Andre

c)  **Current Motions to Dismiss (ECF Nos. 31, 34):** Filed on March 26, 2026, this again involved Mr. Curran sending an email the day prior to filing, and claimed it was his deadline to file, which is the same identical pattern he employed regarding the first motion to dismiss. See screenshot.



**Andre Bisasor**
From: quickquantum@aol.com
To: liberty_6@msn.com,  Curran, Patrick M.
Cc: Micca, Mariah K.,  christopher.ahearn@fedex.com

Thu, Mar 26 at 1:23 PM ☆

Patrick (and all):

I am swamped today but just a couple of quick points in response to the below.

Emailing the day before you intend to file is not adequate notice, which I pointed out last time. The rules and case law are clear about this, which I assume you should know. Moreover, this is especially the case with pro se non-lawyers who do not work at a law firm such as yourself and have other work/obligations than that of a lawyer. Again, as with the last time, I am maxed out today. I presume you had an idea of this filing long before now, over the past two weeks. Why did you not reach out before yesterday, which you could have done from beginning of this week or end last week. This is simply not a good faith attempt to meet and confer per the rules. I can be available next week but if you file the motion now under these circumstances I will have no choice but to raise this issue with the court including addressing what appears to now be a pattern designed to take advantage of the two pro se plaintiffs in this case.

I suggest that you hold off on filing. I have several issues I need to address. Moreover, there is no rush to file this motion as there is no deadline for you to file it now. Filing it now would be self-selected rushed insistence on filing without allowing an adequate opportunity to meet and confer as required by the rules. Further, there is a pending motion to remand which challenges the jurisdiction of the court. It is actually proper to await resolution of that motion before rushing to file a motion to dismiss.

We also intend to file a motion to amend the complaint by permission. We should meet and confer and resolve these issues first.

Moreover, you have not provided the motion in advance which you could have done before now. I am swamped and I dont have time to meet or review anything today. Further, as a new plaintiff, giving Ms. Anderson on day to meet and confer is again doubly unreasonable.

And further, you filed the motion for pro hac vice without seeking to confer with her.

Unfortunately, it appears that all of the above is building towards a pattern of unreasonable prejudicial rule-violative approach that works to our prejudice, which at some point may require the intervention of the court to rectify. I do not want it to come to that.

So, I propose that you hold the motion to dismiss filing until we can meet next week.

Parenthetically, I am not certain if you intend to object to the motion to remand, or on what grounds, since that motion is pretty much unassailable. But if you do, obviously, you can file that objection today, without having to file a motion to dismiss.

By the way, time did not allow to confer on the remand motion as there were strict deadlines that apply 30 days from removal for filing a remand motion, and the court did not extend time to file an amended complaint, which was critical to the motion to remand. I had only a couple days after filing the amended complaint, to file the motion to remand. Further, we disclosed our intention to seek remand in the amended complaint, so it should not have been a surprise. Further, the Court sua sponte should review whether it must remand due to lack of subject matter jurisdiction, even without motion.

Finally, Ms. Anderson can let you know herself when she is available.

Sincerely,
Andre

d) **Pro Hac Vice Motion (ECF No. 28):** Filed on March 13, 2026, this motion was filed without any conferral with Plaintiff Anderson, and with incomplete conferral with Plaintiff Bisasor as described above. The motion was filed while Plaintiff Bisasor was still conducting due diligence and facing a pressing deadline to file the Amended Complaint.

## II. ARGUMENT
### A. Defendants Failed to Serve the PHV Motion on Plaintiff Anderson

20. The deficiencies in this PHV filing extend beyond the failure to confer. Defendants also failed to effect proper service of the PHV motion (ECF No. 28) on Plaintiff Anderson, depriving her of any notice or opportunity to be heard before the Court acted.

21. Anderson was not a registered ECF participant and has never consented to electronic service. Under Fed. R. Civ. P. 5(b)(2), service on a non-ECF party must be made by delivering, mailing, or otherwise transmitting a copy to the party. Anderson received no such service of ECF No. 28, not by mail, not by email, and not through the ECF system.

22. Defendants' Certificate of Service attached to the PHV motion (ECF No. 28, p. 4) represents that "*paper copies will be sent to those indicated as non-registered participants on March 13, 2026*." Yet Anderson never received any paper copy of the PHV motion or the supporting Certificate of Ahearn and there is no evidence that Anderson ever received these documents.

23. Subsequent events demonstrate why. On March 26, 2026, defense counsel Patrick M. Curran purportedly mailed a separate letter to Anderson enclosing the Motions to Dismiss (ECF Nos. 31-36). That letter was evidently addressed to "*270 Middlesex Turnpike, #270, Burlington, MA 01803*."

24. The correct address (as established by the Notice of Correct Address filed at ECF No. 16 on March 3, 2026, ten days before the PHV motion was filed) is 101 Middlesex Turnpike, #270, Burlington, MA 01803. There is no "*270 Middlesex Turnpike*", the address does not exist.

**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*
One Boston Place, Floor 35, Suite 3500
Boston, MA 02108
Telephone: 617-994-5700
Facsimile: 617-994-5701
www.ogletree.com

Patrick M. Curran, Jr.
(617) 994-5728
patrick.curran@ogletree.com

March 26, 2026

**Via First Class Mail and Email (liberty_6@msn.com)**

Ms. Natalie Anderson
270 Middlesex Turnpike, #270
Burlington, MA 01803

    Re:    <u>Andre Bisasor, et al. v. FedEx Office and Print Services, Inc., et al.</u>
         USDC MA Civil Action No.: 1:26-cv-10842-JEK

Dear Ms. Anderson:

25. On April 6, 2026, Curran emailed Anderson to report that the March 26 mailing had been "sent back to us and marked as follows: 'Return to sender, no such number, unable to forward.'" Curran then asked Anderson for an "updated address," despite the fact that the correct address had been on file with the Court since March 3, more than a month earlier. See screenshot of the letter sent by Mr. Curran to Anderson by email on 4-6-26, informing plaintiffs by email that there was a returned mail/wrong address problem.

> FW: Bisasor, et al. v. FedEx Office and Print Services, Inc., et al. [ODNSS-OGL.532061.000411]
>     Aol/Old Mail ☆
>
>  **Curran, Patrick M.**     🖨   ✎   Mon, Apr 6 at 1:14 PM ☆
> From: patrick.curran@ogletree.com
> To: liberty_6@msn.com
> Cc: Andre Bisasor, Micca, Mariah K., Stratton, Caroline G.
>
> Dear Ms. Anderson,
>
> The documents that we mailed to you (attached) were sent back to us and marked as follows: "Return to sender, no such number, unable to forward." The address that we mailed it to is the one that is on file with the court. Please provide us (and the Court) with an updated address.
>
> Thanks,
> Patrick
> **Patrick M. Curran | Ogletree Deakins**
> One Boston Place, Suite 3500 | Boston, MA 02108 | Telephone: 617-994-5728
> patrick.curran@ogletree.com | www.ogletree.com | Bio

26. If Defendants were using the wrong address on March 26, it follows that they were using the same wrong address on March 13 when they purportedly mailed the PHV motion. Any mailing sent to "270 Middlesex Turnpike" would have been returned (or more likely never delivered) because the address does not exist. Defendants' Certificate of Service for ECF No. 28 is therefore, at best, a representation that they sent paper copies to a nonexistent address, which does not constitute valid service under Rule 5.

27. This service failure is self-inflicted and sloppy conduct. Defendants are represented by seasoned counsel. This excuse of a wrong address has repeatedly occurred, first with purportedly them mailing the notice of removal documents to old Attleboro address, and now mailing the current motions to dismiss to an incorrect address. Bisasor has reminded counsel on multiple occasions, in addition to filing a notice of correct address, of the correct address in Burlington MA, as well as the summons provided to defendants contain the Burlington address, and the filings made in this case contain the Burlington address. There is simply no excuse.

28. This service failure is independently prejudicial. Anderson, a pro se party with a direct interest in the admission of additional counsel for Defendants, was denied a proper opportunity to review the PHV motion, conduct due diligence on Mr. Ahearn's qualifications, or raise objections before the Court entered its order. She remains

unserved to this day. The Order at ECF No. 29 should be vacated, and Defendants should be required to properly serve any renewed PHV motion on both Plaintiffs at their correct addresses before the Court considers it, and to properly confer on it, before filing. These are the rules and defendants should not be allowed to flout it.

29. **NB: The issue of failure to confer and to serve Anderson is the most critical point being made in this motion.** No other fact or point is intended to eclipse this point. The remaining points below regarding inadequate opportunity to confer with Bisasor is secondary to this main point**, which main point stands on its own as sufficient to grant this motion regardless of the strength of any other secondary point.**

### B.  The PHV Motion Violated Local Rule 7.1(a)(2) By Failing To Confer With Plaintiff Anderson

30. Local Rule 7.1(a)(2) of the District of Massachusetts requires that, before filing any motion (with certain exceptions not applicable here), counsel must confer with opposing counsel (or, where a party is self-represented, with that party) in a good-faith effort to narrow or resolve the motion. The rule applies to all parties. It admits of no exception for newly joined parties.

31. Natalie Anderson became a plaintiff on March 12, 2026, when the First Amended Complaint was filed. She was therefore a party to this action at the time Defendants filed ECF No. 28 on March 13, 2026. Defendants do not dispute that they made no attempt to confer with Anderson before filing. This failure is a plain violation of Local Rule 7.1(a)(2) and is alone sufficient grounds to strike ECF Nos. 28 and 29.

### C. Curran's L.R. 7.1(a)(2) Certification Misrepresents the Conferral Record With Plaintiff Bisasor

32. Even as to Plaintiff Bisasor, the conferral was inadequate with respect to Bisasor. The purpose of Local Rule 7.1(a)(2) is to allow the non-moving party a genuine opportunity to review, assess, and respond to the proposed motion before it is filed. Here, Defendants provided the affidavit (the key supporting document) only on a Monday evening of 3-23-26 and then filed two or three days later on Thursday 3-26-26, when defendants knew Bisasor was working to meet the Wednesday 3-25-26 deadline for the amended complaint as a matter of right and when Bisasor told defendant he intended to get back to them by end of week (i.e. by Friday 3-27-26). This sudden filing on Thursday 3-26-26 left Bisasor, a pro se litigant unfamiliar with the procedural nuances of pro hac vice admissions, no realistic time for due diligence.

33. Moreover, Curran's L.R. 7.1(a)(2) Certification attached to the PHV motion (ECF No. 28, p. 3) contains material misrepresentations that warrant the Court's scrutiny. See screenshot below.

#### CERTIFICATION PURSUANT TO D. MASS. LOCAL RULE 7.1(a)(2)

Pursuant to D. Mass. L.R. 7.1(a)(2), I hereby certify that I am counsel not only for the Movant (Defendant FedEx Corporation), but also for Defendant FedEx Office and Print Services, Inc., which is the only other Defendant to have been served with process in this action. I further certify that Defendant FedEx Office and Print Services, Inc. assents to the relief requested in this Motion.

In addition, I certify that I have made multiple efforts, beginning with an email on February 13, 2026, and continuing with many additional emails over the ensuing period of approximately four (4) weeks, to schedule a telephone conference with Plaintiff Andre Bisasor, who is proceeding *pro se* in this matter, in a good faith effort to confer with him concerning the relief requested in this Motion. Despite those efforts, during that period of approximately four (4) weeks I have been able to schedule only one telephone conference with Mr. Bisasor concerning this matter—on March 6, 2026, at 4:00 PM—which Mr. Bisasor canceled shortly before the conference was scheduled to begin.

In short, despite multiple emails to Mr. Bisasor asking him to provide his availability to confer regarding the relief requested in this Motion, and asking him to state whether he will oppose the Motion and, if so, on what grounds (so that I could discuss those grounds with him, even if only by email), I have not been able to schedule a telephone conference with him, and I therefore have not been able to confer with him regarding the relief requested in this Motion. Nor have I been able to determine whether Mr. Bisasor intends to oppose this Motion and, if so, on what grounds he intends to oppose it. That said, I remain willing to confer with Mr. Bisasor concerning this Motion, and concerning any objections he may have to the relief requested in it.

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

34. First, the Certification states that Bisasor "canceled" the March 6, 2026 telephone conference "*shortly before the conference was scheduled to begin*." The email record tells a different story. At 3.31pm on March 6, shortly before the 4pm call, Bisasor notified Curran that he had encountered an "unexpected delay" that would "likely interfere" with his ability to make the call, and immediately proposed alternative times: Saturday afternoon or Monday morning. This is not cancellation; it is a good-faith request to reschedule, accompanied by proposed alternatives. Curran's characterization of this as a "cancel[lation]" in a sworn certification is misleading and designed to cast Bisasor in a negative light before the Court.

35. Second, the Certification states that Curran was unable to "determine whether Mr. Bisasor intends to oppose this Motion." This is directly contradicted by Bisasor's email of March 6, 2026, at 4.48pm, in which he stated: "*I do have some concerns. Furthermore, I have no idea who this is or why he is necessary. However, if you could you send me the proposed motion for pro hac vice tonight, so I can review and so I can know more about this and then I can let you know*." Bisasor expressly communicated (a) that he had concerns, (b) that he needed to review the motion documents, and (c) that he would follow up once he had reviewed them. Far from being silent on opposition, Bisasor was actively reviewing the documents and informing counsel of his intention to complete review and due diligence that week.

36. Third, the Certification claims "multiple efforts" over "approximately four (4) weeks" to confer. Yet the full motion and Ahearn's certificate were not transmitted to Bisasor until 4.55pm on March 6, 2026, the very same day Curran demanded Bisasor's position. The initial draft transmitted on or about February 19 was a "rough, unsigned draft" that omitted the supporting affidavit entirely. A party cannot meaningfully confer on a motion whose supporting materials have not been provided. Despite this, Curran filed the PHV motion just 2 or 3 days later, on March 13, while Bisasor was actively engaged, had expressed concerns, and had requested additional time to review the complete filing.

37. Fourth, Curran himself suggested "decoupling" the PHV issue from the motion to dismiss conferral in his March 6 email, writing: "*With respect to our conference concerning the Motion to Dismiss, since the Court has allowed your 'Emergency' Motion to extend your deadline ... we have some time and can postpone that conference to next week*." This acknowledgment that the parties "ha[d] some time" on one issue while simultaneously demanding an immediate position on the PHV issue, and then filing without waiting, is inconsistent with the good-faith conferral contemplated by the Local Rules.

38. In sum, the Certification tries to paint a misleading picture of a recalcitrant plaintiff who refused to engage or review the matter in good faith. The email record shows the opposite: a pro se litigant who (a) proposed conferral dates, (b) promptly notified counsel of scheduling conflicts and offered alternatives, (c) expressly stated he had concerns, (d) requested the complete motion documents for review, and (e) was given only 2 or 3 days with the actual filing before Defendants filed anyway. The Certification's mischaracterization of these facts is itself a violation of the duty of candor under Mass. R. Prof. C. 3.3(a)(1) and Fed. R. Civ. P. 11. Such characterizations are inconsistent with the obligations of candor and professional responsibility.

39. In sum, Bisasor had a conflict that arose before the scheduled March 6 call. He immediately emailed Attorney Curran to reschedule, proposing the very next day (Saturday) or the following Monday morning. The need to make minor scheduling adjustments is not an extraordinary course of human events. Attorney Curran responded that he would be unavailable Monday or Tuesday and suggested Bisasor email his concerns instead. Curran also decoupled the PHV conferral from the motion-to-dismiss conferral, stating there was "no urgency" on the MTD given the Court's extension. Bisasor then emailed that he had concerns and requested a copy of the motion and supporting affidavit. Curran sent an incomplete draft that evening (without the referenced affidavit) and only provided the missing document on Monday evening. Despite this, Defendants filed the PHV motion on Thursday, March 13, giving Bisasor less than three business days of review and no meaningful opportunity to confer, and neglected to confer with Anderson at all.

### D. Defendants' Continuing Pattern of Bad Faith and Manipulative Scheduling Tactics

40. On April 3, 2026, Plaintiff Bisasor proposed a telephone conference (to discuss several items including the PHV issue) on April 10 (today), wherein Bisasor offered 4pm or 5pm. See screenshot below.

● Re: Follow-up on Upcoming Filings / Re: Bisasor v. FedEx Office and Print Services, Inc.,    Aol/Sent ☆
et al., Case No. 1:26-cv-10842-JEK [ODNSS-OGL.532061.000411]

 **Andre Bisasor**    🖨 Thu, Apr 9 at 6:57 PM ☆
From: quickquantum@aol.com
To: liberty_6@msn.com,  Micca, Mariah K.,  Curran, Patrick M.
Cc: christopher.ahearn@fedex.com

Dear Patrick,

Just getting a chance to follow up. Regarding your email below, I offered 4pm and 5pm, which means either time would work for us.  You could have simply picked a time and it would be confirmed, but instead you flipped it back to me and asked me to pick which of my own offered times works.  Next time if I offer two times and they both work for you, just pick a time.

5pm it is. I will call you at your office number unless you prefer another number.

Also, as noted in the notice of intent filed earlier this week, I intend to file a motion for leave to reply to your opposition to the motion to remand and your response to the motion for hearing on remand. I am not certain that such a motion requires conferral or seeking assent, as it is a simple administrative request seeking permission to reply on a subject you have already briefed (i.e., that you already filed an opposition to).  Do you have an opinion on whether seeking your assent on such is necessary, and if so, or either way, do you assent? I would note that this is a straightforward procedural request, and I would expect assent to be given in the ordinary course consistent with counsels' obligations of fairness to opposing parties. Further, it is my understanding that the expectations of basic lawyer decorum ("obstruct no man for malice or lucre") and the rules of professional conduct counsel against withholding assent, for withholding sake, absent a good faith reason.

Thank you.
Andre

41. Attorney Curran then responded that both he and Mr. Ahearn were "available today" at the times proposed, specifically, 4pm and 5pm, and then asked Bisasor to "*let us know which of those times you'd like to schedule.*"

42. This response was evidently intended as game-playing, which is a pattern, because when Bisasor offered 4pm and 5pm, it meant either time would work, and so Mr. Curran could have simply picked a time and it would have been confirmed, but instead he flipped it back, asked Bisasor to pick which of his own offered times works.  The fact that this was intentional game-playing is confirmed by the following.

43. Today, at 11.31am, Mr. Curran announced that "Mr. Ahearn will not attend" the call. This is the very same Mr. Ahearn whose pro hac vice admission is the subject of the instant Motion. Instead of simply honoring the confirmed time, Curran used the occasion to lecture Plaintiff about the fact that availability shared on April 3 was provided only "as of now" and was "subject to change," and that Plaintiff should "respond more expeditiously" in the future (when in fact, it was Curran and Ahearn's responsibility to pick which of the two times offered by Bisasor. There is no rational grounds for not picking a time and then using this as grounds to claim Ahearn is no longer available.

44. This conduct is further revealing for several reasons. First, both Curran and Ahearn had a full week, from April 3 to April 10, to pick either of the two times Bisasor offered. Rather than simply confirming a time, Curran flipped the scheduling back to Bisasor, asking him to choose between his own two offered times. When Bisasor did exactly that and confirmed 5pm, the defense then withdrew Ahearn from the call on the very day of the conference. This is not the good faith conduct seeking to resolve disputes cooperatively.

45. Most critically, Ahearn's last-minute withdrawal from a conference specifically concerning his own pro hac vice admission exemplifies the broader pattern this Motion addresses. The individual whose admission is contested, and who presumably has the most direct knowledge of whether the PHV motion was properly served on Plaintiff Anderson and whether adequate conferral occurred, has now removed himself from the very conversation designed to address those issues. This is not the behavior of counsel committed to the good-faith resolution of disputes as contemplated by Local Rule 7.1(a).

46. This pattern is consistent with a course of conduct throughout this litigation: Defendants provide inadequate notice, file motions without meaningful conferral, mischaracterize routine scheduling adjustments as "cancellation," and then invoke their own manufactured procedural complications to justify further delay and obstruction. The Court should take note of this pattern in evaluating the credibility of the certifications and representations made in the PHV motion papers.

### E.  The Court Should Reconsider ECF NO. 29 Under Fed. R. Civ. P. 54(b)

47. Federal Rule of Civil Procedure 54(b) provides that any interlocutory order, including the PHV order at ECF No. 29, may be revised by the Court at any time before the entry of final judgment. Courts regularly exercise this authority to correct orders entered without full benefit of adversarial briefing. Here, the PHV order was entered the same day the motion was filed, before Plaintiffs could be heard. The Local Rule violation was not before the Court at that time. Plaintiffs now bring it to the Court's attention through this motion, as is procedurally appropriate.

48. Reconsideration will not prejudice Defendants. Mr. Ahearn remains available to assist lead counsel Patrick M. Curran and Mariah Micca as non-admitted co-counsel in the interim. Any delay caused by the need to refile a procedurally compliant motion is attributable to Defendants' own failure to comply with the Local Rules in the first instance.

### G.  The PHV Admission May Become Moot Upon Remand

49. Plaintiffs have pending a motion for remand in this action. If remand is granted, Mr. Ahearn's pro hac vice admission in federal court will have no continuing effect; pro hac vice status in a federal court does not transfer to the Massachusetts state courts. This provides an additional prudential reason for the Court to defer reconsideration of the PHV order pending resolution of the remand motion, or alternatively to vacate ECF No. 29 without prejudice to Defendants filing a compliant motion if the case remains in this court.

### III. CONCLUSION AND RELIEF REQUESTED

50. For the foregoing reasons, Plaintiffs respectfully request that this Court:
    a)  Strike or vacate the Order at ECF No. 29 granting pro hac vice admission to Christopher M. Ahearn;
    b)  Require Defendants to conduct a full and proper conferral with both Plaintiff Bisasor and Plaintiff Anderson before filing any renewed pro hac vice motion;
    c)  Require Defendants to properly serve any renewed PHV motion on Anderson at the correct address;
    d)  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
ANDRE BISASOR
101 Middlesex Turnpike, #270
Burlington, MA 01803

/s/ Natalie Anderson
Natalie Anderson
101 Middlesex Turnpike, #270
Burlington, MA 01803

Date: April 10, 2026

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was/will be served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

### LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), Plaintiff Bisasor certifies that he raised the issues of the deficient conferral, and the failure to confer with Plaintiff Anderson, with defense counsel Patrick M. Curran via email exchanges in February and March 2026. Defendants, by email, have denied any deficiency in the conferral process regarding their PHV motion. Upon his request to do so, in lieu of a meeting, Bisasor also sent Mr. Curran written explanation of the ground for this motion (as well as others). Although a meeting was then scheduled for this evening, Mr. Curran announced that Mr. Ahearn was withdrawing from/would not be available for the call. This has frustrated the purpose of addressing Mr. Ahearn's PHV motion during this call. Accordingly, Bisasor is unable to resolve or narrow the dispute at this juncture, and file this motion now because of the irregularities and bad faith outlined in this motion. Plaintiffs will once more seek to obtain a conference date that Mr. Ahearn can attend in order to address his role in the above concerns, and will report to the court any developments thereof, if any.

/s/ Andre Bisasor
Andre Bisasor