UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et al.

## PLAINTIFFS' OPPOSITION TO FEDEX OFFICE AND PRINT SERVICES, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (ECF NO. 31)

### I. INTRODUCTION

1. Plaintiffs oppose FedEx Office and Print Services, Inc.'s motion to dismiss (ECF 31, 32). The motion misreads the pleading and the governing law. It tries to shorten the contract limitations period by recharacterizing contract claims as tort; it invokes Krupski v. Costa Crociere, 560 U.S. 538 (2010), which governs defendant misidentification, to strike Anderson from a case in which she is a co-plaintiff and an account signatory (FAC paragraph 4); and it attacks the sufficiency of pleaded facts by ignoring them and drawing every inference against Plaintiffs. On Rule 12(b)(6) each of those moves fails.

2. The Amended Complaint pleads race discrimination and retaliation at the FedEx Office store at 187 Dartmouth Street, Boston, on February 4-6, 2019. Doe, the sole employee on duty, offered assistance to a similarly situated white customer but told Bisasor he was loitering and had to leave. FAC paragraphs 45-46. When Bisasor named the disparate treatment, Doe retaliated over two days: he lowered the store temperature to freezing (paragraph 49(a)); ran a loud vacuum immediately next to Plaintiffs' work area for over two hours and more than once ran it toward Plaintiffs as if to strike their feet and legs, causing them to recoil (paragraph 49(b)); intruded aggressively into Plaintiffs' work area and moved their belongings while they were physically holding them (paragraph 49(c)); refused to help with malfunctioning equipment (paragraph 49(d)); hurled loud, angry racial slurs and epithets at Bisasor in front of another patron (paragraphs 53-54); and locked Bisasor out of the Store while Bisasor was loading his vehicle (paragraph 55). Anderson was a direct target of the retaliation once she joined Bisasor. FAC paragraphs 50-51. FedEx refused to identify Doe in 2019 (paragraph 59), continued to refuse through 2025 (paragraph 60), and confirmed refusal by counsel on 2-27-26 even after the Suffolk Superior Court authorized limited discovery on 8-28-25 (paragraph 61).

### II. STANDARD

3. The Court accepts every well-pleaded fact as true and draws every reasonable inference in Plaintiffs' favor. Pro se pleadings are liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A limitations defense may be decided on a 12(b)(6) motion only when the complaint shows the claim is time-barred on its face. Where tolling doctrines are pleaded, dismissal is premature.

### III. THE CONTRACT-BASED COUNTS ARE GOVERNED BY THE SIX-YEAR PERIOD OF c. 260 SECTION 2.

4. Under M.G.L. c. 260 section 2, actions of contract must be brought within six years. That period governs breach of contract, breach of the implied covenant, promissory estoppel, and unjust enrichment whose gravamen is contractual. The gravamen of Counts I, II, III, and XII is contractual. Plaintiffs registered for FedEx accounts (FAC paragraph 38), FedEx made specific written promises (paragraphs 38-40, 62-65), those policies were disseminated to customers as inducements (paragraph 66), Plaintiffs paid for services in reliance (paragraphs 40, 78-82), and the relief sought is the value of the bargain and restitution (paragraphs 83, 87-88, 91-92, 135-138). Anderson personally signed the account agreements. FAC paragraph 4.

5. FedEx Office's authorities do not require reclassification. Ingalls v. Adams Community Bank, 2020 WL 3722317, and Callahan v. Wells Fargo, 747 F. Supp. 2d 247, involved mortgage-servicing plaintiffs seeking emotional-distress recovery without discrete written promises. Seifer v. GEICO, 530 F. Supp. 3d 123, 130, expressly recognizes that the six-year period applies when the essential nature of the claim is breach of a contractual duty. A plaintiff may plead both contract and tort theories arising from the same conduct, and each carries its own limitations period. Even measured from the accrual date FedEx Office urges, the original 5-19-23 Suffolk complaint was filed well within six years of February 2019, and the Amended Complaint relates back under Rule 15(c)(1)(B).

### IV. THE TORT AND 93A COUNTS ARE TIMELY UNDER THE DISCOVERY RULE, FRAUDULENT CONCEALMENT, AND CONTINUING-VIOLATION DOCTRINES.

6. The three-year tort period (M.G.L. c. 260 section 2A) and the four-year 93A period (section 5A) are each subject to the discovery rule, fraudulent concealment under M.G.L. c. 260 section 12, and, in appropriate cases, the continuing-violation doctrine. Taygeta Corp. v. Varian Assocs., 436 Mass. 217, 229 (2002); Salvas

v. Wal-Mart Stores, 452 Mass. 337, 375-76 (2008); Puritan Med. Ctr. v. Cashman, 413 Mass. 167, 175 (1992); Chestnut-Adams v. Bricklayers Trust Funds, 415 Mass. 87, 92-93 (1993); Silva v. Rhode Island, 439 F. Supp. 3d 22, 27-28 (D. Mass. 2020).

7. FedEx has concealed Doe's identity since 2019 and continues to conceal it today. FAC paragraphs 59-61. Bisasor called FedEx in the fall of 2019 and specifically asked for Doe's full name so he could pursue legal remedies; FedEx refused. FAC paragraph 59. The refusal continued through 2025 (paragraph 60) and was reaffirmed by counsel on 2-27-26 (paragraph 61), after the Suffolk Superior Court authorized limited discovery on 8-28-25 to identify Doe. The identity of the wrongdoer is a fact Plaintiffs need to prosecute the tort and 93A claims fully. Concealment of that fact tolls the limitations period under section 12 and under the common-law discovery rule. Each refusal, moreover, is a fresh unfair or deceptive act under c. 93A section 2, and thus a continuing violation. Cambridge Plating Co. v. Napco, Inc., 991 F.2d 21, 25-26 (1st Cir. 1993); Nolan v. CN8, 656 F.3d 71, 77 (1st Cir. 2011).

8. Whether the discovery rule and fraudulent concealment apply, and whether Plaintiffs were reasonably diligent, are fact questions unsuitable for 12(b)(6). Riley v. Presnell, 409 Mass. 239, 240 (1991); Doe v. Harbor Sch., 446 Mass. 245, 253 (2006); Abdallah, 752 F.3d at 119-20. The FAC pleads the necessary facts.

9. The 93A demand-letter argument does not support dismissal. Plaintiffs sent a demand letter before filing the Amended Complaint. FAC paragraph 123. Anderson is a signatory of the accounts (paragraph 4) and stands in the same commercial relationship with FedEx as Bisasor; she is within the class the demand letter identifies as injured. A pro se demand letter is measured for adequacy of notice, not technical perfection. Slaney v. Westwood Auto, 366 Mass. 688, 704 (1975); Piccuirro v. Gaitenby, 20 Mass. App. Ct. 286, 291 (1985). Any deficiency is curable, not fatal.

## V. ANDERSON'S ADDITION RELATES BACK UNDER RULE 15(c)(1)(B) AND SHE HAS INDEPENDENT CONTRACTUAL FOOTING.

10. Krupski does not govern here. It construed Rule 15(c)(1)(C), which by its plain text is limited to substituting or renaming a defendant. Krupski, 560 U.S. at 541-42, 545-49; Fed. R. Civ. P. 15(c)(1)(C). Anderson is not being substituted for a defendant. She is added as a co-plaintiff whose claims arise from the same conduct, transaction, and occurrence pled from the outset. That is governed by Rule 15(c)(1)(B). Mayle, 545 U.S. at 659; Young v. Lepone, 305 F.3d 1, 14-15 (1st Cir. 2002); Coons v. Indus. Knife Co., 620 F.3d 38, 42-43 (1st Cir. 2010). Adding a new plaintiff who shares the transaction relates back under subsection (B). Nelson v. County of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995); Cliff v. Payco Gen. Am. Credits, 363 F.3d 1113, 1131-32 (11th Cir. 2004).

11. Anderson's claims arise from the same February 4-6, 2019 events, in the same store, involving the same defendants and the same conduct. FAC paragraphs 43-56. Doe targeted Anderson directly once she joined Bisasor. FAC paragraphs 50-51. FedEx has been on notice of the transaction from the beginning. FedEx identifies no prejudice, and none exists. The Amended Complaint was filed as of right under Rule 15(a)(1)(B) within 21 days of Defendants' motion to dismiss, and amendment as of right may add parties. FAC paragraph 74; 6 Wright & Miller, Federal Practice & Procedure section 1476; Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

12. Independent of relation back, Anderson has her own contractual footing. She signed the FedEx account agreements. FAC paragraph 4. She patronized the Store and suffered the same discriminatory service, retaliation, and racial abuse on February 6, 2019. FAC paragraphs 50-55. Her contract, covenant, unjust-enrichment, and 93A claims rest on her own signature and service relationship, not on any derivative theory. She was also the direct target of Doe's on-scene retaliation, assault, battery, and defamation. Whether her claims relate back or not, she was directly injured by the same actors in the same transaction.

## VI. THE INDIVIDUAL COUNTS ARE ADEQUATELY PLED.
### A. Contract, Covenant, Estoppel, and Unjust Enrichment.

13. The FAC pleads offer, acceptance, consideration, and bargained-for exchange. FAC paragraphs 78-82. Published policies held out to customers and used as inducements can form contract terms. Jackson v. Action for Boston Cmty. Dev., 403 Mass. 8, 13-14 (1988); O'Brien v. New England Tel. & Tel., 422 Mass. 686, 691-92 (1996). The Purple Promise, Code of Conduct, non-retaliation policy, and equal-opportunity policy were disseminated to customers as inducements to open FedEx accounts. FAC paragraph 66. Haglund v. Estee Lauder and Shaulis v. Nordstrom involved advertising language, not written enrollment relationships supported by consideration. Doyle v. Hasbro applied Rule 9(b) to fraud, not Rule 8 to contract. The implied covenant follows the contract and bars conduct that destroys the other party's ability

to receive the fruits of the bargain; the FAC pleads that conduct in detail. Anthony's Pier Four, 411 Mass. at 471-72; FAC paragraphs 89-92. Promissory estoppel and unjust enrichment are pled in the alternative under Rule 8(d)(2). Loranger Constr. Corp. v. E.F. Hauserman, 376 Mass. 757, 761 (1978); Salamon, 394 Mass. at 859; Reed v. Zipcar, 883 F. Supp. 2d 329, 334 (D. Mass. 2012).

### B. Assault and Battery.

14. Assault requires an intentional act placing the plaintiff in reasonable apprehension of imminent harmful or offensive contact. Commonwealth v. Gordon, 407 Mass. 340, 349 (1990); Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 141-42 (2006); Restatement (Second) of Torts sections 21, 24, 31. The FAC pleads more than words: Doe ran a vacuum toward Plaintiffs' feet and legs causing them to recoil (paragraph 49(b)); aggressively intruded into Plaintiffs' workspace and moved their belongings while they were holding them (paragraph 49(c)); locked Bisasor out of the Store during loading (paragraph 55); and hurled loud, angry racial slurs while advancing on Bisasor (paragraphs 53-54). That is a course of intentional conduct calculated to place Plaintiffs in reasonable apprehension of imminent contact. The words-alone cases do not apply because the FAC pleads words plus concrete physical acts. Godette v. Stanley, 490 F. Supp. 2d 72, 78-79 (D. Mass. 2007).

15. Battery under Massachusetts law reaches any intentional, unpermitted, offensive contact with the plaintiff's person, including objects closely identified with the person. Commonwealth v. Burke, 390 Mass. 480, 482 (1983); Restatement (Second) of Torts section 18 comment c. Contact with belongings held in Plaintiffs' hands, a vacuum swung at their feet, and a door locked with Bisasor at its threshold, are contacts closely identified with the person. Whether the pleaded contacts satisfy the offensive-contact test is a jury question. Waters v. Blackshear, 412 Mass. 589, 590-91 (1992).

### C. Defamation.

16. Defamation requires a false statement of fact concerning the plaintiff, published to a third party, capable of a defamatory meaning, and causing damages. Ravnikar v. Bogojavlensky, 438 Mass. 627, 629-32 (2003); Yohe v. Nugent, 321 F.3d 35, 40 (1st Cir. 2003). Doe loudly and publicly accused Bisasor of being a loitering, malingering homeless person in front of at least one other patron. FAC paragraphs 46, 108-111. Those are purported statements of fact about Bisasor's status as a legitimate customer, verifiable and factually false because Bisasor was a paying account holder working on a legitimate project. FAC paragraph 109. Whether such statements are opinion or fact is a mixed question ordinarily unsuitable for dismissal. Piccone v. Bartels, 785 F.3d 766, 771-72 (1st Cir. 2015). Kaiser v. Kirchick and Travers v. Shane involved statements the courts found to be non-actionable opinion in context; neither controls a customer-facing accusation of homelessness and loitering directed at an account holder in a business establishment.

### D. IIED, Negligence, MERA, and Public Accommodation.

17. The IIED count pleads the four Agis elements tied to specific facts: racially motivated singling out, freezing the store, two hours of hostile vacuuming toward Plaintiffs, aggressive physical intrusion, hurled racial slurs, lockout, and refusal to investigate or discipline. FAC paragraphs 101-106; Agis v. Howard Johnson, 371 Mass. 140, 144-45 (1976); Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 596 (2001). The negligence count pleads duty, negligent hiring/training/supervision/retention, causation, and damages, with notice from prior complaints. FAC paragraphs 68-73, 125-128; Foster v. The Loft, 26 Mass. App. Ct. 289, 291-92 (1988); Coughlin v. Titus & Bean Graphics, 54 Mass. App. Ct. 633, 639-40 (2002). MERA pleads race, similarly situated white comparator, and denial of equal service and retaliation. FAC paragraphs 93-100; M.G.L. c. 93 sections 102-103. The Public Accommodation count pleads race discrimination in a public accommodation. FAC paragraphs 129-133; M.G.L. c. 272 sections 92A, 98. The three-year period under c. 260 section 5B is tolled for the reasons in Section IV.

### E. 93A Merits and Vicarious Liability.

18. The 93A count pleads unfair and deceptive practices in trade or commerce: publishing anti-discrimination policies with no intention to enforce them, inducing customers to open accounts and spend on services in reliance on those promises, tolerating and concealing racial discrimination, refusing to investigate customer complaints, and refusing to identify the offending employee after a state-court order. FAC paragraphs 119-124; PMP Assocs. v. Globe Newspaper, 366 Mass. 593, 596 (1975); Kattar v. Demoulas, 433 Mass. 1, 13-14 (2000). Whether that conduct crosses the c. 93A line is a fact question. Purity Supreme v. Attorney General, 380 Mass. 762, 776-77 (1980). FedEx Office is vicariously liable for Doe's acts within the scope

of his employment as the sole employee on duty. FAC paragraphs 45, 99, 112, 117; Dias v. Brigham Med. Assocs., 438 Mass. 317, 319-20 (2002).

## VII. LIMITED DISCOVERY REQUIRED TO IDENTIFY DEFENDANT ERIC DOE

19. Plaintiffs need limited discovery to identify Defendant Eric Doe. The Court previously denied Plaintiffs' original motion (ECF 20) by Order dated March 9, 2026 (ECF 22), directing Plaintiffs to seek discovery through the normal course of litigation. Material circumstances have changed since that denial. Defendants have now staked their opposition to Plaintiffs' Motion to Remand (ECF 37) on the claim that Eric Doe is a "sham defendant", an argument that renders Eric Doe's true identity, citizenship, and role directly and immediately relevant to the threshold jurisdictional question pending before this Court. Plaintiff respectfully submits that these changed circumstances justify renewed consideration and, this time, grant of the narrowly tailored discovery requested.

### A. Prior Proceedings Regarding Eric Doe

20. Eric Doe is identified in the Complaint as a Massachusetts citizen and employee at the FedEx Office location at 187 Dartmouth Street, Boston, Massachusetts, who was present and acted in a managerial capacity during the events giving rise to this action in February 2019. His identity is known to Defendants but has never been disclosed to Plaintiffs.

21. On August 28, 2025, the Suffolk County Superior Court ordered that Plaintiffs must determine Eric Doe's identity through the discovery process. After the case was removed to this Court, Plaintiffs filed a motion for expedited discovery (ECF 20). On March 9, 2026, the Court denied that motion (ECF 22) and stated: "If the plaintiff identifies Eric Doe's identity during the course of normal discovery, he may move for leave to *file an amended complaint under Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1*."

### B. Changed Circumstances Since the March 9, 2026 Order

22. Since the Court's March 9 order, 3 significant developments have altered the posture of this case in ways that make identification of Eric Doe directly relevant to these proceedings:
   a. **Defendants Filed Opposition to Remand Branding Doe a "Sham Defendant."** On or about March 2026, Defendants filed their Opposition to the Motion to Remand (ECF 37), in which they argue that Eric Doe is a "sham defendant" whose joinder was fraudulent, that all claims against him are time-barred, and that his citizenship should therefore be disregarded for diversity purposes. This argument places Eric Doe's identity, citizenship, and role at the center of the threshold jurisdictional determination.
   b. **Defendants Filed the Doiron Declaration Raising New Factual Questions.** In support of their opposition, Defendants submitted the Declaration of Michael Doiron (ECF 38), in which Doiron states that he was not present at the 187 Dartmouth Street FedEx store during February 2019. That declaration, if credited, raises the immediate question of who was the manager on duty at that location during the relevant period and what role Eric Doe played. The answers are directly relevant to both the merits, and the jurisdictional arguments Defendants have placed before the Court.
   c. **Pending Motions to Dismiss Threaten to Terminate the Case Before Normal Discovery**. Two motions to dismiss are pending (ECF 31, 34). The Court's March 9 order contemplated that Plaintiffs would obtain Doe's identity "*during the course of normal discovery*." But if the motions to dismiss are granted before discovery opens, Plaintiffs will never have an opportunity to identify Eric Doe through any proceedings in this Court. The "*normal discovery*" contemplated by the March 9 order is not presently available to Plaintiffs. This sets up an impossible "no-win" situation for the plaintiffs, where they will not be able to have a fair chance at prosecuting their case.

### C. Changed Circumstances Justify Reconsideration of the March 9, 2026 Order

23. The superior court issued an order regarding the identity of Doe, authorizing discovery so that service can be properly made on Doe. The defendants removed the case to federal court before plaintiffs could effectuate the discovery authorized by the superior court. After the case was removed, plaintiff brought to the court's attention the need for discovery of Doe's identity as ordered by the superior court. For reasons that are unclear, this court denied the motion (without prejudice), while indicating that discovery can be done at a later time. This order evidently did not take into account the need to serve Defendant Eric Doe, nor the potential jurisdictional issues that may/would arise.

24. A court may revisit a prior interlocutory order when there has been an intervening change in controlling law or relevant facts, or where the prior ruling would result in clear error or manifest injustice given new

circumstances. Here, the filing of Defendants' opposition to remand (ECF 37) and the accompanying Doiron Declaration (ECF 38) represent material factual and legal developments that did not exist at the time of the Court's March 9 order. Defendants have now made Eric Doe a central figure in their jurisdictional arguments. Plaintiffs could not have anticipated this shift, and the Court's denial was premised on a procedural posture that has since materially changed.

25. All the plaintiffs ask, in effect, is that this court enforce the discovery order previously issued by the superior court. The superior court order was correct/sound, and there seems no good reason to not enforce it.

### D. Defendants' Own Arguments Make Doe's Identity Directly Relevant to Remand

26. Defendants have placed Eric Doe's identity squarely at issue by asserting that he is a "sham defendant." To evaluate that claim, the Court must determine who Eric Doe is, what his actual role was at the 187 Dartmouth Street location in February 2019, and where he is domiciled. Plaintiffs cannot respond to Defendants' fraudulent joinder argument (or assist the Court in resolving the Motion to Remand) without first knowing Doe's real name. Defendants are in possession of that information and have withheld it while simultaneously deploying Doe's anonymity as a litigation sword. Permitting this tactic would allow Defendants to argue that Doe's citizenship should be disregarded without giving Plaintiffs any opportunity to contest that characterization based on Doe's actual identity and citizenship.  Note: Plaintiffs further cannot respond to Defendants' motions to dismiss without knowing Doe's identity including personal jurisdiction arguments. Defendants are in possession of that information and have withheld it while advancing jurisdictional arguments designed to dismiss the case without revealing Doe's identity.

### E. Defendants Know Doe's Identity and Are Withholding it for Tactical Advantage

27. FedEx Office and FedEx Corporation were Doe's employer at the time of the relevant events. They maintain employment records for their workforce and unquestionably know the identity of the individual who acted in a managerial capacity at their 187 Dartmouth Street location in February 2019. Defendants have never claimed otherwise. They have simply refused to disclose that information. This is not a situation where Doe's identity is unavailable, it is a situation where it is being deliberately withheld by parties who simultaneously invoke Doe's role in jurisdictional arguments. The Court should not permit this asymmetry to persist while Plaintiffs' motion to remand and Defendants' motions to dismiss are all pending.

### F. Normal Discovery is Not Presently Available to Plaintiffs

28. The Court's March 9 order directed Plaintiffs to identify Eric Doe "during the course of normal discovery." But normal discovery in a federal civil case is not yet available to Plaintiffs. No scheduling order has entered, no Rule 26(f) conference has been held, and two motions to dismiss are pending (ECF 31, 34). If those motions are granted, the case will be dismissed before discovery opens, and Eric Doe's identity will never be learned. The Court's prior order does not foreclose limited pre-discovery identification of a defendant, especially when the very avenue the order contemplated has been rendered unavailable by subsequent procedural developments. Without this discovery, plaintiffs will be hamstrung/hand-tied in the prosecution of their case.

### G. The Requested Discovery is Narrowly Tailored and Not Burdensome

29. Plaintiffs request Eric Doe's full legal name and his last known home/mailing address. This is the minimum information necessary to identify, serve, and establish the citizenship of Doe. The burden on Defendants is minimal, which merely involves looking up employment records and providing a name and address. Note: All indications are that the defendants already know Doe's identity and are simply withholding it, to see if they can get away with hiding his identity, in hopes of a one-sided quick and easy windfall, which is manifestly unfair.

30. The benefit to the Court and to the fair resolution of the pending jurisdictional dispute is substantial. Courts regularly permit expedited or pre-discovery disclosure of identifying information in analogous circumstances. See, e.g., Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (courts may permit limited discovery to identify Doe defendants where the identity of the defendant is not known prior to filing).

### VIII. CONCLUSION

31. It should be noted that Plaintiffs' motion to remand and Plaintiffs' request for a hearing on that motion remain pending. The motions to dismiss should not be resolved without first resolving the remand issue. Plaintiffs also previously signaled their intention to file a motion for leave to file a reply to the opposition to remand (which counsel has assented to). Plaintiffs also have not yet obtained the name of Eric Doe. The

court cannot determined the remand issue without determining the identity and citizenship of Eric Doe. Plaintiffs also have previously asked Defendants to provide informal discovery on personal jurisdiction issues and they agreed. Plaintiffs also have indicated their intent to file a motion to amend the complaint. If leave to amend is granted, the pending Motions to Dismiss will be mooted. With these issues unresolved, the case is not ripe for resolution of any motion to dismiss.

32. Plaintiffs request a hearing on the motions to dismiss.

33. The motion should be denied in full. In the alternative, Plaintiffs request leave to amend under Rule 15(a)(2) and limited discovery focused on the identity of Eric Doe. Plaintiffs also request a hearing.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson

/s/ Andre Bisasor
Andre Bisasor

Dated: 7-29-26

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Court's CM/ECF system, which will send electronic notification to all registered participants.

/s/ Natalie Anderson
Natalie Anderson