UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
Case No. 1:26-cv-10842-JEK | Bisasor v. FedEx, et al.

## PLAINTIFFS' OPPOSITION TO FEDEX CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (ECF NO. 34)

### I. INTRODUCTION

1. Plaintiffs oppose FedEx Corporation's motion to dismiss (ECF 34, 35). FedEx Corp asks the Court to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and, in the alternative, on the Rule 12(b)(6) grounds argued by FedEx Office (ECF 31, 32). Personal jurisdiction lies. FedEx Corp has consented to Massachusetts jurisdiction through registration and appointment of a Massachusetts resident agent under Mallory v. Norfolk Southern Railway, 600 U.S. 122 (2023). Specific jurisdiction also lies under M.G.L. c. 223A section 3 and due process because FedEx Corp promulgates and enforces the Purple Promise, Code of Conduct, non-retaliation policy, and equal-opportunity policy directed at Massachusetts customers and applied at more than fifty FedEx Office stores in the Commonwealth. FAC paragraphs 16-23, 62-67. The Amended Complaint further pleads facts supporting alter-ego and agency imputation of FedEx Office's contacts. At minimum, jurisdictional discovery is warranted before dismissal. On the 12(b)(6) grounds, Plaintiffs incorporate their concurrently filed opposition to ECF 31 in full.

### II. STANDARD

2. On Rule 12(b)(2), Plaintiffs need only make a prima facie showing of personal jurisdiction. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009); Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). The Court accepts Plaintiffs' properly supported allegations as true and construes them in the light most favorable to Plaintiffs. Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006). Where jurisdictional facts are contested, a pro se plaintiff who makes a colorable showing is entitled to jurisdictional discovery before dismissal. Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 681 (1st Cir. 1992); United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626-27 (1st Cir. 2001). On Rule 12(b)(6) the standard from Iqbal and Ocasio-Hernandez controls, with pro se pleadings liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. GENERAL JURISDICTION EXISTS UNDER MALLORY BECAUSE FEDEX CORP CONSENTED BY REGISTERING TO DO BUSINESS IN MASSACHUSETTS.

3. The Supreme Court in Mallory v. Norfolk Southern Railway held that a state may condition the privilege of doing business on consent to jurisdiction, and that a corporation that complies with such a statute is subject to the state's general jurisdiction. 600 U.S. at 138-40. FedEx Corp is registered to do business in Massachusetts and has appointed CT Corporation as its resident agent for service. FAC paragraph 16. Registration under M.G.L. c. 156D and appointment of a resident agent under M.G.L. c. 181 section 15 are the acts by which a foreign corporation submits to Massachusetts jurisdiction on the consent theory the Supreme Court endorsed in Mallory.

4. The Waits Declaration (ECF 34-1) does not defeat consent-based jurisdiction. It recites that FedEx Corp has no direct Massachusetts operations since 2013 and does not directly serve Massachusetts customers. That is a statement about contacts-based general jurisdiction under Daimler AG v. Bauman, 571 U.S. 117 (2014). Daimler addressed the constitutional ceiling on contact-based general jurisdiction alone. It did not foreclose the separate consent theory recognized in Mallory. 600 U.S. at 138-40. Hertz Corp. v. Friend, 559 U.S. 77 (2010), addresses the diversity 'principal place of business' inquiry, not personal jurisdiction, and is inapposite. FedEx Corp cannot obtain the benefits of doing business in Massachusetts through registration and then disclaim the corresponding jurisdictional consent.

### IV. SPECIFIC JURISDICTION EXISTS UNDER THE MASSACHUSETTS LONG-ARM STATUTE AND DUE PROCESS.

5. The Massachusetts long-arm statute, M.G.L. c. 223A section 3(a), reaches a person who transacts any business in the Commonwealth; section 3(d) reaches a person who causes tortious injury in the Commonwealth by an act or omission outside the Commonwealth if the person regularly does or solicits business in the Commonwealth. Both apply. FedEx Corp promulgates the Purple Promise, Code of Conduct, non-retaliation policy, and equal-opportunity policy that the FedEx enterprise directs at Massachusetts customers, including Plaintiffs. FAC paragraphs 62-67. Those policies are marketed to Massachusetts customers as inducements to open accounts and patronize FedEx stores. FAC paragraph 66. The FAC alleges more than fifty FedEx Office stores in Massachusetts, all governed by FedEx Corp's policies. FAC paragraph 22.

6. The First Circuit's three-part specific-jurisdiction test is satisfied. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 359-62 (2021); Baskin-Robbins, 825 F.3d at 35-36; Bluetarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 79-80 (1st Cir. 2013). First, relatedness: Plaintiffs' claims arise out of and relate to FedEx Corp's Massachusetts-directed policies, marketing, and corporate control of subsidiary operations. Second, purposeful availment: FedEx Corp availed itself of Massachusetts by registering, by appointing a Massachusetts resident agent, and by directing brand promises to Massachusetts customers. Third, reasonableness: the events, Plaintiffs, and evidence are in Massachusetts; the Commonwealth has strong interests in enforcing its consumer-protection, equal-rights, and public-accommodation laws; and litigating here is not oppressive to a corporation the size of FedEx.

## V. ALTER-EGO AND AGENCY IMPUTE FEDEX OFFICE'S MASSACHUSETTS CONTACTS TO FEDEX CORPORATION.

7. The FAC pleads that FedEx Corp controls its subsidiaries through the Purple Promise, Code of Conduct, non-retaliation policy, equal-opportunity policy, training, branding, and reporting structures. FAC paragraphs 16-23, 62-67. Where a parent so pervasively controls a subsidiary that the subsidiary is used to conduct the parent's business, alter-ego or agency contacts may be imputed for jurisdictional purposes. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 619 (1968); United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1090-92 (1st Cir. 1992); Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980). The FAC pleads facts; ECF 34-1 contests them. That factual dispute cannot be resolved on the pleadings and, at minimum, warrants jurisdictional discovery.

## VI. IF ANY DOUBT REMAINS, LIMITED JURISDICTIONAL DISCOVERY IS WARRANTED BEFORE DISMISSAL.

8. The First Circuit has long held that a pro se plaintiff who makes a colorable showing of jurisdictional facts is entitled to limited discovery before dismissal for lack of personal jurisdiction. Swiss Am. Bank, 274 F.3d at 626-27; Boit, 967 F.2d at 681. Plaintiffs have made that showing. Focused discovery would address FedEx Corp's ownership and control of FedEx Office; promulgation and enforcement of the Purple Promise, Code of Conduct, non-retaliation policy, and equal-opportunity policy across Massachusetts stores; corporate reporting lines for customer discrimination complaints; the parent's direction of stores' concealment of Eric Doe's identity from Plaintiffs' 2019 requests through counsel's 2-27-26 refusal after the Suffolk Superior Court's 8-28-25 discovery order (FAC paragraphs 59-61); and the extent of Mallory-triggering registrations and business activity in the Commonwealth. Those are narrow topics resolvable in weeks.

## VII. PLAINTIFFS INCORPORATE THEIR OPPOSITION TO ECF 31 ON THE 12(b)(6) GROUNDS.

9. FedEx Corp adopts FedEx Office's Rule 12(b)(6) arguments. ECF 35 at 4-6. Plaintiffs oppose those grounds in full for the reasons stated in their concurrently filed Opposition to ECF 31, which is incorporated here by reference. In brief: the six-year contract limitations period of M.G.L. c. 260 section 2 governs Counts I, II, III, and XII and was satisfied by the original 5-19-23 Suffolk Superior Court complaint; the four-year 93A period (c. 260 section 5A) is tolled by the discovery rule, fraudulent concealment under M.G.L. c. 260 section 12, and continuing-violation doctrines given FedEx's ongoing concealment of Doe's identity through 2-27-26 in defiance of the state-court order (FAC paragraphs 59-61); the three-year tort period (c. 260 section 2A) is tolled on the same doctrines; Anderson's addition relates back under Rule 15(c)(1)(B) as a co-plaintiff whose claims arise from the same transaction, and she has independent contractual footing as a signatory on the FedEx accounts (FAC paragraph 4); Krupski v. Costa Crociere, 560 U.S. 538 (2010), governs only substitution of a defendant on the basis of a mistake in identity and does not apply here; each substantive count is plausibly pled under Iqbal and pro se liberal-construction principles. Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-73 (1991); Taygeta Corp. v. Varian Assocs., 436 Mass. 217, 229 (2002); Salvas v. Wal-Mart Stores, 452 Mass. 337, 375-76 (2008); Ravnikar v. Bogojavlensky, 438 Mass. 627, 629-32 (2003); Commonwealth v. Burke, 390 Mass. 480, 482 (1983); Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## VIII. VICARIOUS LIABILITY OVER FEDEX CORP IS ADEQUATELY PLED.

10. Once alter-ego, agency, or scope-of-employment liability is established through discovery, FedEx Corp is liable for Doe's conduct within the scope of his employment on the same principles that apply to FedEx Office. Dias v. Brigham Med. Assocs., 438 Mass. 317, 319-20 (2002); Kansallis Fin., Ltd. v. Fern, 421 Mass. 659, 665 (1996); Wang Labs. v. Business Incentives, 398 Mass. 854, 859 (1986). The FAC pleads that FedEx Corp

exercises operational control through corporate policies and reporting lines. FAC paragraphs 16-23. Whether that control satisfies the substantive standards is a fact question, not a pleading question.

## IX. CONCLUSION

11. The motion should be denied in full. If the Court is not prepared to find personal jurisdiction on the current record, Plaintiffs request limited jurisdictional discovery under Boit and Swiss American Bank before any dismissal for lack of personal jurisdiction, and leave to amend under Rule 15(a)(2) as to any 12(b)(6) deficiency identified. Plaintiffs also request a hearing. Plaintiffs also incorporate herein arguments and points from the accompanying opposition to the Fedex Print and Office Services motion to dismiss.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson

/s/ Andre Bisasor
Andre Bisasor

Dated: 7-29-26

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Court's CM/ECF system, which will send electronic notification to all registered participants.

/s/ Natalie Anderson
Natalie Anderson